**UNITED STATES DISTRICT  COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

Paul Johnson
3316 New Hampshire Avenue, N.W.
Washington, D.C. 20010
202-986-4163

        Plaintiff

v.                           Civil Action No. _____

District of Columbia
Mayor Adrian M. Fenty
Serve:  Tabitha Braxton
Office of the Secretary
1350 Pennsylvania Avenue, NW - Room 419
Washington, DC 20004
Telephone 202-727-6306

Serve: Office of the Attorney General
441 4th Street, NW - Suite 600 South
Washington, DC 20001
Telephone 202-727-3400

Board of Trustees,
University of The District of Columbia
Serve: David Watts
4200 Connecticut Avenue, NW
Washington, DC 20008
Telephone: 202-274-5604

## COMPLAINT

1.      The court has jurisdiction over this lawsuit under 28 U.S.C.A. §§ 1343(a), and because

the action arises under 42 U.S.C. § 2000e, 42 U.S.C. 12101 et. seq. ,  29 U.S.C. § 621 et.

seq.  29 U.S.C. §§ 791 and 794 and  DC ST § 2-1403.16.

2.      Plaintiff has exhausted administrative remedies. On or about July 11, 2005 Plaintiff filed

a charge of discrimination against defendant with the U.S. Equal Employment

Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue

letter which was issued on March 14, 2007, which is within 90 days of filing this

complaint.

3.      Plaintiff is a male accountant in the Finance Office of the University of the District of

Columbia.

4.      Plaintiff has been working for the University of the District of Columbia for more than 17

years.

5.      Plaintiff is blind in one eye, and has insulin dependent diabetes.

6.      Plaintiff is the oldest accountant working in the Finance Office of the University of the

District of Columbia.

7.      Plaintiff's section reports to the Controller, LaShahn Gaines,  who is female.

8.      Plaintiff has consistently received "exceeds expectation" evaluations for his work at the

Finance Office of the University of the District of Columbia.

9.      Even though Plaintiff has been working as an accountant at the Finance Office of the

University of the District of Columbia longer than any other accountant, he is the lowest

paid accountant in the office.

10.     In December of 2000 Plaintiff was asked to move from his position in the  Cost

Accounting area to his then newly created position as a Senior Accountant in the General

Accounting area by the former Comptroller, Mr. Cannon.

11.     Prior to transferring out of his prior position Plaintiff was earning $44,000.

12.     As an incentive to move into the new position Plaintiff was promised a salary increase to $58,000

13.     Plaintiff has never received the full  promised pay increase.

14.     The position Plaintiff vacated was immediately filled by a younger female, who was paid $66,000. Although the new employee received a significantly higher salary, there was no change in the duties and responsibilities associated with the position.

15.     On August 2, 2001 Plaintiff brought his concerns about his promised pay increase to earl Keith Dukes, Supervisor in the General Accounting Office. Mr. Dukes directed Plaintiff to Mr. Earl Cabbell, who assured Plaintiff that he would be compensated at a rate commensurate with his experience and in line with his peers.  To date Plaintiff has not been brought up to that promised level of pay.

16.     On June 26, 2002, during a department-wide staff meeting close out assignments were given to all of the other accountants in the department.  Plaintiff's area of responsibility was assigned to a consultant. When Plaintiff asked what his assignment would be he was told he was out of order.

17.     On July 8, 2002 Plaintiff sent a memo titled  "Official Complaint of Unfair Employment Practices and Hostile Work Environment" to Keith Dukes, Supervisor of General Accounting.

18.     Plaintiff's duties were reduced, and some of the duties he retained are being done redundantly by a newly hired consultant who is making substantially more than Plaintiff.

19.     Key software has been removed from Plaintiff's computer so that his ability to complete

3

departmental tasks is limited. When Plaintiff complained he was told to stay late and to use someone else's computer.

20.    Plaintiff's computer developed a hardware problem and needed to be replaced. All of the other computers in the Department were replaced, even though they were not broken, before Plaintiff's was replaced.

21.    On October 2, 2002 Plaintiff's then attorney Mose Lewis III wrote a letter to Earl Cabbell, Vice President of Finance and Administration at the University of the District of Columbia advising Mr. Cabbell of the unfair pay practices. Mr. Cabbell never replied to that letter.

22.    On October 1, 2003, nearly three years after Plaintiff's transfer, Ms. Gaines signed a form 52 giving Plaintiff a Step Increase from ADM-510 7/1 to ADM-510 7/02 reactive to 9/1/00. The authorized salary increase was from $45,667 to $47,429.  On information and belief this is substantially lower than is paid to Plaintiff's female counterparts.

23.    On that same day another personal action Form 52 was signed authorizing a step increase from ADM-510 7/02 to 7/06 and a salary of $54,477. This was an across the board salary increase to everyone in the Department.

24.    On May 21, 2004 Plaintiff was informed by Ms. Gaines that on May 10, 2004 a desk audit was to be performed. On May 24, 2004 Plaintiff received forms that were to be completed prior to the desk audit. He completed and returned those forms before the June 1, 2004 deadline.

25.    On September 9, 2004, based on feedback he had received from the desk audit,  Plaintiff wrote to Keith Dukes stating "It has been suggested that I am being ignored and

4

discriminated against because of my age (63) and because of my gender and sexual

orientation (heterosexual male) all of which, I am told, are protected classes under Title

VII and the EEOC laws of the District of Columbia.... Moreover, I have been told that I

am protected under the Americans with Disabilities Act, ...”

26.     Plaintiff has still not been fully  paid for the time he has worked in his current position

and with his increased duties.

27.     Ms. Gaines has failed to take the steps necessary to ensure that Plaintiff is granted the pay

increase he was promised, and to ensure that Plaintiff is given equal pay for work

requiring equal skills and equal responsibilities.

28.     On information and belief Ms. Gaines has made negative comments to Plaintiff's co-

workers alleging among other things that Plaintiff sleeps at his desk and that he works

slowly.

29.     Ms. Gaines had degraded Plaintiff. She has excluded Plaintiff from close out

assignments, has given awards and acknowledgments to other members of Plaintiff's

team but excluded Plaintiff, and on information and belief has asked colleagues to

document Plaintiff's alleged lack of timeliness, productivity, and whether or not he sleeps

at his desk.

## COUNT I - DISCRIMINATION IN PAY UNDER TITLE VII

30.     Plaintiff incorporates paragraphs 1-29 as if restated verbatim herein.

31.     Plaintiff brings this action under 42 U.S.C. § 2000e-2.

32.     Plaintiff is an employee within the meaning of Title VII and belongs to a class protected

under the Act, namely male. (42 U.S.C. § 2000e-2(a)(1).

5

33.     Defendant is an employer within the meaning of Title VII (42 U.S.C. § 2000e(b).

34.     Plaintiff is an accountant employed by the University of the District of Columbia.

35.     The skills and efforts required to perform the duties of Plaintiff's position, and the responsibilities of his position, are equal to those required by similarly placed female employees who are receiving significantly higher pay.

36.     Defendant intentionally discriminated against plaintiff because of his sex in violation of Title VII by paying Plaintiff less than similarly placed females performing work requiring the same level of skills, responsibilities and efforts.

37.     Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered loss of pay and (2) Plaintiff suffered emotional distress and mental anguish. .

38.     Defendant's violation is willful and deliberate. This violation has not been corrected, even though Plaintiff brought it to his supervisor's attention.

39.     Defendant's violation is a continuing violation.

40.     Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5.

41.     For these reasons, Plaintiff asks for judgment against Defendant for (1)  back pay, (2) lost retirement benefits, (3)  liquidated damages of two times back pay, (4) $300,000 in pain and suffering, (5) an award of  attorney fees and costs, (6) punitive/liquidated damages and (7) all other relief the court deems appropriate.

**COUNT II - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

42.     Plaintiff incorporates paragraphs 1-41 as if restated verbatim herein.

6

43.    Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA) because he is blind in one eye and he has insulin dependent diabetes.(42 U.S.C. § 12102) He is otherwise qualified to perform the essential functions of his job as an accountant.

44.    Plaintiff is an employee within the meaning of the ADA. (42 U.S.C. § 12111(4))

45.    Defendants are aware of Plaintiff's disability.

46.    Defendant's have violated the ADA by intentionally discriminating against plaintiff because of his disability. Defendant's discriminatory acts include paying him less than similarly situated employees who are not disabled, and degrading and humiliating him in front of his peers.(42 U.S.C. § 12112)

47.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

48.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 12205.

49.    Defendant's actions are intentional and willful.

50.    Defendant's violations are continuing.

51.    For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, (4) $300,000 in pain and suffering, (5) an award of attorney fees and costs, (6) punitive or liquidated damages  and (7) other relief the court deems appropriate

**COUNT III - DISCRIMINATION UNDER THE AGE DISCRIMINATION IN**

7

**EMPLOYMENT ACT**

52.    Plaintiff incorporates paragraphs 1-51 as if restated verbatim herein.

53.    Plaintiff is 66 years old, and is the oldest accountant working in the Finance Office of the University of the District of Columbia.

54.    Defendant is an Employer within the meaning of 29 U.S.C. § 630(b).

55.    The skills and efforts required to perform the duties of Plaintiff's position, and the responsibilities of his position, are equal to those required by similarly placed younger employees who are receiving significantly higher pay.

56.    That Plaintiff is fully qualified for his position is shown by his performance evaluations.

57.    Plaintiff is being paid less than those similarly qualified and younger employees holding positions requiring similar skills, responsibilities and efforts.

58.    Defendant's action is a violation of 29 U.S.C. § 623.

59.    Defendant's violation is willful and deliberate. This violation has not been corrected, even though Plaintiff brought it to his supervisor's attention.

60.    Defendant's violation is a continuing violation.

61.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

62.    For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, $300,000 in pain and suffering, (4) an award of attorney fees and costs, (5) punitive or liquidated damages,

8

and (6) other relief the court deems appropriate. 29 U.S.C. § 626(b).

**COUNT IV - DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT**

63.    Plaintiff incorporates paragraphs 1-62 as if restated verbatim herein.

64.    This action is brought pursuant to the Rehabilitation Act of 1973 as amended, 29 U.S.C.

§§ 791 and 794, and 28 U.S.C. §§ 1343(a)

65.    Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff

filed a charge of discrimination against defendant with the U.S. Equal Employment

Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue

letter which was issued on March 14, 2007, which is within 90 days of filing this

complaint.

66.    Plaintiff works as an accountant for the University of the District of Columbia, which

under information and belief is partially funded by federal grants.

67.    Plaintiff is disabled in that he has insulin dependent diabetes and he is blind in one eye.

His disabilities limit several major life activities including, but not limited to eating.

68.    On information and belief Defendants were aware of Plaintiff's disabilities.

69.    Plaintiff is still able to perform all essential functions of his accounting position at the

University of the District of Columbia.

70.    That Plaintiff is fully qualified for his position is shown by his performance evaluations.

71.    Plaintiff is being paid less than those similarly qualified and non-disabled employees

holding positions requiring similar skills, responsibilities and efforts.

72.    Defendant's violation is willful and deliberate. This violation has not been corrected,

even though Plaintiff brought it to his supervisor's attention.

9

73.    Defendant's violation is a continuing violation.

74.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

75.    Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C) $300,000 in pain and suffering, (D) Attorney's fees and costs,(E) punitive/liquidated damages and (f) any other relief this Court deems appropriate.


**COUNT V   DISCRIMINATION IN VIOLATION   DC HUMAN RIGHTS ACT**

76.    Plaintiff incorporates paragraphs 1-75 as if restated verbatim herein.

77.    This action is brought pursuant to the D. C. Human Rights Statute, DC ST § 2-1403.16.

78.    Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff filed a charge of discrimination against defendant with the D. C. Office of Human Rights and U.S. Equal Employment Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue letter which was issued on March 14, 2007, which is within 90 days of filing this complaint.

79.    Plaintiff works as an accountant for the University of the District of Columbia, which under information and belief is partially funded by federal grants.

80.    Plaintiff has been discriminated against as alleged above because of his age, disability and sex.

10

81.     That Plaintiff is fully qualified for his position is shown by his performance evaluations.

82.     Plaintiff is being paid less than those similarly qualified and non-disabled younger and female employees holding positions requiring similar skills, responsibilities and efforts.

83.     Defendant's violation is willful and deliberate. This violation has not been corrected, even though Plaintiff brought it to his supervisor's attention.

84.     Defendant's violation is a continuing violation.

85.     Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

86.     Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C)  $300,000 in pain and suffering, (D) Attorney's fees and costs,(E)  punitive damages  and (f) any other relief this Court deems appropriate.

Respectfully submitted:


_____
Paul Johnson
Plaintiff


By:_____
Rebecca N. Strandberg
D.C. Bar No. 368528
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405A

11

Silver Spring, MD 20910
Tel. 240-247-0675
Fax 301-565-9339
firm@strandberglaw.net

By:_____
Bernard M. Raiche
D.C. Bar No. 460070
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405
Silver Spring, MD 20910
Tel. 240-247-0675
Fax 301-565-9339
firm@strandberglaw.net

REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial for all matters related to this complaint.

_____
Paul Johnson
Plaintiff

By:_____
Rebecca N. Strandberg
D.C. Bar No. 368528
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405A
Silver Spring, MD 20910
Tel. 240-247-0675
Fax 301-565-9339
firm@strandberglaw.net

By:_____
Bernard M. Raiche
D.C. Bar No. 460070
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405
Silver Spring, MD 20910
Tel. 240-247-0675
Fax 301-565-9339
firm@strandberglaw.net

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Paul Johnson<br>3316 New Hampshire Avenue, NW<br>Washington, DC 20010<br>202-988-4163 | District of Columbia, Mayor Adrian M. Fenty, Serve: Tabitha Braxton, Office of the Secretary, 1350 Pennsylvania Avenue, NW, Room 419, Washington, DC 20004. Tel: 202-727-6306. Board of Trustees, University of the District of Columbia, Serve: David Watts, 4200 Connecticut Avenue, NW, Washington, DC 20008. Tel: 202-274-5804. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | 11001 | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Rebecca N. Strandberg<br>DC Bar No. 368528<br>Bernard M. Raiche<br>DC Bar No. 460070<br>Rebecca N. Strandberg & Associates, P.A><br>8607 Second Avenue, Suite 405A<br>Silver Spring, Maryland 20910<br>240-247-6705 | Office of the Attorney General<br>441 4th Street, NW - Suite 600 South<br>Washington, DC 20001<br>202-727-3400 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)**     **OR**     **○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. 2000e, 42 U.S.C. 12101 et. seq., 29 U.S.C. 621 et. seq., 29 U.S.C. 791 and 794 and DC ST2-1403.16 Discrimination in Pay

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ [_____]   Check YES only if demanded in compla

JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE   June 11, 2007   SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.