UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil No. 1:07-CV-01033 JDB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS DISTRICT OF COLUMBIA, MAYOR ADRIAN M. FENTY,
AND BOARD OF TRUSTEES, UNIVERSITY OF THE DISTRICT
OF COLUMBIA'S MOTION TO DISMISS**

Defendants District of Columbia, Mayor Adrian M. Fenty, and the Board of Trustees, University of the District of Columbia, by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12 (b) (6), hereby move to dismiss plaintiff's complaint herein. A Memorandum of Points and Authorities ("Memorandum")is attached hereto and incorporated herein. A proposed Order is also enclosed.

As stated more fully in the accompanying Memorandum, plaintiff fails to state a claim upon which relief may be granted. Plaintiff has not established that he is disabled under the Americans with Disabilities Act and Rehabilitation Act, and does not set forth a *prima facie* case of disability discrimination. But even if plaintiff is disabled under these Acts and could establish viable claims, he has failed to exhaust administrative remedies as required under Title VII, and cannot establish a continuing violation.

In addition, plaintiffs' claims against Mayor Fenty are precluded by vicarious liability doctrine.

The undersigned counsel was unable to obtain consent to the relief requested in this Motion from plaintiffs.

WHEREFORE, defendants pray that judgment be entered in their favor and the subject complaint is dismissed.

Date:  July 30, 2007                                  Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON, #435163
Chief, General Litigation Sec. I

/s/Michelle Davy
MICHELLE DAVY, #454524
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608; (202) 727-3625 (fax)
E-Mail: michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 30th day of July, 2007, that a copy of the foregoing defendants District of Columbia, Mayor Adrian M. Fenty, and Board of Trustees, University of the District of Columbia's Motion to Dismiss was delivered by first class mail postage prepaid or ECF, to:

Rebecca N. Strandberg
8607 Second Avenue, Suite 405A
Silver Spring, MD  20910

/s/Michelle Davy
Michelle Davy

Assistant Attorney General

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL JOHNSON,                )<br>                              )<br>            Plaintiff,              )<br>                              )   Civil No. 1:07-CV-01033 JDB<br>       v.                     )<br>                              )<br>DISTRICT OF COLUMBIA, et al., )<br>                              )<br>            Defendants.           )<br>                              ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DISTRICT OF COLUMBIA, MAYOR ADRIAN M. FENTY, AND BOARD OF TRUSTEES, UNIVERSITY OF THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

This Court should dismiss plaintiff's Complaint against defendants District of Columbia, Mayor Adrian M. Fenty, and the Board of Trustees, University of the District of Columbia, for the following reasons:

1. The complaint fails to state a claim upon which relief may be granted. Plaintiff has not established that he is disabled under the Americans with Disabilities Act and Rehabilitation Act, and does not set forth a *prima facie* case of disability discrimination. But even if plaintiff is disabled under these Acts and could establish viable claims, he has failed to exhaust administrative remedies as required under Title VII, and cannot establish a continuing violation.

2. Mayor Fenty is not vicariously liable.

As a result, judgment should be entered in favor of defendants and the complaint dismissed.

**I. FACTUAL BACKGROUND**

Plaintiff contends that in December 2000 he was asked to move from his then position as an accountant, to another accountant position for which he would receive a pay raise from

$44,000.00 to $58,000.00 per annum.  Complaint at ¶¶ 10-12.  Plaintiff changed positions as requested but the pay raise did not occur.  Complaint at ¶ 13.  In August 2001, plaintiff wrote an internal letter of complaint.  Complaint at ¶ 15.  In June 2002, plaintiff's areas of responsibility were given to a co-worker.  Complaint at ¶ 16.  In July 2002, plaintiff wrote an internal letter of complaint.  Complaint at ¶ 17.  Over time, his duties were reduced.  Complaint at ¶ 18.  In October 2002, plaintiff wrote another internal letter of complaint.  Complaint at ¶ 21.  In October 2003, plaintiff's pay was substantially increased but still not to the amount originally promised, or equal to the level of compensation plaintiff believed his female, younger and non-disabled counterparts received.  Complaint at ¶¶ 22-23.  In July 2005, plaintiff finally filed a charge of discrimination with the U.S. EEOC.  Complaint at ¶ 2.

On or about March 14, 2007, the EEOC issued plaintiff a right to sue letter.  *Id*.  On or about June 11, 2007, plaintiff brought the above-captioned matter against the defendants which contains 4 counts seeking:  damages for pain and suffering in the amount of $300,000 per count (total $1.2 million), the full salary plaintiff believes he is entitled to, back pay, lost retirement benefits, punitive or liquidated damages, and attorneys' fees and costs.

## II.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate where claims are not stated adequately, or are not supported by a showing of a set of facts consistent with the allegations in the complaint.

*Bell Atlantic v. Twombly,* 127 S.Ct. 1955 (2007), is illuminating on what the U.S. Supreme Court has recently said plaintiffs must plead in order to state a claim:

2

Factual allegations must be enough to raise a right to relief above the speculative level…. "[t]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legal cognizable right of action (citations omitted)…." *Id*. at 1964.

Rule 8(a) "contemplates the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it (citations omitted)." *Id*. at 1965, n. 3.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court (citations omitted).'" *Id*. at 1966.

"[I]n practice, a complaint…must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory (citations omitted)." *Id*. at 1969.

"[O]nce a claim has been stated adequately, it may be support by showing any set of facts consistent with the allegations in the complaint (citations omitted)." *Id*.

Under Fed. R. Civ. P. 12(b)(6), all allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Atkins v. Industrial Telecommunications Assn.*, 660 A.2d 885, 887 (1995). Assuming all of the allegations in the instant complaint are true, the Court should dismiss in favor of Defendants.

### III.  ARGUMENT

#### A.  Plaintiffs Fail to State a Claim

##### 1. Plaintiff Has Failed to Exhaust Administrative Remedies as Required Under Title VII, and Cannot Establish a Continuing Violation.

**a. Plaintiff Does Not Establish Disability under the ADA and Rehabilitation Act.**

3

The complaint states that Plaintiff is blind in one eye and diabetic. Complaint at ¶ 5. These facts are poignant. However, the complaint fails to establish that Plaintiff is disabled under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.[1] The Act protects only those "qualified individuals with a disability" who, with or without reasonable accommodation, can perform the essential functions of the positions they hold. 42 U.S.C. § 12111(8); *Weigert v. Georgetown Univ., 120 F. Supp. 2d 1, 6* (D.D.C. 2000).

In relevant part, the ADA defines disability as "a physical or mental impairment that substantially limits one or more of [a person's] major life activities." 42 U.S.C. § 12102(2)(A), (C); *Weigert, supra*. According to the Equal Employment Opportunity Commission, "substantially limits" means: Unable to perform a major life activity that the average person in the general population can perform; or significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity. 29 C.F.R. § 1630.2(j)(l)(i)-(ii) (2002); *Smith v. District of Columbia*, 271 F. Supp. 2d 165 (D.D.C. 2003). 29 C.F.R. § 1630.2(j)(2)(i)-(iii) (2002) instructs that the following be taken into consideration when assessing whether an impairment substantially limits a major life activity: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact, or the expected permanent or long-term impact of or resulting from the impairment. *Id*.

The complaint does not specify ways in which plaintiff's major life activities are limited. It merely states that plaintiff is blind in one eye and diabetic, and these conditions have the

---

[1] The ADA and Rehabilitation Act identically define the term "disability." *Duncan v. Harvey*, 479 F. Supp. 2d 125 (D.D.C. 2007). The standards for determining a violation of the Rehabilitation Act of 1973, 29 U.S.C.S. § 701 et seq.,

4

Case 1:07-cv-01033-JDB   Document 3   Filed 07/31/2007   Page 8 of 14

singular effect of limiting plaintiff's "eating" (complaint at ¶ 67).   This is insufficient. Plaintiff's diabetes must be shown to substantially limit his major life activities.

Plaintiff's being blind in one eye and diabetic are not *per se* disabilities under the ADA. Considering whether a person is disabled is an individualized inquiry. A mere diagnosis of a disease does not mean a person is disabled.  *Smith, supra*.  In *Smith*, although plaintiff had diabetes, the court noted

> "the Supreme Court has held that considering whether a person is disabled is an individualized inquiry, and a mere diagnosis of a disease does not mean a person is disabled.  *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 483-84, 144 L.Ed. 2d 450, 119 S.Ct. 2139 (1998)  If this were the case, almost all diabetics would be considered disabled because if they did not test their blood and administer insulin, their condition would affect their major life activities. Id. Therefore, in order to be termed a disability, Smith's diabetes must be shown to have substantially limited her major life activities."

To establish a *prima facie* case of disability discrimination, Plaintiff Johnson must meet this burden and fails to do so.

### b. Plaintiff Failed to Exhaust Administrative Remedies.

Plaintiff does not establish a disability claim, and may not be able to establish *prima facie* cases of gender and age discrimination.  Even if plaintiff could establish such claims, however, they would be barred because he has failed to exhaust administrative remedies as required.

It is axiomatic that plaintiff must exhaust his administrative remedies before filing suit under Title VII.  *AMTRAK v. Morgan*, 536 U.S. 101, 153 L. Ed. 2d 106, 122 S. Ct. 2061 (2002) ("[w]e conclude that a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period -- 180 or 300 days -- set forth in 42 U.S.C. § 2000e-5(e)(1).")

---

are the same as those applied under the Americans with Disabilities Act. 29 U.S.C.S. § 794(d). *LaCorte v. O'Neill*, 139 F. Supp. 2d 45 (D.D.C. 2001).

5

With regard to the December 2000 alleged adverse action, the complaint reveals that plaintiff contacted management in some fashion (complaint at ¶15), but he did not file a charge of discrimination and, thus, did not exhaust his administrative remedies. This contact did not invoke plaintiff's administrative remedies as necessary. *Thrash v. Library of Cong.*, 2006 U.S. Dist. LEXIS 9988 (D.D.C. 2006). As a result, any claims related to plaintiff's December 2000 position change are time barred. They may not be revived using the continuing violation theory (see discussion at c. below).

Concerning the June 2002 alleged adverse action, the complaint likewise states that plaintiff wrote subsequent letters to management (complaint at ¶¶ 17 and 21)—one by his then attorney—but, as before, did not file a charge of discrimination again failing to exhaust his administrative remedies. As a result, any claims related to plaintiff's June 2002 position change are time barred. They cannot be resurrected using continuing violation doctrine (see discussion at c. below).

Other than making assorted contacts with his management, from December 2000 when he changed positions, to until June 2002 when he suffered the alleged adverse action of reduction of duties, plaintiff took no action. Until July 2005 when plaintiff finally filed the instant EEO complaint, plaintiff did nothing to exhaust his administrative remedies, allowing more than 2 years to lapse between the stated December 2000 position change and the asserted June 2002 reduction of duties, and 3 years to lapse between the alleged June 2002 reduction of duties and the eventual filing of the EEO complaint in July 2005. Accordingly, plaintiff never availed himself of the administrative process regarding the December 2000 employment action, and did not begin to avail himself of his administrative remedies on the June 2002 employment action until July 2005. This failure to timely act was fatal. Plaintiff's claims are barred.

### c. There is No Continuing Violation in this Case.

Plaintiff similarly took no action on the earlier change in his position that occurred in December 2000. There is no causal connection between that event and the June 2002 action since those incidents occurred two years apart and according to the complaint there were no adverse employment actions or acts of retaliation in between. [2]

The continuing violation theory does not apply. The doctrine historically applied in instances where a claimant filed an administrative charge, thereby exhausting remedies on the subject employment action, and after the filing subsequent incidents took place that might be adverse employment actions or retaliation. Under the continuing violation doctrine, claimant would not then have to exhaust administrative remedies by filing another charge for each successive incident, and those events would be joined in the original administrative complaint as "sufficiently related." *Keeley v. Small,* 391 F. Supp. 2d 30, 40 (D.D.C. 2005)(citing *Morgan, supra*, 536 U.S. at 105, 122 S. Ct. 2061) ('continuing violation' theory would permit plaintiffs to recover for discrete acts of discrimination and retaliation that were not exhausted but were 'sufficiently related' to exhausted claims).

In *Morgan,* the U.S. Supreme Court largely rejected the continuing violation theory, holding that claimants must exhaust administrative remedies for each subsequent event complained of that occurs after they originally filed a charge and exhausted remedies. *Keeley, supra*.

---

[2] *Murfree-Fleming v. Billington*, 2007 U.S. Dist. LEXIS 51273 (D.D.C. 2007) states that an adverse action requires "a significant change in employment status, such as hiring, firing, failing to promote, *reassignment with significantly different responsibilities*, or a decision causing significant change in benefits." *Brown*, 199 F.3d at 456 (emphasis added). Absent a reduction in pay or benefits, *only* those actions creating "materially adverse consequences affecting the terms, conditions, or privileges of her employment opportunities" amount to adverse actions. *Id.* at 457. "Purely subjective injuries, such as dissatisfaction with a reassignment . . . are not adverse actions." *Forkkio v. Powell*, 353 U.S. App. D.C. 301, 306 F.3d 1127, 1130-31 (D.C. Cir. 2002)]

7

*Morgan* establishes that the only exception to this rule is where a claimant alleges a hostile environment claim. "A charge alleging a hostile work environment claim … will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Id*. at 536 U.S. at 128.

The complaint does not set forth facts that would establish a hostile environment theory. "[A] cognizable hostile work environment is one permeated "with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Barbour v. Browner*, 337 U.S. App. D.C. 50, 181 F.3d 1342, 1347-48 (D.C. Cir. 1999).

The complaint indicates that plaintiff believes he suffered an adverse employment action in June 2002, which is causally linked to a change in his position that previously occurred in December 2000, and there was a pattern of other discrete incidents and treatment along the way after the 2000 event and before the June 2002 action, and thereafter before he filed his charge in 2005 that plaintiff found offensive (s*ee e.g*. ¶¶ 19-20). However, the face of the complaint reveals that the events do not constitute adverse employment actions, and do not rise to the level of a hostile environment. *Morgan, supra*. Plaintiff does not attempt to allege that defendants created a hostile environment.

Instead, Plaintiff seeks to have events that occurred in 2000 and thereafter, <u>but before</u> he filed his EEO complaint in 2005, joined to create an alleged "continuing violation." While he states that the claims raised in the 4 counts of his complaint are "continuing," he does not aver acts against him that occurred after he filed his July 2005 EEO complaint acts that he seeks to add to his administrative complaint. When the continuing violation theory was in wide use, it would have applied only to claims arising after remedies are exhausted and an administrative

8

complaint or charge was filed, and would not have been used as a means to "grandfather in" claims occurring prior to the filing of the administrative claim that had never been acted upon.

Plaintiff never exhausted his administrative remedies and there is no hostile environment claim or continuing violation. Given the holdings in *Morgan* and since, since there is no hostile environment claim the continuing violation theory does not apply. Plaintiff's claims of discrimination may not be established. He cannot show the required *prima facie* elements and his claims are time barred.

### B. Mayor Fenty is Not Vicariously Liable.

Plaintiffs' complaint should be dismissed as to Mayor Fenty because be cannot be held vicariously liable under Title VII. *See e.g.*, *Russ v. Van Scoyoc Assocs.*, 59 F. Supp. 2d 20, 24 (D.D.C. 1999) (Title VII specifically prohibits acts of discrimination by an "employer," and makes a clear distinction between "persons" and "employers." 42 U.S.C. § 2000e-2(a)) [3]

WHEREFORE, for the reasons stated above, defendants request that judgment be entered in their favor and the subject complaint is dismissed.

Date:  July 30, 2007                              Respectfully submitted,

                                                  LINDA SINGER
                                                  Attorney General for the District of Columbia

---

[3] By analogy, under the doctrine of *respondeat superior* a supervisory official is not liable for the alleged torts of his subordinate employees, for which only the master (here, the District) is liable. *Robertson v. Sichel*, 127 U.S. 507 (1988). *See also Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

The United States Court of Appeals for the District of Columbia Circuit has set forth this maxim, stating:

> "... a superior officer is not subject to vicarious liability for the torts of his subordinates, whether at common law or under § 1983, because they are both servants of the same employer.... "

*Carter v. Carlson*, 447 F.2d 358, 370, n. 39 (D.C. Cir. 1971), *rev'd on other grounds, sub nom District of Columbia v. Carter*, 409 U.S. 418 (1973). The court explained that,

> "…of course, Carlson's master for this purpose is his employer, the District, and not the supervisory officers who are in fact his fellow employees."

*Id.*, citing *Robertson v. Sichel, supra.*

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/Kimberly Matthews Johnson
        KIMBERLY MATTHEWS JOHNSON, #435163
        Chief, General Litigation Sec. I

        /s/Michelle Davy
        MICHELLE DAVY, #454524
        Assistant Attorney General
        Sixth Floor South
        441 4th Street, N.W.
        Washington, D.C. 20001
        (202) 724-6608
        (202) 727-3625 (fax)
        E-Mail: michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 30th day of July, 2007, that a copy of the foregoing District of Columbia, Mayor Adrian M. Fenty, and Board of Trustees, University of the District of Columbia's Memorandum of Points and Authorities in Support of Motion to Dismiss was delivered by first class mail postage prepaid or ECF, to:

        Rebecca N. Strandberg
        8607 Second Avenue, Suite 405A
        Silver Spring, MD  20910


        /s/Michelle Davy
        Michelle Davy
        Assistant Attorney General

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAUL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 1:07-CV-01033 JDB |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Upon consideration of defendants District of Columbia, Mayor Adrian M. Fenty, and Board of Trustees, University of the District of Columbia's Motion to Dismiss, supporting Memorandum of Points and Authorities, and the entire record herein, it is by the Court this

_____ day of _____, 2007, hereby **ORDERED**

that the defendants District of Columbia, Mayor Adrian M. Fenty, and Board of Trustees, University of the District of Columbia's Motion to Dismiss be, and hereby is **GRANTED**; and it is hereby **ORDERED**

that the plaintiffs' Complaint be, and hereby is **DISMISSED**.

**SO ORDERED**.

_____
JUDGE

cc:
Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001

Rebecca N. Strandberg
8607 Second Avenue, Suite 405A
Silver Spring, MD 20910