<u>U:\Clients\H-k\Johnson, Paul\pleadings filed\Amended Complaint.wpd</u>
**UNITED STATES DISTRICT  COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| Paul Johnson, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. **1:07-CV-01033 (JDB)** |
| ) | |
| District of Columbia, et al., ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Paul Johnson, by and through the undersigned Counsel, pursuant to Fed. R. Civ. P. 15(a) hereby files this Amended Complaint and Request for Trial by Jury.  Plaintiff incorporates his original complaint by reference herein.  A comparison with the original complaint is attached as Exhibit A to this Amended Complaint.

1.	The court has jurisdiction over this lawsuit under 28 U.S.C.A. §§ 1343(a), and because the action arises under 42 U.S.C. § 2000e, 42 U.S.C. 12101 et. seq. ,  29 U.S.C. § 621 et. seq.  29 U.S.C. §§ 791 and 794 and  DC ST § 2-1403.16.

2.	Plaintiff has exhausted administrative remedies. On or about July 11, 2005 Plaintiff filed a charge of discrimination against defendant with the U.S. Equal Employment Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue letter which was issued on March 14, 2007, which is within 90 days of filing this complaint.

1

3.      Plaintiff is a male accountant in the Finance Office of the University of the District of

Columbia.

4.      Plaintiff has been working for the University of the District of Columbia for more than 17

years.

5.      Plaintiff is blind in one eye, and has insulin-dependent diabetes.  Plaintiff's condition

often causes him to fall asleep with little to no notice.  Plaintiff often falls asleep at his

desk and sometimes in meetings, because of his diabetes. Plaintiff is still able to do his

work and has received the top score on evaluations in 2005.  Plaintiff's ability to drive is

substantially limited by this fact as well.  Additionally, Plaintiff's vision is strained by his

diabetes, which is substantially limited by his only having vision in one eye.  This causes

him to work slowly sometimes.  Further, diabetes effects Plaintiff's metabolism, which is

a major life activity.

6.      Plaintiff is the oldest accountant working in the Finance Office of the University of the

District of Columbia.

7.      Plaintiff's section reports to the Controller, LaShahn Gaines,  who is female.

8.      Plaintiff has consistently received "exceeds expectation" evaluations for his work at the

Finance Office of the University of the District of Columbia.

9.      Even though Plaintiff has been working as an accountant at the Finance Office of the

University of the District of Columbia longer than any other accountant, he is the lowest

paid accountant in the office.

10.     In December of 2000 Plaintiff was asked to move from his position in the  Cost

Accounting area to his then newly created position as a Senior Accountant in the General

2

Accounting area by the former Comptroller, Mr. Cannon.

11.    Prior to transferring out of his prior position Plaintiff was earning $44,000.

12.    As an incentive to move into the new position Plaintiff was promised a salary increase to $58,000

13.    Plaintiff has never received the full promised pay increase.

14.    The position Plaintiff vacated was immediately filled by a younger female, who was paid $66,000. Although the new employee received a significantly higher salary, there was no change in the duties and responsibilities associated with the position which had the same job description.  Upon information and belief, the new female replacement had equal or less skills and abilities than Plaintiff.  Upon information and belief, she did not have a degree, while Plaintiff had an Associates degree in accounting.

15.    On August 2, 2001 Plaintiff brought his concerns about his promised pay increase to earl Keith Dukes, Supervisor in the General Accounting Office. Mr. Dukes directed Plaintiff to Mr. Earl Cabbell, who assured Plaintiff that he would be compensated at a rate commensurate with his experience and in line with his peers. Plaintiff relied to his detriment on Defendants' assurances that these pay inequities would be remedied.   To date Plaintiff has not been brought up to that promised level of pay.

16.    On June 26, 2002, during a department-wide staff meeting close out assignments were given to all of the other accountants in the department, except Plaintiff.  Plaintiff's area of responsibility was assigned to a consultant. When Plaintiff asked what his assignment would be he was told he was out of order.

17.    On July 8, 2002 Plaintiff sent a memo titled  "Official Complaint of Unfair Employment

3

Practices and Hostile Work Environment" to Keith Dukes, Supervisor of General Accounting.

18. Plaintiff's duties were reduced, and some of the duties he retained are being done redundantly by a newly hired consultant who is making substantially more than Plaintiff.

19. Key software has been removed from Plaintiff's computer so that his ability to complete departmental tasks is limited. When Plaintiff complained he was told to stay late and to use someone else's computer.

20. Plaintiff's computer developed a hardware problem and needed to be replaced. All of the other computers in the Department were replaced, even though they were not broken, before Plaintiff's was replaced.

21. On October 2, 2002 Plaintiff's then attorney Mose Lewis III wrote a letter to Earl Cabbell, Vice President of Finance and Administration at the University of the District of Columbia advising Mr. Cabbell of the unfair pay practices. Mr. Cabbell never replied to that letter.

22. On October 1, 2003, nearly three years after Plaintiff's transfer, Ms. Gaines signed a form 52 giving Plaintiff a Step Increase from ADM-510 7/1 to ADM-510 7/02 retroactive to 9/1/00. The authorized salary increase was from $45,667 to $47,429. On information and belief this is substantially lower than is paid to Plaintiff's female counterparts. As far as Plaintiff is aware, these increases were for everyone and did not remedy the pay inequities. Further, Defendants never told Plaintiff that this would remedy the pay inequities. Plaintiff continued to rely upon Defendants' assertions that this inequity would be remedied. Defendants are equitably estopped from any statute of limitations.

4

This step increase still did not bring Plaintiff to the $58,000 pay increase he was promised.

23.    On that same day another personal action Form 52 was signed authorizing a step increase from ADM-510 7/02 to 7/06 and a salary of $54,477. This was an across the board salary increase to everyone in the Department.  As far as Plaintiff is aware, these increases were for everyone and did not remedy the pay inequities.  Further, Defendants never told Plaintiff that this would remedy the pay inequities.  This step increase still did not bring Plaintiff to the $58,000 pay increase he was promised.

24.    On May 21, 2004 Plaintiff was informed by Ms. Gaines that on May 10, 2004 a desk audit was to be performed. On May 24, 2004 Plaintiff received forms that were to be completed prior to the desk audit. He completed and returned those forms before the June 1, 2004 deadline.

25.    On September 9, 2004, based on feedback he had received from the desk audit,  Plaintiff wrote to Keith Dukes stating "It has been suggested that I am being ignored and discriminated against because of my age (63) and because of my gender and sexual orientation (heterosexual male) all of which, I am told, are protected classes under Title VII and the EEOC laws of the District of Columbia.... Moreover, I have been told that I am protected under the Americans with Disabilities Act, ..."

26.    Plaintiff has still not been fully  paid for the time he has worked in his current position and with his increased duties.

27.    Ms. Gaines and the Defendants have failed to take the steps necessary to ensure that Plaintiff is granted the pay increase he was promised, and to ensure that Plaintiff is given

equal pay for work requiring equal skills and equal responsibilities.

28.    Ms. Gaines constantly ridiculed Plaintiff about sleeping at his desk and working slowly.

29.    On information and belief Ms. Gaines has made negative comments to Plaintiff's co-workers alleging among other things that Plaintiff sleeps at his desk and that he works slowly.

30.    Ms. Gaines had degraded Plaintiff. She has excluded Plaintiff from close out assignments, has given awards and acknowledgments to other members of Plaintiff's team but excluded Plaintiff, and on information and belief has asked colleagues to document Plaintiff's alleged lack of timeliness, productivity, and whether or not he sleeps at his desk.

31.    Ms. Gaines made Plaintiff work some nights which created more problems for Plaintiff's vision.  Often the motion sensor lights would go off forcing Plaintiff to get up from his desk to trigger them.

32.    At some point in 2005 prior to his filing an EEOC charge, when Plaintiff complained to Ms. Gaines about payment, she told him she could not do anything for him because he had a lawyer.

## COUNT I - DISCRIMINATION IN PAY UNDER TITLE VII

33.    Plaintiff incorporates paragraphs 1-32 as if restated verbatim herein.

34.    Plaintiff brings this action under 42 U.S.C. § 2000e-2.

35.    Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the Act, namely male. (42 U.S.C. § 2000e-2(a)(1).

36.    Defendant is an employer within the meaning of Title VII (42 U.S.C. § 2000e(b).

37.   Plaintiff is an accountant employed by the University of the District of Columbia.

38.   The skills and efforts required to perform the duties of Plaintiff's position, and the
      responsibilities of his position, are equal to those required by similarly placed  female
      employees who are receiving significantly higher pay.

39.   Defendant intentionally discriminated against plaintiff because of his sex in violation of
      Title VII by paying Plaintiff less than similarly placed females performing work requiring
      the same level of skills, responsibilities and efforts.

40.   Plaintiff suffered the following injuries as a direct and proximate result of defendant's
      conduct: (1) Plaintiff suffered loss of pay and (2) Plaintiff suffered emotional distress and
      mental anguish.

41.   Defendant's violation is willful and deliberate. This violation has not been corrected,
      even though Plaintiff brought it to his supervisor's attention.

42.   Defendant's violation is a continuing violation. Defendants are equitably estopped from
      raising any limitations issues.

43.   Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §
      2000e-5.

44.   For these reasons, Plaintiff asks for judgment against Defendant for (1)  back pay, (2) lost
      retirement benefits, (3)  liquidated damages of two times back pay, (4) $300,000 in pain
      and suffering, (5) an award of  attorney fees and costs, (6) punitive/liquidated damages
      and (7) all other relief the court deems appropriate.

**COUNT II - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

45.   Plaintiff incorporates paragraphs 1-44 as if restated verbatim herein.

7

46.    Plaintiff is blind in one eye, and has insulin-dependent diabetes.  Plaintiff's condition often causes him to fall asleep with little to no notice.  Plaintiff often falls asleep at his desk and sometimes in meetings, because of his diabetes. Plaintiff is still able to do his work and has received the top score on evaluations in 2005.  Plaintiff's ability to drive is substantially limited by this fact as well.  Additionally, Plaintiff's vision is strained by his diabetes, which is substantially limited by his only having vision in one eye.  This causes him to work slowly sometimes.  Further, diabetes effects Plaintiff's metabolism, which is a major life activity.

47.    Plaintiff is an employee within the meaning of the ADA. (42 U.S.C. § 12111(4))

48.    Defendants are aware of Plaintiff's disability.

49.    Defendant's have violated the ADA by intentionally discriminating against plaintiff because of his disability. Defendant's discriminatory acts include paying him less than similarly situated employees who are not disabled, and degrading and humiliating him in front of his peers.(42 U.S.C. § 12112)

50.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

51.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 12205.

52.    Defendant's actions are intentional and willful.

53.    Defendant's violations are continuing.   Defendants are equitably estopped from raising any limitations issues.

8

54.    For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff

the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, (4) $300,000 in

pain and suffering, (5) an award of attorney fees and costs, (6) punitive or liquidated

damages  and (7) other relief the court deems appropriate

## COUNT III - DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

55.    Plaintiff incorporates paragraphs 1-54 as if restated verbatim herein.

56.    Plaintiff is 66 years old, and is the oldest accountant working in the Finance Office of the

University of the District of Columbia.

57.    Defendant is an Employer within the meaning of 29 U.S.C. § 630(b).

58.    The skills and efforts required to perform the duties of Plaintiff's position, and the

responsibilities of his position, are equal to those required by similarly placed younger

employees who are receiving significantly higher pay.

59.    That Plaintiff is fully qualified for his position is shown by his performance evaluations.

60.    Prior to transferring out of his prior position Plaintiff was earning $44,000.

61.    As an incentive to move into the new position Plaintiff was promised a salary increase to

$58,000.

62.    Plaintiff has never received the full promised pay increase.

63.    The position Plaintiff vacated was immediately filled by a younger female, who was paid

$66,000. Although the new employee received a significantly higher salary, there was no

change in the duties and responsibilities associated with the position wioth the same job

description.  Upon information and belief, the new female replacement had equal or less

skills and abilities than Plaintiff.  Upon information and belief, she did not have a degree, while Plaintiff had an associates degree in accounting.

64.    Plaintiff is being paid less than those similarly qualified and younger employees holding positions requiring similar skills, responsibilities and efforts.

65.    Defendant's action is a violation of 29 U.S.C. § 623.

66.    Defendant's violation is willful and deliberate. This violation has not been corrected, even though Plaintiff brought it to his supervisor's attention.

67.    Defendant's violation is a continuing violation.   Defendants are equitably estopped from raising any limitations issues.

68.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

69.    For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, $300,000 in pain and suffering, (4) an award of attorney fees and costs, (5) punitive or liquidated damages, and (6) other relief the court deems appropriate. 29 U.S.C. § 626(b).

## COUNT IV - DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT

70.    Plaintiff incorporates paragraphs 1-69 as if restated verbatim herein.

71.    This action is brought pursuant to the Rehabilitation Act of 1973 as amended, 29 U.S.C. §§ 791 and 794, and 28 U.S.C. §§ 1343(a)

72.    Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff

filed a charge of discrimination against defendant with the U.S. Equal Employment

Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue

letter which was issued on March 14, 2007, which is within 90 days of filing this

complaint.

73.    Plaintiff works as an accountant for the University of the District of Columbia, which

under information and belief is partially funded by federal grants.

74.    Plaintiff is blind in one eye, and has insulin-dependent diabetes.  Plaintiff's condition

often causes him to fall asleep with little to no notice.  Plaintiff often falls asleep at his

desk and sometimes in meetings, because of his diabetes. Plaintiff is still able to do his

work and has received the top score on evaluations in 2005.  Plaintiff's ability to drive is

substantially limited by this fact as well.  Additionally, Plaintiff's vision is strained by his

diabetes, which is substantially limited by his only having vision in one eye.  This causes

him to work slowly sometimes.  Further, diabetes effects Plaintiff's metabolism, which is

a major life activity.

75.    On information and belief Defendants were aware of Plaintiff's disabilities.

76.    Plaintiff is still able to perform all essential functions of his accounting position at the

University of the District of Columbia.

77.    That Plaintiff is fully qualified for his position is shown by his performance evaluations.

78.    Plaintiff is being paid less than those similarly qualified and non-disabled employees

holding positions requiring similar skills, responsibilities and efforts.

79.    Defendant's violation is willful and deliberate. This violation has not been corrected,

even though Plaintiff brought it to his supervisor's attention.

80. Defendant's violation is a continuing violation. Defendants are equitably estopped from raising any limitations issues.

81. Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

82. Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C) $300,000 in pain and suffering, (D) Attorney's fees and costs,(E) punitive/liquidated damages and (f) any other relief this Court deems appropriate.

## COUNT V   DISCRIMINATION IN VIOLATION   DC HUMAN RIGHTS ACT

83. Plaintiff incorporates paragraphs 1-82 as if restated verbatim herein.

84. This action is brought pursuant to the D. C. Human Rights Statute, DC ST § 2-1403.16.

85. Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff filed a charge of discrimination against defendant with the D. C. Office of Human Rights and  U.S. Equal Employment Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue letter which was issued on March 14, 2007, which is within 90 days of filing this complaint.

86. Plaintiff works as an accountant for the University of the District of Columbia, which under information and belief is partially funded by federal grants.

87. Plaintiff has been discriminated against as alleged above because of his age, disability and sex.

88.    That Plaintiff is fully qualified for his position is shown by his performance evaluations.

89.    Plaintiff is being paid less than those similarly qualified and non-disabled younger and female employees holding positions requiring similar skills, responsibilities and efforts.

90.    Defendant's violation is willful and deliberate. This violation has not been corrected, even though Plaintiff brought it to his supervisor's attention.

91.    Defendant's violation is a continuing violation. Defendants are equitably estopped from raising any limitations issues.

92.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

93.    Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C) $300,000 in pain and suffering, (D) Attorney's fees and costs,(E) punitive damages and (f) any other relief this Court deems appropriate.

## COUNT VI - IN THE ALTERNATIVE - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT BASED ON PERCEIVED DISABILITY

94.    Plaintiff incorporates paragraphs 1-93 as if restated verbatim herein.

95.    Defendants regarded Plaintiff as disabled. Defendants knew Plaintiff was blind in one eye and was diabetic. Defendants knew Plaintiff would sometimes fall asleep at his desk.

96.    Defendants believed that Plaintiff's actual, non-limiting impairment substantially limited several major life activities. Defendants believed and demonstrated to Plaintiff that he

13

was significantly restricted in the ability to perform either a class of jobs.

97.     Plaintiff is an employee within the meaning of the ADA. (42 U.S.C. § 12111(4))

98.     Defendant's have violated the ADA by intentionally discriminating against plaintiff because of his perceived disability. Defendant's discriminatory acts include paying him less than similarly situated employees who they do not perceive as disabled, and degrading and humiliating him in front of his peers.(42 U.S.C. § 12112)

99.     Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

100.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 12205.

101.    Defendant's actions are intentional and willful.

102.    Defendant's violations are continuing.  Defendants are equitably estopped from raising any limitations issues.

103.    For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, (4) $300,000 in pain and suffering, (5) an award of attorney fees and costs, (6) punitive or liquidated damages  and (7) other relief the court deems appropriate

### COUNT VII - IN THE ALTERNATIVE - DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT BASED ON PERCEIVED DISABILITY

104.    Plaintiff incorporates paragraphs 1-103 as if restated verbatim herein.

105.    This action is brought pursuant to the Rehabilitation Act of 1973 as amended, 29 U.S.C.

14

§§ 791 and 794, and 28 U.S.C. §§ 1343(a)

106.    Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff

filed a charge of discrimination against defendant with the U.S. Equal Employment

Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue

letter which was issued on March 14, 2007, which is within 90 days of filing this

complaint.

107.    Plaintiff works as an accountant for the University of the District of Columbia, which

under information and belief is partially funded by federal grants.

108.    Defendants regarded Plaintiff as disabled.  Defendants knew Plaintiff was blind in one

eye and was diabetic.  Defendants knew Plaintiff would sometimes fall asleep at his desk.

109.    Defendants believed that Plaintiff's actual, non-limiting impairment substantially limited

several major life activities.  Defendants believed and demonstrated to Plaintiff that he

was significantly restricted in the ability to perform either a class of jobs

110.    Plaintiff is still able to perform all essential functions of his accounting position at the

University of the District of Columbia.

111.    That Plaintiff is fully qualified for his position is shown by his performance evaluations.

112.    Plaintiff is being paid less than those similarly qualified and employees, whom

Defendants do not regard as disabled, holding positions requiring similar skills,

responsibilities and efforts.

113.    Defendant's violation is willful and deliberate. This violation has not been corrected,

even though Plaintiff brought it to his supervisor's attention.

114.    Defendant's violation is a continuing violation.  Defendants are equitably estopped from

raising any limitations issues.

115.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's

conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and

mental anguish due to his concerns about losing his job and not being able to support his

family and in terms of not having the funds required to meet his family's needs.

116.    Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost

wages, (B) Lost retirement benefits, (C)  $300,000 in pain and suffering, (D) Attorney's

fees and costs,(E)  punitive/liquidated damages  and (f) any other relief this Court deems

appropriate.

## COUNT VIII - RETALIATION

117.    Plaintiff incorporates paragraphs 1-116 as if restated verbatim herein.

118.    Plaintiff engaged in protected activity by complaining about his pay rate, the way he was

being treated and obtaining a lawyer.

119.    Defendants took an adverse action against him that "might well" dissuade a reasonable

worker from making or supporting a charge of discrimination.  At some point in 2005,

prior to Mr. Johnson's filing an EEOC charge, Ms. Gaines told Plaintiff she would not

help him because he got a lawyer.  Ms. Gaines would not provide Plaintiff with close out

assignments, Plaintiff did not receive a bonuses when other similarly situated employees

received bonuses.

120.    On July 8, 2002 Plaintiff sent a memo titled  "Official Complaint of Unfair Employment

Practices and Hostile Work Environment" to Keith Dukes, Supervisor of General

Accounting.

121.    Plaintiff's duties were reduced, and some of the duties he retained are being done
redundantly by a newly hired consultant who is making substantially more than Plaintiff.

122.    A causal connection existed between Plaintiff's engaging in the protected activity and
Defendants' adverse employment activity.

123.    Defendants' violation is a continuing violation.  Defendants are equitably estopped from
raising any limitations issues.

124.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's
conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and
mental anguish due to his concerns about losing his job and not being able to support his
family and in terms of not having the funds required to meet his family's needs.

125.    Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost
wages, (B) Lost retirement benefits, (C)  $300,000 in pain and suffering, (D) Attorney's
fees and costs,(E)  punitive/liquidated damages  and (f) any other relief this Court deems
appropriate.


## COUNT IX HOSTILE WORK ENVIRONMENT BASED ON PERCEIVED OR ACTUAL DISABILITY

126.    Plaintiff incorporates paragraphs 1- 125 as if restated verbatim herein

127.    Plaintiff has a qualified disability.

128.    Plaintiff was subject to unwelcome harassment including but not limited to being
ridiculed for being slow and sleeping at his desk, not being given important assignments,
and being made to work nights

129.    Defendants harassed Plaintiff because of his disability.

130. The harassment affected a terms and conditions, conditions, or privilege of employment.

131. Defendants knew or should have known of the harassment, but took no action to prevent it.

132. Defendants' violation is a continuing violation. Defendants are equitably estopped from raising any limitations issues.

133. Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

134. Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C) $300,000 in pain and suffering, (D) Attorney's fees and costs,(E) punitive/liquidated damages and (f) any other relief this Court deems appropriate.

## COUNT X VIOLATION OF THE EQUAL PAY ACT

135. Plaintiff incorporates paragraphs 1- 134 as if restated verbatim herein.

136. Plaintiff brings this action pursuant to 29 U.S.C. § 206(b). Defendants are considered employers under 29 U.S.C. §203.

137. In December of 2000 Plaintiff was asked to move from his position in the Cost Accounting area to his then newly created position as a Senior Accountant in the General Accounting area by the former Comptroller, Mr. Cannon.

138. Defendant is an Employer within the meaning of 29 U.S.C. § 630(b)

139. Prior to transferring out of his prior position Plaintiff was earning $44,000.

18

140. As an incentive to move into the new position Plaintiff was promised a salary increase to $58,000.

141. Plaintiff has never received the full promised pay increase.

142. The position Plaintiff vacated was immediately filled by a younger female, who was paid $66,000. Although the new employee received a significantly higher salary, there was no change in the duties and responsibilities associated with the position wioth the same job description. Upon information and belief, the new female replacement had equal or less skills and abilities than Plaintiff. Upon information and belief, she did not have a degree, while Plaintiff had an associates degree in accounting.

143. On August 2, 2001 Plaintiff brought his concerns about his promised pay increase to earl Keith Dukes, Supervisor in the General Accounting Office. Mr. Dukes directed Plaintiff to Mr. Earl Cabbell, who assured Plaintiff that he would be compensated at a rate commensurate with his experience and in line with his peers. Plaintiff relied to his detriment on Defendants' assurances that these pay inequities would be remedied. To date Plaintiff has not been brought up to that promised level of pay.

144. Defendants' conduct was willful or in the alternative unwillfully discriminate against the Plaintiff on the basis of his sex by paying the Plaintiff a lesser rate of pay than that paid to a female cost accountant performing the same or substantially similar job duties, which require equal skill, effort, and responsibility and under the same working conditions in the same establishment.

145. Defendants pay disparity was based on sex and upon information and belief was not part of or occasioned by a seniority system, merit system based on quality or quantity of

19

production, or upon a factor other than sex.

146.    Defendants' violation is a continuing violation.  Defendants are equitably estopped from

raising any limitations issues.

147.    Plaintiff has suffered and continues to suffer irreparable harm with regard to the

following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff

suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to

his concerns about losing his job and not being able to support his family and in terms of

not having the funds required to meet his family's needs.

148.    Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost

wages, (B) Lost retirement benefits, (C)  $300,000 in pain and suffering, (D) Attorney's

fees and costs,(E)  punitive/liquidated damages  and (f) any other relief this Court deems

appropriate.


Respectfully submitted:


By:_____\S_____
Rebecca N. Strandberg
D.C. Bar No. 368528
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405A
Silver Spring, MD 20910
Tel. 240-247-0675
Fax 301-565-9339
firm@strandberglaw.net

### REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial for all matters related to this complaint.

By:_____\S_____
Rebecca N. Strandberg
D.C. Bar No. 368528
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405A
Silver Spring, MD 20910
Tel. 240-247-0675
firm@strandberglaw.net


## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY this 6th day of September, 2007, that a copy of the foregoing Plaintiff Paul Johnson's Amended Complaint and Request for Trial by Jury was delivered by first class mail postage prepaid or ECF, to:

Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
Counsel for Defendants

                         _____/S/_____
                         Rebecca N. Strandberg
                         Rebecca N. Strandberg & Associates, P.A.

**UNITED STATES DISTRICT  COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

_____
)
Paul Johnson,                                          )
)
　　　　　Plaintiff                              )
)
v.                                                             )          Civil Action No. **1:07-CV-01033 (JDB)**
)
District of Columbia, et al.,                      )
)
　　　　　Defendants.                        )
_____)

~~COMPLAINT 1.~~ **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

　　　　Plaintiff, Paul Johnson, by and through the undersigned Counsel, pursuant to Fed. R. Civ.

P. 15(a) hereby files this Amended Complaint and Request for Trial by Jury.  Plaintiff

incorporates his original complaint by reference herein.  A comparison with the original

complaint is attached as Exhibit A to this Amended Complaint.


1._____The court has jurisdiction over this lawsuit under 28 U.S.C.A. §§ 1343(a), and because

the action arises under 42 U.S.C. § 2000e, 42 U.S.C. 12101 et. seq. ,  29 U.S.C. § 621 et.

seq.  29 U.S.C. §§ 791 and 794 and  DC ST § 2-1403.16.


~~2.____~~

2._____Plaintiff has exhausted administrative remedies. On or about July 11, 2005 Plaintiff filed

a charge of discrimination against defendant with the U.S. Equal Employment

Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue

letter which was issued on March 14, 2007, which is within 90 days of filing this

complaint. ~~3.~~

3. _____ Plaintiff is a male accountant in the Finance Office of the University of the District of

Columbia.

~~4.~~

4. _____ Plaintiff has been working for the University of the District of Columbia for more than 17

years.

~~5.~~

5. _____ Plaintiff is blind in one eye, and has insulin--dependent diabetes.  Plaintiff's condition

often causes him to fall asleep with little to no notice.  Plaintiff often falls asleep at his

desk and sometimes in meetings, because of his diabetes. Plaintiff is still able to do his

work and has received the top score on evaluations in 2005.  Plaintiff's ability to drive is

substantially limited by this fact as well.  Additionally, Plaintiff's vision is strained by his

diabetes, which is substantially limited by his only having vision in one eye.  This causes

him to work slowly sometimes.  Further, diabetes effects Plaintiff's metabolism, which is

a major life activity.

6. _____ Plaintiff is the oldest accountant working in the Finance Office of the University of the

District of Columbia.

~~7.~~

7. _____ Plaintiff's section reports to the Controller, LaShahn Gaines,  who is female.

~~8.~~

8. _____ Plaintiff has consistently received "exceeds expectation" evaluations for his work at the

Finance Office of the University of the District of Columbia.

9.

9.    Even though Plaintiff has been working as an accountant at the Finance Office of the University of the District of Columbia longer than any other accountant, he is the lowest paid accountant in the office.

10.

10.    In December of 2000 Plaintiff was asked to move from his position in the Cost Accounting area to his then newly created position as a Senior Accountant in the General Accounting area by the former Comptroller, Mr. Cannon.

11.

11.    Prior to transferring out of his prior position Plaintiff was earning $44,000.

12.

12.    As an incentive to move into the new position Plaintiff was promised a salary increase to $58,000 13.

13.    Plaintiff has never received the full  promised pay increase.

14.

14.    The position Plaintiff vacated was immediately filled by a younger female, who was paid $66,000. Although the new employee received a significantly higher salary, there was no change in the duties and responsibilities associated with the position.

15 which had the same job description.  Upon information and belief, the new female replacement had equal or less skills and abilities than Plaintiff.  Upon information and belief, she did not have a degree, while Plaintiff had an Associates degree in accounting.

3

15.     On August 2, 2001 Plaintiff brought his concerns about his promised pay increase to earl Keith Dukes, Supervisor in the General Accounting Office. Mr. Dukes directed Plaintiff to Mr. Earl Cabbell, who assured Plaintiff that he would be compensated at a rate commensurate with his experience and in line with his peers. Plaintiff relied to his detriment on Defendants' assurances that these pay inequities would be remedied. To date Plaintiff has not been brought up to that promised level of pay.

16.

16.     On June 26, 2002, during a department-wide staff meeting close out assignments were given to all of the other accountants in the department, except Plaintiff. Plaintiff's area of responsibility was assigned to a consultant. When Plaintiff asked what his assignment would be he was told he was out of order. 17.

17.     On July 8, 2002 Plaintiff sent a memo titled "Official Complaint of Unfair Employment Practices and Hostile Work Environment" to Keith Dukes, Supervisor of General Accounting. 18.

18.     Plaintiff's duties were reduced, and some of the duties he retained are being done redundantly by a newly hired consultant who is making substantially more than Plaintiff. 19.

19.     Key software has been removed from Plaintiff's computer so that his ability to complete departmental tasks is limited. When Plaintiff complained he was told to stay late and to use someone else's computer. 20.

20.     Plaintiff's computer developed a hardware problem and needed to be replaced. All of the other computers in the Department were replaced, even though they were not broken,

4

before Plaintiff's was replaced. ~~21.~~

21.    On October 2, 2002 Plaintiff's then attorney Mose Lewis III wrote a letter to Earl

Cabbell, Vice President of Finance and Administration at the University of the District of

Columbia advising Mr. Cabbell of the unfair pay practices. Mr. Cabbell never replied to

that letter. ~~22.~~

22.    On October 1, 2003, nearly three years after Plaintiff's transfer, Ms. Gaines signed a form

52 giving Plaintiff a Step Increase from ADM-510 7/1 to ADM-510 7/02

~~reactive~~retroactive to 9/1/00. The authorized salary increase was from $45,667 to

$47,429.  On information and belief this is substantially lower than is paid to Plaintiff's

female counterparts.  As far as Plaintiff is aware, these increases were for everyone and

did not remedy the pay inequities.  Further, Defendants never told Plaintiff that this

would remedy the pay inequities.  Plaintiff continued to rely upon Defendants' assertions

that this inequity would be remedied.  Defendants are equitably estopped from any statute

of limitations.   This step increase still did not bring Plaintiff to the $58,000 pay increase

he was promised.

23.    On that same day another personal action Form 52 was signed authorizing a step increase

from ADM-510 7/02 to 7/06 and a salary of $54,477. This was an across the board salary

increase to everyone in the Department.  ~~24~~As far as Plaintiff is aware, these increases

were for everyone and did not remedy the pay inequities.  Further, Defendants never told

Plaintiff that this would remedy the pay inequities.  This step increase still did not bring

Plaintiff to the $58,000 pay increase he was promised.

24.    On May 21, 2004 Plaintiff was informed by Ms. Gaines that on May 10, 2004 a desk

audit was to be performed. On May 24, 2004 Plaintiff received forms that were to be completed prior to the desk audit. He completed and returned those forms before the June 1, 2004 deadline. 25.

25. On September 9, 2004, based on feedback he had received from the desk audit,  Plaintiff wrote to Keith Dukes stating "It has been suggested that I am being ignored and discriminated against because of my age (63) and because of my gender and sexual orientation (heterosexual male) all of which, I am told, are protected classes under Title VII and the EEOC laws of the District of Columbia.... Moreover, I have been told that I am protected under the Americans with Disabilities Act, ..." 26.

26. Plaintiff has still not been fully  paid for the time he has worked in his current position and with his increased duties. 27.

27. Ms. Gaines and the Defendants hasve failed to take the steps necessary to ensure that Plaintiff is granted the pay increase he was promised, and to ensure that Plaintiff is given equal pay for work requiring equal skills and equal responsibilities.

28

28. Ms. Gaines constantly ridiculed Plaintiff about sleeping at his desk and working slowly.

29. On information and belief Ms. Gaines has made negative comments to Plaintiff's co-workers alleging among other things that Plaintiff sleeps at his desk and that he works slowly. 29.

30. Ms. Gaines had degraded Plaintiff. She has excluded Plaintiff from close out assignments, has given awards and acknowledgments to other members of Plaintiff's

team but excluded Plaintiff, and on information and belief has asked colleagues to

document Plaintiff's alleged lack of timeliness, productivity, and whether or not he sleeps

at his desk.

31.    Ms. Gaines made Plaintiff work some nights which created more problems for Plaintiff's

vision.  Often the motion sensor lights would go off forcing Plaintiff to get up from his

desk to trigger them.

32.    At some point in 2005 prior to his filing an EEOC charge, when Plaintiff complained to

Ms. Gaines about payment, she told him she could not do anything for him because he

had a lawyer.

**COUNT I - DISCRIMINATION IN PAY UNDER TITLE VII**

30.  33.    Plaintiff incorporates paragraphs 1-29 1-32 as if restated verbatim herein.  31.

34.    Plaintiff brings this action under 42 U.S.C. § 2000e-2.

32.

35.    Plaintiff is an employee within the meaning of Title VII and belongs to a class protected

under the Act, namely male. (42 U.S.C. § 2000e-2(a)(1).  33.

36.    Defendant is an employer within the meaning of Title VII (42 U.S.C. § 2000e(b).

34.

37.    Plaintiff is an accountant employed by the University of the District of Columbia.  35.

38.    The skills and efforts required to perform the duties of Plaintiff's position, and the

responsibilities of his position, are equal to those required by similarly placed  female

employees who are receiving significantly higher pay.

36.

7

39.    Defendant intentionally discriminated against plaintiff because of his sex in violation of Title VII by paying Plaintiff less than similarly placed females performing work requiring the same level of skills, responsibilities and efforts.

~~37.~~ _____

40.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered loss of pay and (2) Plaintiff suffered emotional distress and mental anguish. ~~:~~

~~38.~~

41.    Defendant's violation is willful and deliberate. This violation has not been corrected, even though Plaintiff brought it to his supervisor's attention. ~~39.~~

42.    Defendant's violation is a continuing violation.

~~40~~ Defendants are equitably estopped from raising any limitations issues. ~~──────~~

43.    Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5.

~~41.~~

44.    For these reasons, Plaintiff asks for judgment against Defendant for (1) back pay, (2) lost retirement benefits, (3) liquidated damages of two times back pay, (4) $300,000 in pain and suffering, (5) an award of attorney fees and costs, (6) punitive/liquidated damages and (7) all other relief the court deems appropriate. ~~-~~

**COUNT II - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT** ~~42.~~

~~────~~

45.    Plaintiff incorporates paragraphs 1-41~~4~~ as if restated verbatim herein.

43.    Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA) because he

46.    Plaintiff is blind in one eye, and he has insulin -dependent diabetes.(42 U.S.C. § 12102)

He is otherwise qualified to perform the essential functions of his job as an accountant.

    44.    Plaintiff's condition often causes him to fall asleep with little to no notice.

Plaintiff often falls asleep at his desk and sometimes in meetings, because of his

diabetes. Plaintiff is still able to do his work and has received the top score on

evaluations in 2005.  Plaintiff's ability to drive is substantially limited by this fact

as well.  Additionally, Plaintiff's vision is strained by his diabetes, which is

substantially limited by his only having vision in one eye.  This causes him to

work slowly sometimes.  Further, diabetes effects Plaintiff's metabolism, which is

a major life activity.

47.    Plaintiff is an employee within the meaning of the ADA. (42 U.S.C. § 12111(4)) 45.

48.    Defendants are aware of Plaintiff's disability.

46.

49.    Defendant's have violated the ADA by intentionally discriminating against plaintiff

because of his disability. Defendant's discriminatory acts include paying him less than

similarly situated employees who are not disabled, and degrading and humiliating him in

front of his peers.(42 U.S.C. § 12112) 47.

50.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's

conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and

mental anguish due to his concerns about losing his job and not being able to support his

family and in terms of not having the funds required to meet his family's needs.  48.

9

51.＿＿＿Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 12205.

49.＿＿＿

52.＿＿＿Defendant's actions are intentional and willful.

50.＿＿＿

53.＿＿＿Defendant's violations are continuing.

51 ＿Defendants are equitably estopped from raising any limitations issues. ＿＿＿

54.＿＿＿For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff

the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, (4) $300,000 in

pain and suffering, (5) an award of attorney fees and costs, (6) punitive or liquidated

damages  and (7) other relief the court deems appropriate.

## COUNT III - DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

52.

55.＿＿＿Plaintiff incorporates paragraphs 1-514 as if restated verbatim herein.

53.＿＿＿

56.＿＿＿Plaintiff is 66 years old, and is the oldest accountant working in the Finance Office of the

University of the District of Columbia.

54.＿＿＿

57.＿＿＿Defendant is an Employer within the meaning of 29 U.S.C. § 630(b). 55.

58.＿＿＿The skills and efforts required to perform the duties of Plaintiff's position, and the

responsibilities of his position, are equal to those required by similarly placed younger

employees who are receiving significantly higher pay.

10

56.

59.    That Plaintiff is fully qualified for his position is shown by his performance evaluations.

57.

60.    Prior to transferring out of his prior position Plaintiff was earning $44,000.

61.    As an incentive to move into the new position Plaintiff was promised a salary increase to $58,000.

62.    Plaintiff has never received the full promised pay increase.

63.    The position Plaintiff vacated was immediately filled by a younger female, who was paid $66,000. Although the new employee received a significantly higher salary, there was no change in the duties and responsibilities associated with the position wioth the same job description.  Upon information and belief, the new female replacement had equal or less skills and abilities than Plaintiff.  Upon information and belief, she did not have a degree, while Plaintiff had an associates degree in accounting.

64.    Plaintiff is being paid less than those similarly qualified and younger employees holding positions requiring similar skills, responsibilities and efforts.

58.

65.    Defendant's action is a violation of 29 U.S.C. § 623. 59.

66.    Defendant's violation is willful and deliberate. This violation has not been corrected, even though Plaintiff brought it to his supervisor's attention. 60.

67.    Defendant's violation is a continuing violation.

61   Defendants are equitably estopped from raising any limitations issues.

68.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's

11

conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs. 62.

69.     For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, $300,000 in pain and suffering, (4) an award of attorney fees and costs, (5) punitive or liquidated damages, and (6) other relief the court deems appropriate. 29 U.S.C. § 626(b).

## COUNT IV - DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT

63. 70.     Plaintiff incorporates paragraphs 1-629 as if restated verbatim herein.

64.

71.     This action is brought pursuant to the Rehabilitation Act of 1973 as amended, 29 U.S.C. §§ 791 and 794, and 28 U.S.C. §§ 1343(a) 65. _____

72.     Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff filed a charge of discrimination against defendant with the U.S. Equal Employment Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue letter which was issued on March 14, 2007, which is within 90 days of filing this complaint. 66.

73.     Plaintiff works as an accountant for the University of the District of Columbia, which under information and belief is partially funded by federal grants.

67.

74.     Plaintiff is disabledblind in that heone eye, and has insulin-dependent diabetes. Plaintiff's condition often causes him to fall asleep with little to no notice. Plaintiff often

12

~~falls asleep at his desk~~ and ~~he is blind in one eye. His disabilities limit several~~sometimes in meetings, because of his diabetes. Plaintiff is still able to do his work and has received the top score on evaluations in 2005.  Plaintiff's ability to drive is substantially limited by this fact as well.  Additionally, Plaintiff's vision is strained by his diabetes, which is substantially limited by his only having vision in one eye.  This causes him to work slowly sometimes.  Further, diabetes effects Plaintiff's metabolism, which is a major life ~~activities including, but not limited to eating~~activity.  ~~68.~~

75.____ On information and belief Defendants were aware of Plaintiff's disabilities. ~~69.~~

76.____ Plaintiff is still able to perform all essential functions of his accounting position at the University of the District of Columbia. ~~70.~~

77.____ That Plaintiff is fully qualified for his position is shown by his performance evaluations. ~~71.~~

78.____ Plaintiff is being paid less than those similarly qualified and non-disabled employees holding positions requiring similar skills, responsibilities and efforts.

~~72.~~

79.____ Defendant's violation is willful and deliberate. This violation has not been corrected, even though Plaintiff brought it to his supervisor's attention. ~~73.~~

80.____ Defendant's violation is a continuing violation.

~~74~~  Defendants are equitably estopped from raising any limitations issues. -

81.____ Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his

13

family and in terms of not having the funds required to meet his family's needs. ~75.~

82.____ Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C) $300,000 in pain and suffering, (D) Attorney's fees and costs,(E) punitive/liquidated damages and (f) any other relief this Court deems appropriate. ~

~

**COUNT V   DISCRIMINATION IN VIOLATION   DC HUMAN RIGHTS ACT** ~76.~

~____~

83.____ Plaintiff incorporates paragraphs 1-~75~82 as if restated verbatim herein.

~77.____~

84.____ This action is brought pursuant to the D. C. Human Rights Statute, DC ST § 2-1403.16.

~78.____~

85.____ Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff filed a charge of discrimination against defendant with the D. C. Office of Human Rights and  U.S. Equal Employment Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue letter which was issued on March 14, 2007, which is within 90 days of filing this complaint. ~79.~

86.____ Plaintiff works as an accountant for the University of the District of Columbia, which under information and belief is partially funded by federal grants. _____~80.~

87.____ Plaintiff has been discriminated against as alleged above because of his age, disability and sex.

~81.____~

14

88.    That Plaintiff is fully qualified for his position is shown by his performance evaluations.

82.

89.    Plaintiff is being paid less than those similarly qualified and non-disabled younger and

female employees holding positions requiring similar skills, responsibilities and efforts.

83.

90.    Defendant's violation is willful and deliberate. This violation has not been corrected,

even though Plaintiff brought it to his supervisor's attention. 84.

91.    Defendant's violation is a continuing violation.

85  Defendants are equitably estopped from raising any limitations issues. -

92.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's

conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and

mental anguish due to his concerns about losing his job and not being able to support his

family and in terms of not having the funds required to meet his family's needs. 86.

93.    Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost

wages, (B) Lost retirement benefits, (C) $300,000 in pain and suffering, (D) Attorney's

fees and costs,(E)  punitive damages  and (f) any other relief this Court deems

appropriate.

## COUNT VI - IN THE ALTERNATIVE - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT BASED ON PERCEIVED DISABILITY

94.    Plaintiff incorporates paragraphs 1-93 as if restated verbatim herein.

95.    Defendants regarded Plaintiff as disabled.  Defendants knew Plaintiff was blind in one

eye and was diabetic.  Defendants knew Plaintiff would sometimes fall asleep at his desk.

15

96.     Defendants believed that Plaintiff's actual, non-limiting impairment substantially limited several major life activities.  Defendants believed and demonstrated to Plaintiff that he was significantly restricted in the ability to perform either a class of jobs.

97.     Plaintiff is an employee within the meaning of the ADA. (42 U.S.C. § 12111(4))

98.     Defendant's have violated the ADA by intentionally discriminating against plaintiff because of his perceived disability. Defendant's discriminatory acts include paying him less than similarly situated employees who they do not perceive as disabled, and degrading and humiliating him in front of his peers.(42 U.S.C. § 12112)

99.     Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

100.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 12205.

101.    Defendant's actions are intentional and willful.

102.    Defendant's violations are continuing.  Defendants are equitably estopped from raising any limitations issues.

103.    For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, (4) $300,000 in pain and suffering, (5) an award of attorney fees and costs, (6) punitive or liquidated damages  and (7) other relief the court deems appropriate

**COUNT VII - IN THE ALTERNATIVE - DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT BASED ON PERCEIVED DISABILITY**

16

104.    Plaintiff incorporates paragraphs 1-103 as if restated verbatim herein.

105.    This action is brought pursuant to the Rehabilitation Act of 1973 as amended, 29 U.S.C. §§ 791 and 794, and 28 U.S.C. §§ 1343(a)

106.    Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff filed a charge of discrimination against defendant with the U.S. Equal Employment Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue letter which was issued on March 14, 2007, which is within 90 days of filing this complaint.

107.    Plaintiff works as an accountant for the University of the District of Columbia, which under information and belief is partially funded by federal grants.

108.    Defendants regarded Plaintiff as disabled.  Defendants knew Plaintiff was blind in one eye and was diabetic.  Defendants knew Plaintiff would sometimes fall asleep at his desk.

109.    Defendants believed that Plaintiff's actual, non-limiting impairment substantially limited several major life activities.  Defendants believed and demonstrated to Plaintiff that he was significantly restricted in the ability to perform either a class of jobs

110.    Plaintiff is still able to perform all essential functions of his accounting position at the University of the District of Columbia.

111.    That Plaintiff is fully qualified for his position is shown by his performance evaluations.

112.    Plaintiff is being paid less than those similarly qualified and employees, whom Defendants do not regard as disabled, holding positions requiring similar skills, responsibilities and efforts.

113.    Defendant's violation is willful and deliberate. This violation has not been corrected,

17

even though Plaintiff brought it to his supervisor's attention.

114. Defendant's violation is a continuing violation. Defendants are equitably estopped from raising any limitations issues.

115. Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

116. Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C) $300,000 in pain and suffering, (D) Attorney's fees and costs,(E) punitive/liquidated damages and (f) any other relief this Court deems appropriate.

## COUNT VIII - RETALIATION

117. Plaintiff incorporates paragraphs 1-116 as if restated verbatim herein.

118. Plaintiff engaged in protected activity by complaining about his pay rate, the way he was being treated and obtaining a lawyer.

119. Defendants took an adverse action against him that "might well" dissuade a reasonable worker from making or supporting a charge of discrimination. At some point in 2005, prior to Mr. Johnson's filing an EEOC charge, Ms. Gaines told Plaintiff she would not help him because he got a lawyer. Ms. Gaines would not provide Plaintiff with close out assignments, Plaintiff did not receive a bonuses when other similarly situated employees received bonuses.

120. On July 8, 2002 Plaintiff sent a memo titled "Official Complaint of Unfair Employment

Practices and Hostile Work Environment" to Keith Dukes, Supervisor of General Accounting.

121.    Plaintiff's duties were reduced, and some of the duties he retained are being done redundantly by a newly hired consultant who is making substantially more than Plaintiff.

122.    A causal connection existed between Plaintiff's engaging in the protected activity and Defendants' adverse employment activity.

123.    Defendants' violation is a continuing violation.  Defendants are equitably estopped from raising any limitations issues.

124.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

125.    Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C)  $300,000 in pain and suffering, (D) Attorney's fees and costs,(E)  punitive/liquidated damages  and (f) any other relief this Court deems appropriate.

## COUNT IX HOSTILE WORK ENVIRONMENT BASED ON PERCEIVED OR ACTUAL DISABILITY

126.    Plaintiff incorporates paragraphs 1- 125 as if restated verbatim herein

127.    Plaintiff has a qualified disability.

128.    Plaintiff was subject to unwelcome harassment including but not limited to being ridiculed for being slow and sleeping at his desk, not being given important assignments,

19

and being made to work nights

129.    Defendants harassed Plaintiff because of his disability.

130.    The harassment affected a terms and conditions, conditions, or privilege of employment.

131.    Defendants knew or should have known of the harassment, but took no action to prevent it.

132.    Defendants' violation is a continuing violation.  Defendants are equitably estopped from raising any limitations issues.

133.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

134.    Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C)  $300,000 in pain and suffering, (D) Attorney's fees and costs,(E)  punitive/liquidated damages  and (f) any other relief this Court deems appropriate.

### COUNT X VIOLATION OF THE EQUAL PAY ACT

135.    Plaintiff incorporates paragraphs 1- 134 as if restated verbatim herein.

136.    Plaintiff brings this action pursuant to 29 U.S.C. § 206(b).  Defendants are considered employers under 29 U.S.C. §203.

137.    In December of 2000 Plaintiff was asked to move from his position in the  Cost Accounting area to his then newly created position as a Senior Accountant in the General Accounting area by the former Comptroller, Mr. Cannon.

138.    Defendant is an Employer within the meaning of 29 U.S.C. § 630(b)

139.    Prior to transferring out of his prior position Plaintiff was earning $44,000.

140.    As an incentive to move into the new position Plaintiff was promised a salary increase to $58,000.

141.    Plaintiff has never received the full promised pay increase.

142.    The position Plaintiff vacated was immediately filled by a younger female, who was paid $66,000. Although the new employee received a significantly higher salary, there was no change in the duties and responsibilities associated with the position wioth the same job description.  Upon information and belief, the new female replacement had equal or less skills and abilities than Plaintiff.  Upon information and belief, she did not have a degree, while Plaintiff had an associates degree in accounting.

143.    On August 2, 2001 Plaintiff brought his concerns about his promised pay increase to earl Keith Dukes, Supervisor in the General Accounting Office. Mr. Dukes directed Plaintiff to Mr. Earl Cabbell, who assured Plaintiff that he would be compensated at a rate commensurate with his experience and in line with his peers. Plaintiff relied to his detriment on Defendants' assurances that these pay inequities would be remedied.   To date Plaintiff has not been brought up to that promised level of pay.

144.    Defendants' conduct was willful or in the alternative unwillfully discriminate against the Plaintiff on the basis of his sex by paying the Plaintiff a lesser rate of pay than that paid to a female cost accountant performing the same or substantially similar job duties, which require equal skill, effort, and responsibility and under the same working conditions in the same establishment.

21

145.    Defendants pay disparity was based on sex and upon information and belief was not part of or occasioned by a seniority system, merit system based on quality or quantity of production, or upon a factor other than sex.

146.    Defendants' violation is a continuing violation.  Defendants are equitably estopped from raising any limitations issues.

147.    Plaintiff has suffered and continues to suffer irreparable harm with regard to the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

148.    Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C)  $300,000 in pain and suffering, (D) Attorney's fees and costs,(E)  punitive/liquidated damages  and (f) any other relief this Court deems appropriate.


Respectfully submitted:_____


_____ Paul Johnson Plaintiff


By:_____By:_____\S_____
Rebecca N. Strandberg
D.C. Bar No. 368528
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405A
Silver Spring, MD 20910
Tel. 240-247-0675

Fax 301-565-9339
firm@strandberglaw.net


By:_____ ~~Bernard M. Raiche D.C. Bar No. 460070 Rebecca N. Strandberg & Associates, P.A. 8607 Second Avenue, Suite 405 Silver Spring, MD 20910 Tel. 240-247-0675 Fax 301-565-9339 firm@strandberglaw.net~~


REQUEST FOR JURY TRIAL


Plaintiff requests a jury trial for all matters related to this complaint.


_____ Paul Johnson Plaintiff


~~By:~~_____ By:_____\S_____
Rebecca N. Strandberg
D.C. Bar No. 368528
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405A
Silver Spring, MD 20910
Tel. 240-247-0675
~~Fax 301-565-9339~~ firm@strandberglaw.net


~~By:~~_____ **CERTIFICATE OF SERVICE** ~~Bernard M. Raiche D.C. Bar No. 460070~~

I HEREBY CERTIFY this 6th day of September, 2007, that a copy of the foregoing Plaintiff Paul Johnson's Amended Complaint and Request for Trial by Jury was delivered by first class mail postage prepaid or ECF, to:

Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001


23

Counsel for Defendants

_____/S/_____
_____Rebecca N. Strandberg_____
_____Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405 Silver Spring, MD 20910 Tel. 240-247-0675 Fax 301-565-9339
firm@strandberglaw.net

_____