UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**PAUL JOHNSON,**                   )
                                    )
       **Plaintiff,**                )
                                    )   Civil No. 1:07-CV-01033 (JDB)
   **v.**                           )
                                    )
**DISTRICT OF COLUMBIA, et al.,**   )
                                    )
       **Defendants.**              )
_____ )

### DEFENDANTS DISTRICT OF COLUMBIA, MAYOR ADRIAN M. FENTY, AND BOARD OF TRUSTEES, UNIVERSITY OF THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS AMENDED COMPLAINT

Defendants District of Columbia, Mayor Adrian M. Fenty, and the Board of Trustees, University of the District of Columbia, by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12 (b) (6), hereby move to dismiss plaintiff's amended complaint herein. A Memorandum of Points and Authorities ("Memorandum") is attached hereto and incorporated herein. A proposed Order is also enclosed.

As stated more fully in the accompanying Memorandum, plaintiff fails to state a claim upon which relief may be granted. Plaintiff has not established that he is disabled under the Americans with Disabilities Act, 29 U.S.C. § 794 (d), and Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and does not set forth a *prima facie* case of disability discrimination. But even if plaintiff is disabled under these Acts and could establish viable claims, he has failed to exhaust administrative remedies as required under Title VII, and cannot establish a continuing violation.

In addition, plaintiff's claims against Mayor Fenty are precluded by vicarious liability doctrine.

The undersigned counsel was unable to obtain consent to the relief requested in this Motion from plaintiffs.

WHEREFORE, defendants request that judgment be entered in their favor and the subject complaint is dismissed.

Date: October 9, 2007

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON, #435163
Chief, General Litigation Sec. I

/s/Michelle Davy
MICHELLE DAVY, #454524
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608; (202) 727-3625 (fax)
E-Mail: michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 9th day of October, 2007, that a copy of the foregoing defendants District of Columbia, Mayor Adrian M. Fenty, and Board of Trustees, University of the District of Columbia's Motion to Dismiss Amended Complaint was delivered by first class mail postage prepaid or ECF, to:

Rebecca N. Strandberg
8607 Second Avenue, Suite 405A
Silver Spring, MD  20910

/s/Michelle Davy
Michelle Davy

Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
**PAUL JOHNSON,** )
)
      **Plaintiff,** )
)   **Civil No. 1:07-CV-01033 (JDB)**
    **v.** )
)
**DISTRICT OF COLUMBIA, et al.,** )
)
      **Defendants.** )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS DISTRICT OF COLUMBIA, MAYOR ADRIAN M. FENTY,
AND BOARD OF TRUSTEES, UNIVERSITY OF THE DISTRICT
OF COLUMBIA'S MOTION TO DISMISS AMENDED COMPLAINT**

     This Court should dismiss plaintiff's amended complaint against defendants District of Columbia, Mayor Adrian M. Fenty, and the Board of Trustees, University of the District of Columbia, for the following reasons:

1. The complaint fails to state a claim upon which relief may be granted. Plaintiff has not established that he is disabled under the Americans with Disabilities Act ("ADA"), 29 U.S.C. § 794 (d), and Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and does not set forth a *prima facie* case of disability discrimination. But even if plaintiff is disabled under these Acts and could establish viable claims, he has failed to exhaust administrative remedies as required under Title VII, and cannot establish a continuing violation.

2. Mayor Fenty is not vicariously liable.

As a result, judgment should be entered in favor of defendants and the complaint dismissed.

## I. FACTUAL BACKGROUND

Plaintiff contends that in December 2000 he was asked to move from his then position as an accountant, to another accountant position for which he would receive a pay raise from $44,000.00 to $58,000.00 per annum. Complaint at ¶¶ 10-12. Plaintiff changed positions as requested but the pay raise did not occur. Complaint at ¶ 13. In August 2001, plaintiff contacted management to complain. Complaint at ¶ 15. In June 2002, plaintiff's areas of responsibility were given to a co-worker. Complaint at ¶ 16. In July 2002, plaintiff wrote an internal letter of complaint. Complaint at ¶ 17. Over time, his duties were reduced. Complaint at ¶ 18. In October 2002, plaintiff wrote another internal letter of complaint. Complaint at ¶ 21. In October 2003, plaintiff's pay was substantially increased but still not to the amount originally promised, or equal to the level of compensation plaintiff believed his female, younger and non-disabled counterparts received. Complaint at ¶¶ 22-23. In July 2005, plaintiff finally filed a charge of discrimination with the U.S. EEOC. Complaint at ¶ 2.

On or about March 14, 2007, the EEOC issued plaintiff a right to sue letter. *Id*. On or about June 11, 2007, plaintiff brought the above-captioned matter against the defendants which contains 4 counts seeking: damages for pain and suffering in the amount of $300,000 per count (total $1.2 million), the full salary plaintiff believes he is entitled to, back pay, liquidated damages of 2 times back pay, punitive or liquidated damages generally, lost retirement benefits, and attorneys' fees and costs.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate where claims are not stated adequately, or are not supported by a showing of a set of facts consistent with the allegations in the complaint.

*Bell Atlantic v. Twombly,* 127 S.Ct. 1955 (2007), is illuminating on what the U.S. Supreme Court has recently said plaintiffs must plead in order to state a claim:

Factual allegations must be enough to raise a right to relief above the speculative level…. "[t]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legal cognizable right of action (citations omitted)…." *Id.* at 1964.

Rule 8(a) "contemplates the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it (citations omitted)." *Id.* at 1965, n. 3.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court (citations omitted).'" *Id.* at 1966.

"[I]n practice, a complaint…must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory (citations omitted)." *Id.* at 1969.

"[O]nce a claim has been stated adequately, it may be support by showing any set of facts consistent with the allegations in the complaint (citations omitted)." *Id.*

Under Fed. R. Civ. P. 12(b)(6), all allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Atkins v. Industrial Telecommunications Assn.*, 660 A.2d 885, 887 (1995). Assuming all of the allegations in the instant complaint are true, the Court should dismiss the complaint.

### III.  ARGUMENT

#### A. Plaintiff Fails to State a Claim

##### 1. Plaintiff Has Failed to Exhaust Administrative Remedies as Required Under Title VII, and Cannot Establish a Continuing Violation.

3

a. **Plaintiff Does Not Establish Disability under the ADA and Rehabilitation Act.**

The Americans with Disabilities Act ("ADA"), 29 U.S.C. § 794 (d), protects only those "qualified individuals with a disability" who, with or without reasonable accommodation, can perform the essential functions of the positions they hold. 42 U.S.C. § 12111(8); *Weigert v. Georgetown Univ.*, 120 F. Supp. 2d 1, 6 (D.D.C. 2000).

The complaint states that Plaintiff is blind in one eye and diabetic. Complaint at ¶ 5. These facts are poignant. However, the complaint fails to establish that Plaintiff is disabled under the ADA and Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. [1]

In relevant part, the ADA defines disability as "a physical or mental impairment that substantially limits one or more of [a person's] major life activities." 42 U.S.C. § 12102(2)(A), (C); *Weigert, supra*. According to the Equal Employment Opportunity Commission, "substantially limits" means: unable to perform a major life activity that the average person in the general population can perform; or significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity. 29 C.F.R. § 1630.2(j)(l)(i)-(ii) (2002); *Smith v. District of Columbia*, 271 F. Supp. 2d 165 (D.D.C. 2003).

29 C.F.R. § 1630.2(j)(2)(i)-(iii) (2002) instructs that the following be taken into consideration when assessing whether an impairment substantially limits a major life activity: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact, or the expected permanent or long-term

impact of or resulting from the impairment. The complaint does not sufficiently specify ways in which one or more of plaintiff's major life activities are limited as required.

Plaintiff's being blind in one eye and diabetic are not *per se* disabilities under the ADA. "Considering whether a person is disabled is an individualized inquiry. A mere diagnosis of a disease does not mean a person is disabled." *Smith, supra*, at 169.

In *Smith*, although plaintiff had diabetes, the court noted:

> "the Supreme Court has held that considering whether a person is disabled is an individualized inquiry, and a mere diagnosis of a disease does not mean a person is disabled. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 483-84, 144 L.Ed. 2d 450, 119 S.Ct. 2139 (1998). If this were the case, almost all diabetics would be considered disabled because if they did not test their blood and administer insulin, their condition would affect their major life activities. *Id*. Therefore, in order to be termed a disability, Smith's diabetes must be shown to have substantially limited her major life activities."

*Smith, supra,* at 169.

To establish a *prima facie* case of disability discrimination, Plaintiff Johnson must meet this burden. He fails to do so.

In order to proceed under a "perceived disability" theory (*see e.g.* Complaint at ¶¶ 94-103), Plaintiff must show that: (1) he was perceived to have a physical impairment and (2) the impairment was perceived to "substantially limit one or more of [his] major life activities." *Siragy v. Georgetown Univ.*, 1999 U.S. Dist. LEXIS 21021 (D.D.C. 1999).

Plaintiff has not shown that he was perceived to have a physical impairment. He states in the complaint that "Defendants knew Plaintiff was blind in one eye and was diabetic." Complaint at ¶ 95. He fails to establish, however, how Defendants would, in fact, have received notice that Plaintiff suffered from these conditions. These are not conditions that are necessarily

---

[1] The ADA and Rehabilitation Act identically define the term "disability." *Duncan v. Harvey*, 479 F. Supp. 2d 125 (D.D.C. 2007). The standards for determining a violation of the Rehabilitation Act are the same as those applied under the ADA. *LaCorte v. O'Neill*, 139 F. Supp. 2d 45 (D.D.C. 2001).

5

apparent to the naked eye. Moreover, Plaintiff has not asserted that he provided documentation from his physicians regarding his alleged conditions, describing related symptoms or behaviors and limitations on his work performance that might occur as a result. In sum, there is no evidence that Defendants were on notice that Plaintiff suffered from these conditions.

In addition, Plaintiff states Defendants regarded him as disabled because they knew he "would sometimes fall asleep at his desk." Complaint at ¶ 95. Plaintiff fails anywhere in the complaint to establish that his sleeping at work was the result of being blind in one eye or diabetic, or that Defendants regarded his being blind in one eye and diabetic as the cause of his practice of sleeping at work. Falling asleep at work on a regular basis is not *per se* evidence of a disability. There would be no reason for anyone to assume that Plaintiff's habit of falling asleep at work was a symptom or by-product of being blind in one eye or diabetic (assuming that management was aware that Plaintiff is blind in one eye and diabetic) absent medical documentation.

Plaintiff has not shown that his being blind in one eye and diabetic were perceived to "substantially limit one or more of [his] major life activities. In fact, Plaintiff stated that management gave him "the top score on evaluations in 2005" and "consistent…"exceeds expectation" evaluations…."" Complaint at ¶5 and 8. There is no evidence that Plaintiff was regarded as being restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes compared to the average person having comparable training, skills and abilities. The only jobs Plaintiff raises in the complaint are accounting positions similar to or identical to the job he now has. See e.g. Complaint at ¶ 10 and 14. His chief claim is his repeated assertion made throughout the Complaint that he is being underpaid.

6

To establish a *prima facie* case of disability discrimination under a theory of perceived disability, Plaintiff must make the required showing. He fails to do so.

**b. There Was No Retaliation in This Case.**

"[I]n order to establish a *prima facie* case of retaliation, plaintiff must demonstrate (1) that she engaged in protected activity and that (2) as a consequence (3) her employer took a materially adverse action against her." *Vance v. Chao*, 496 F. Supp. 2d 182 (D.D.C. 2007).

Plaintiff was not engaging in protected activity when he complained about his pay and alleged treatment, and obtained a lawyer. Complaint at ¶ 118. "Title VII prohibits an employer from discriminating because an employee "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. 42 U.S.C. § 2000e-3." *McIntyre v. Peters*, 460 F. Supp. 2d 125, 134 (D.D.C. 2006). "[N]ot every complaint garners…protection under Title VII." (*Broderick v. Donaldson*, 369 U.S. App. D.C. 374, 437 F.3d 1226, 1232 (D.C. Cir. 2006)). "As the D.C. Circuit has recently explained, "[w]hile no 'magic words' are required" to mark an exchange as protected activity, "the complaint must in some way allege unlawful discrimination…" (*Id.*; *see also Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1010 (8th Cir. 2005)). *McIntyre, supra*. In this case, Plaintiff's assertions were not linked to discrimination until 2005.

To demonstrate a *prima facie* case of retaliation, the plaintiff must establish that: (1) the plaintiff was engaged in a protected activity; (2) the employer took an adverse personnel action against her; and (3) there is a causal link between the adverse action and the protected activity. (*See Jones v. Washington Metropolitan Area Transit Authority*, 340 U.S. App. D.C. 320, 205 F.3d 428, 433 (D.C. Cir. 2000)). *Woodruff v. DiMario*, 164 F. Supp. 2d 1, 5-6 (D.D.C. 2001).

7

As stated, complaints about pay and the way Plaintiff was allegedly being treated, and his obtaining a lawyer were not protected activity.

In the retaliation context, an adverse action is an action that produces an injury or harm such that it "might well" dissuade a reasonable worker from making or supporting a charge of discrimination. *Vance, supra*. Plaintiff's assertions that his supervisor "would not help him" with his pay complaints do not constitute "injury or harm" as required.

Plaintiff evidently does not have direct evidence of causation. Plaintiff alleges that he failed to receive close out assignments in 2002. Complaint at ¶ 16. The undersigned counsel was unable to locate in the amended complaint the year or years in which Plaintiff claims to have failed to receive bonuses. "Because causation can be difficult to prove, a plaintiff may raise a presumption of causation by showing that the employer had knowledge of the protected activity and that the adverse action occurred soon thereafter. (*Mitchell v. Baldridge*, 245 U.S. App. D.C. 60, 759 F.2d 80, 86 (D.C. Cir. 1985)). As defendant correctly notes, a plaintiff wishing to rely on this presumption must allege that the protected activity and the adverse action occurred very close in time." *Vance, supra*. Plaintiff did not suffer any adverse actions.

To establish a causal link as required, Plaintiff must make a *prima facie* showing that the adverse actions would not have occurred "but for" his engaging in the protected activity. (*See Gregg v. Hay-Adams Hotel*, 942 F. Supp. 1, 8 (D.D.C. 1996)). *Woodruff, supra*, at 9. Plaintiff cannot do this because he was not engaging in protected activity, and did not suffer adverse actions. There was no retaliation in this case.

    **c.  Plaintiff Failed to Exhaust Administrative Remedies.**

As stated, the doctrine of equitable estoppel does not apply in this case.

8

Plaintiff does not establish a disability claim, and may not be able to establish *prima facie* cases of gender and age discrimination. Even if plaintiff could establish such claims, however, they would be barred because he has failed to exhaust administrative remedies as required.

It is axiomatic that plaintiff must exhaust his administrative remedies before filing suit under Title VII. *AMTRAK v. Morgan*, 536 U.S. 101, 128, 153 L. Ed. 2d 106, 122 S. Ct. 2061 (2002) ("We conclude that a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period -- 180 or 300 days -- set forth in 42 U.S.C. § 2000e-5(e)(1).")

With regard to the December 2000 alleged adverse action, the complaint reveals that plaintiff contacted management in some fashion (Complaint at ¶15), but he did not file a charge of discrimination [2] and, thus, did not exhaust his administrative remedies. This contact did not invoke plaintiff's administrative remedies. *Thrash v. Library of Cong.*, 2006 U.S. Dist. LEXIS 9988 (D.D.C. 2006)(citations omitted). As a result, any claims related to plaintiff's December 2000 position change are time barred. They may not be revived using the continuing violation theory (see discussion at c. below).

Concerning the June 2002 alleged adverse action, the complaint likewise states that plaintiff wrote subsequent letters to management (Complaint at ¶¶ 17 and 21). His attorney wrote one of the letters. *Id*. Yet, as before, plaintiff did not file a charge of discrimination, again failing to exhaust his administrative remedies. As a result, any claims related to plaintiff's June 2002 alleged reduction of duties are time barred. They cannot be resurrected using continuing violation doctrine (see discussion at c. below).

---

[2] The University of the District of Columbia also has an EEO policy for employees that plaintiff might have availed himself of to exhaust his administrative remedies.

9

Other than making assorted contacts with his management, from December 2000 when plaintiff changed positions, to June 2002 when he suffered the alleged adverse action of reduction of duties, plaintiff took no action, allowing more than 2 years to lapse. From June 2002, when plaintiff sustained the alleged reduction of duties, to July 2005, when plaintiff finally filed the instant EEO complaint, plaintiff again did nothing to exhaust his administrative remedies, allowing 3 years to lapse. Accordingly, plaintiff never availed himself of the administrative process regarding the December 2000 employment action, and did not begin to avail himself of his administrative remedies on the June 2002 employment action until July 2005. *Thrash, supra*, at 12 (citations omitted).

In this connection there is no basis for Plaintiff to invoke the doctrine of equitable estoppel. "Equitable estoppel in the statute of limitations context prevents a defendant from asserting untimeliness where the defendant has taken active steps to prevent the plaintiff from litigating in time…." *Cristwell v. Veneman*, 224 F. Supp. 2d 54, 58 (D.D.C. 2002). In this instance, Plaintiff sets forth no facts alleging Defendants' active steps to prevent him from litigating in time, and evidently cannot do so. Plaintiff's failure to timely act was fatal and his claims are barred. "Dismissal results when a plaintiff fails to exhaust administrative remedies."

**d. There is No Continuing Violation in this Case.**

As stated, plaintiff took no action on the December 2002 position change. There is no causal connection between that event and the June 2002 alleged reduction of duties. Those incidents occurred two years apart and according to the complaint there were no alleged adverse employment actions or acts of retaliation in between.[3]

---

[3] *Murfree-Fleming v. Billington*, 2007 U.S. Dist. LEXIS 51273 (D.D.C. 2007) states that an adverse action requires "a significant change in employment status, such as hiring, firing, failing to promote, *reassignment with significantly different responsibilities*, or a decision causing significant change in benefits." *Brown*, 199 F.3d at 456 (emphasis added). Absent a reduction in pay or benefits, *only* those actions creating "materially adverse consequences affecting the terms, conditions, or privileges of her

10

The continuing violation theory does not apply. The doctrine was historically applicable in instances where a claimant filed an administrative charge, thereby exhausting remedies on the subject employment action, and after the filing incidents took place that might constitute additional adverse actions or retaliation.

Under the continuing violation doctrine, claimant would not then have to exhaust administrative remedies by filing another charge for each successive incident, and those events would be joined in the original administrative complaint as "sufficiently related." *Keeley v. Small,* 391 F. Supp. 2d 30, 40 (D.D.C. 2005)(citing *Morgan, supra*, 536 U.S. at 105).

In *Morgan,* the U.S. Supreme Court largely rejected the continuing violation theory, holding that claimants must exhaust administrative remedies for each subsequent event complained of that occurs after they originally filed a charge and exhausted remedies. *Keeley, supra,* at 41 *(*citing *Morgan, supra,* 536 U.S. at 108 (citations omitted)).

*Morgan* establishes that the only exception to this rule is where a claimant alleges a hostile environment claim. "A charge alleging a hostile work environment claim … will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Id*., 536 U.S. at 128.

The complaint does not set forth facts that would establish a hostile environment theory. *Rattigan v. Gonzales*, 2007 U.S. Dist. LEXIS 39227, 54-56 (D.D.C. 2007) provides:

> "A hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful employment practice." *Morgan*, 536 U.S. at 117 (internal quotation marks omitted). The workplace becomes "hostile" for purposes of a Title VII claim only when it is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." … *Oncale v. Sundowner Offshore Servs., Inc*., 523 U.S. 75, 78, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998); *accord*

---

employment opportunities" amount to adverse actions. *Id.* at 457. "Purely subjective injuries, such as dissatisfaction with a reassignment . . . are not adverse actions." *Forkkio v. Powell*, 353 U.S. App. D.C. 301, 306 F.3d 1127, 1130-31 (D.C. Cir. 2002).

11

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986)). To make out a *prima facie* case of hostile work environment, plaintiff must also show that the harassment was based on plaintiff's membership in a protected class, and that his employer knew or should have known of the harassment and failed to take any remedial action. *See Davis v. Coastal Int'l Sec., Inc.*, 348 U.S. App. D.C. 375, 275 F.3d 1119, 1122-23 (D.C. Cir. 2000) (citing *Yeary v. Goodwill Industries- Knoxville*, 107 F.3d 443, 445 (6th Cir. 1997)); *see also Hussain v. Nicholson*, 369 U.S. App. D.C. 247, 435 F.3d 359, 366 (D.C. Cir. 2006). While a plaintiff is not required to plead a prima facie case of hostile work environment in the complaint, the alleged facts must be able to support such a claim. *See Sparrow*, 216 F.3d at 1114. In determining whether an environment is sufficiently hostile or abusive to support a claim, courts must look at "'all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Faragher*, 524 U.S. at 787-88 (1998) (quoting *Harris*, 510 U.S. at 23). "[N]ot all abusive behavior, even when it is motivated by discriminatory animus, is actionable." *Stewart*, 275 F.3d at 1133 (quoting *Barbour v. Browner*, 337 U.S. App. D.C. 50, 181 F.3d 1342, 1347-48 (D.C. Cir. 1999). The "conduct must be extreme to amount to a change in the terms and conditions of employment." *Faragher*, 524 U.S. at 788 (emphasis added). This standard is designed to be "sufficiently demanding to ensure that Title VII does not become a 'general civility code.'" *Id.* (quoting *Oncale*, 523 U.S. at 80).

The complaint indicates that plaintiff believes he suffered an adverse employment action in June 2002, which is causally linked to a change in his position that previously occurred in December 2000, and there was a pattern of other discrete incidents and treatment along the way after the 2000 event and before the June 2002 action, and thereafter before he filed his charge in 2005 that plaintiff found offensive (s*ee e.g*. Complaint at ¶¶ 19-20, 28, 30, 31, 32).

However, as stated, such events do not constitute adverse employment actions, and do not rise to the level of a hostile environment. Plaintiff has not demonstrated that he has a qualified disability under the ADA, that Defendants were aware that he was so impaired, or that the harassment he claims was connected an actual or perceived disability pursuant to the ADA.

When the continuing violation theory was in wide use, it would have applied only to claims arising after remedies are exhausted and an administrative complaint or charge was filed.

12

The doctrine would not have been used as a means to "grandfather in" claims occurring prior to the filing of the administrative claim that had never been acted upon. Plaintiff may not do this.

In sum, plaintiff never exhausted his administrative remedies for the December 2000 or June 2002 incidents, and there is no hostile environment claim or continuing violation. Under *Morgan*, since there is no hostile environment claim the continuing violation theory does not apply. Further, plaintiff's claims of discrimination may not be established. He cannot show the required *prima facie* elements, and his claims are time barred.

### B.  Mayor Fenty is Not Vicariously Liable.

Plaintiffs' complaint should be dismissed as to Mayor Fenty because be cannot be held vicariously liable under Title VII. *See e.g.*, *Russ v. Van Scoyoc Assocs.*, 59 F. Supp. 2d 20, 24 (D.D.C. 1999) (Title VII specifically prohibits acts of discrimination by an "employer," and makes a clear distinction between "persons" and "employers." 42 U.S.C. § 2000e-2(a)). "The Court of Appeals' holding in *Gary v. Long, supra*, [4] excluding individual liability from the definition of "employer" under Title VII, is applicable as well to the ADA's definition of "employer."" *Cooke-Seals v. District of Columbia*, 973 F. Supp. 184, 187 (D.D.C. 1997) [5]

---

[4] 313 U.S. App. D.C. 403, 59 F.3d 1391, 1399 (D.C. Cir.), *cert. denied*, 516 U.S. 1011, 133 L. Ed. 2d 493, 116 S. Ct. 569 (1995).

[5] Also, by analogy, under the doctrine of *respondeat superior* a supervisory official is not liable for the alleged torts of his subordinate employees, for which only the master (here, the District) is liable. *Robertson v. Sichel*, 127 U.S. 507 (1988). *See also Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

    The United States Court of Appeals for the District of Columbia Circuit has set forth this maxim, stating:

> **"... a superior officer is not subject to vicarious liability for the torts of his subordinates, whether at common law or under § 1983, because they are both servants of the same employer.... "**

*Carter v. Carlson*, 447 F.2d 358, 370, n. 39 (D.C. Cir. 1971), *rev'd on other grounds, sub nom District of Columbia v. Carter*, 409 U.S. 418 (1973). The court explained that,

> **"…of course, Carlson's master for this purpose is his employer, the District, and not the supervisory officers who are in fact his fellow employees."**

*Id.,* citing *Robertson v. Sichel, supra.*

13

WHEREFORE, for the reasons stated above, defendants request that judgment be entered in their favor and the subject complaint is dismissed.

Date:  October 9, 2007						Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON, #435163
Chief, General Litigation Sec. I

/s/Michelle Davy
MICHELLE DAVY, #454524
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-3625 (fax)
E-Mail: michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 9th day of October, 2007, that a copy of the foregoing District of Columbia, Mayor Adrian M. Fenty, and Board of Trustees, University of the District of Columbia's Memorandum of Points and Authorities in Support of Motion to Dismiss Amended Complaint was delivered by first class mail postage prepaid or ECF, to:

Rebecca N. Strandberg
8607 Second Avenue, Suite 405A
Silver Spring, MD  20910


/s/Michelle Davy
Michelle Davy
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**PAUL JOHNSON,**                   )
                                    )
       **Plaintiff,**        )
                                    )    **Civil No. 1:07-CV-01033 (JDB)**
    **v.**                         )
                                    )
**DISTRICT OF COLUMBIA, et al.,**   )
                                    )
       **Defendants.**       )
_____)

## ORDER

UPON CONSIDERATION of defendants District of Columbia, Mayor Adrian M. Fenty, and Board of Trustees, University of the District of Columbia's Motion to Dismiss Amended Complaint, supporting Memorandum of Points and Authorities, and the entire record herein, it is by the Court this _____ day of _____, 2007, hereby **ORDERED**

that the defendants District of Columbia, Mayor Adrian M. Fenty, and Board of Trustees, University of the District of Columbia's Motion to Dismiss Amended Complaint be, and hereby is **GRANTED**; and it is hereby **ORDERED**

that the plaintiffs' Complaint be, and hereby is **DISMISSED** with prejudice.

    **SO ORDERED**.

                                                                                             JUDGE

cc:
Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, D.C.  20001

Rebecca N. Strandberg
8607 Second Avenue, Suite 405A

Silver Spring, MD 20910

2