**UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| Paul Johnson, | ) |
|     Plaintiff | ) |
| v. | )    Civil Action No. **1:07-CV-01033 (JDB)** |
| District of Columbia, et al., | ) |
|     Defendants. | ) |

**PLAINTIFF PAUL JOHNSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Comes now Plaintiff Paul Johnson, by and through Counsel Rebecca N. Strandberg and Rebecca N. Strandberg & Associates, P.A. and hereby files his Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint and states as reasons the following:

**ARGUMENT**

**A. Defendants Apply the Incorrect Standard of Review in Arguing Their Motion to Dismiss**

Defendants incorrectly argue that Plaintiff must fulfill his *prima facie* burden within his complaint. Much of Defendant's Motion to Dismiss Amended Complaint, relies upon the argument that the standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is whether the complaint satisfies a *prima facie* burden.[1]

---

[1] "Plaintiff . . . does not set forth a *prima facie* case of disability discrimination." *Memorandum in Support of Motion to Dismiss Amended Complaint*, page 1;
"To establish a *prima facie* case of disability discrimination, Plaintiff Johnson must meet this burden. He

The D.C. Circuit does not apply the prima facie standard in granting or denying require a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

In its motion to dismiss, the defendant also argues that the complaint fails to make out a prima-facie case of discrimination and retaliation. *See* Mot. to Dis. at 5. Specifically, the defendant relies on cases that are no longer good law to argue that, "[t]o make a case of either discrimination or retaliation, the plaintiff is required to demonstrate, among other things, that an *adverse personnel action* took place." *Id.* (citing *231 *Mitchell v. Baldrige,* 759 F.2d 80, 84 (D.C.Cir.1985); *Douglas v. Pierce,* 707 F.Supp. 567 (D.D.C.1988)).

[6] **The D.C. Circuit has recently held, however, that a plaintiff is not required to set forth the prima-facie elements of a discrimination or retaliation case at the initial stage**. In *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111 (D.C.Cir.2000), the D.C. Circuit recognized that the *McDonnell Douglas* test for proving unlawful discrimination applies, and that the test's first prong places the burden of proof on the plaintiff to establish a prima-facie case of discrimination. **The Circuit cautioned that "None of this, however, has to be accomplished in the complaint itself**." *See id.* [FN1]

FN1. The Supreme Court explained the *McDonnell Douglas* framework in *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981):

First, the plaintiff has the burden of proving by the preponderance of the evidence a *prima facie* case of discrimination. Second, if the plaintiff succeeds in proving the *prima facie* case, the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.... The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.

As this court has recently held, "[t]hese D.C. Circuit cases serve as a stark reminder that a cornerstone of the Federal Rules of Civil Procedure, and Rule 8 in particular, was to establish a regime of notice pleading rather than one of fact pleading." *Woodruff v.*

---

fails to do so." *Memorandum in Support of Motion to Dismiss Amended Complaint*, §(A)(1)(a), page 5;

"To establish a *prima facie* case of disability discrimination under a theory for perceived disability, Plaintiff must make the required showing. He fails to do so." *Memorandum in Support of Motion to Dismiss Amended Complaint*, §(A)(1)(a), page 7;

"To establish a causal link as required, Plaintiff must make a *prima facie* showing that the adverse actions would not have occurred "but for" his engaging in protected activity." *Memorandum in Support of Motion to Dismiss Amended Complaint*, §(A)(1)(b), page 8.

> *DiMario,* 197 F.R.D. 191, 194 (D.D.C.2000) (Urbina, J.) (citing *Atchinson v. D.C.,* 73 F.3d 418, 421 (D.C.Cir.1996)). In this case, the complaint contains a short and plain statement that gives the defendant fair notice of the facts underlying his claims. The plaintiff, therefore, has met the minimum pleading requirements for his discrimination and retaliation claims. <u>Sanders v. Veneman</u>, 131 F. Supp.2d 225, *230 -231 (D.D.C., 2001). [Emphasis Added].

The posture of Defendants' Motion to Dismiss must be read in light of the fact that it applies the incorrect standard in many sections. This is not merely a semantical problem. Defendants' Motion to Dismiss reads more like a Motion for Summary Judgment; e.g. Defendant states "there is no evidence that Defendants were on notice that Plaintiff suffered from these conditions." *Memorandum in Support of Motion to Dismiss Amended Complaint*, §(A)(1)(c), page 9. Certainly questions of what evidence does or does not exist should be posed during or after discovery.

The proper standard of review was stated by the United States District Court in the District of Columbia in <u>Spelke v. Gonzales</u>, 2007 WL 2800388, *2 (D.D.C.) (D.D.C., 2007).

> Moreover, under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim will not be granted unless the complaint does not contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007), and there is no "reasonably founded hope" that the plaintiff can make a case. *Id.* at 1969 (quoting *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741 (1975)).

**B.    Plaintiff has Sufficiently Pled that he Was Discriminated Against Based Upon Actual or Perceived Disability Because Plaintiff's Diabetes and Monocular Vision Substantially Limited (or Perceived so by Defendants) A Number of Plaintiff's Major Life Activities Including Seeing.**

Defendants allege that Plaintiff fails to properly identify disabilities in his Amended Complaint, citing a four-part factual analysis under 29 C.F.R. §1630.2(j)(2)(i)-(iii) and arguing that Plaintiff fails to meet his *prima facie* burden. Defendants cite the incorrect standard for a

Motion to Dismiss under Fed. R. Civ. Proc. 12 (b)(6), see discussion *infra*.

Defendants also cite Smith v. District of Columbia, a case where the United States District Court for the District of Columbia considered a Motion for Summary Judgment under Fed. R. Civ. Proc. 56(c).  The standard required by a Plaintiff in a Motion for Summary Judgment is far higher, because presumably, discovery as been conducted and there exists a factual record before the Court.  For these reasons, Plaintiff respectfully submits that Smith is inapplicable to Defendants' current motion.  Defendants provide no authority in their Motion to Dismiss that identifies the specific necessary requirements for pleading disability discrimination and discrimination based upon perceived disability.

Plaintiff submits that he has included the necessary averments in the complaint under Sanders v. Veneman, to allege discrimination based on disability or on perceived disability prior to conducting any discovery.  131 F. Supp.2d 225, 230-231 (D.D.C., 2001).  Paragraph 5 of Plaintiff's Amended Complaint states:

> Plaintiff is blind in one eye, and has insulin-dependent diabetes.  Plaintiff's condition often causes him to fall asleep with little to no notice.  Plaintiff often falls asleep at his desk and sometimes in meetings, because of his diabetes. Plaintiff is still able to do his work and has received the top score on evaluations in 2005.  Plaintiff's ability to drive is substantially limited by this fact as well.  Additionally, Plaintiff's vision is strained by his diabetes, which is substantially limited by his only having vision in one eye.  This causes him to work slowly sometimes.  Further, diabetes effects Plaintiff's metabolism, which is a major life activity.

Plaintiff, among other disabilities, has identified his diabetes and monocular vision impairments that substantially limits his vision.

The United States Supreme Court has stated that in some instances monocular vision may be a disability:

> This is not to suggest that monocular individuals have an onerous burden in trying to show that they are disabled. On the contrary, our brief examination of some of the medical literature leaves us sharing the Government's judgment that people with monocular vision "ordinarily" will meet the Act's definition of disability, Brief for United States et al. as *Amici Curiae* 11, and we suppose that defendant companies will often not contest the issue. We simply hold that the Act requires monocular individuals, like others claiming the Act's protection, to prove a disability by offering evidence that the extent of the limitation in terms of their own experience, as in loss of depth perception and visual field, is substantial. Albertsons, Inc. v. Kirkingburg, 527 U.S. 555, *567 119 S.Ct. 2162 (1999).

Further, vision is a stated major life activity as stated in 29 C.F.R. §1630.2 (h)(2)(I): "Major Life Activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Defendants also contend that diabetes is not a *per se* disability. Plaintiff does not rely upon a *per se* disability, rather he has identified the impairment of diabetes and alleges that it substantially impairs the major life activity of seeing.

Defendants further argue that Plaintiff's averments that he was discriminated against based upon perceived disability should be dismissed because "there is no evidence that Defendants were on notice that Plaintiff suffered from these conditions" and that he 'has not shown that his being blind in one eye and diabetic were perceived to substantially limited one or more major life activities.'" *Memorandum in Support of Motion to Dismiss Amended Complaint*, §(A)(1)(b), page 8. Defendants' own language is further demonstration that they are attempting to impose a burden not prescribed by Fed. R. Civ. Proc. 12 (b)(6).

Plaintiff, upon conducting discovery and mounting his evidence, will meet his *prima facie* burden of demonstrating discrimination based on disability and perceived disability. However, he is not required to do so in his complaint.

**C.      Plaintiff has Sufficiently Pled that he Was Retaliated Against Because Defendants Denied Plaintiff Work Assignments After He Complained About Discrimination.**

Defendants begin their argument regarding retaliation with a recitation of the incorrect burden, a *prima facie* case, for a Motion to Dismiss under Rule 12(b)(6). Defendants further allege Plaintiff was not engaging in "protected activity". Defendants cite McIntyre v. Peters, to argue that Plaintiff's claim for retaliation should be dismissed because Plaintiff did not engage in protected activity. 460 F. Supp. 2d 125, 134 (D.D.C. 2006). In that case, the United States District Court for the District of the District of Columbia held that a retaliation claim could not survive summary judgment in part because the evidence on the record showed that the Plaintiff in that case had not engaged in "protected activity."

> In the present case, there is no evidence that plaintiff indicated to Hart that he attributed the Balderston promotion to race or age discrimination.
>
> ***
>
> Plaintiff offers no evidence that he complained of discrimination in this meeting or that he attributed Balderston's selection for the new position to any type of discrimination. With *no* factual support for the assertion in plaintiff's pleadings that he "questioned [d]efendant's favoritism of a white male," plaintiff has failed to demonstrate that he engaged in protected activity when he met with Hart in November 2002. Id.

Plaintiff's allegations in his Amended Complaint are quite different from the evidence in McIntyre. Paragraph 25 of the Amended Complaint states:

> On September 9, 2004, based on feedback he had received from the desk audit, Plaintiff wrote to Keith Dukes stating "It has been suggested that I am being ignored and discriminated against because of my age (63) and because of my gender and sexual orientation (heterosexual male) all of which, I am told, are protected classes under Title VII and the EEOC laws of the District of Columbia.... Moreover, I have been told that I am protected under the Americans with Disabilities Act, ..."

Plaintiff was clearly complaining specifically about discrimination, which is protected activity even under Defendants' authority. Defendants retaliated against Plaintiff by denying him assignments and bonuses. See Plaintiff's Amended Complaint, ¶ 19.

Defendants further argue that Plaintiff does not have sufficient evidence to establish his *prima facie* case for causation. This is an incorrect and unfair burden to impose on Plaintiff at the pleading stage of this litigation. Defendants have access to all of this information. Plaintiff does not. It is unfair for Defendants to argue that Plaintiff does not have the necessary evidence, before discovery is even conducted. Plaintiff's Amended Complaint is sufficient under Fed R. Civ. P. 8 and Sanders v. Veneman, 131 F. Supp.2d 225, 230 -231 (D.D.C., 2001). Ms. Gaines' statement that she could not help Plaintiff because he obtained a lawyer is demonstrative of Defendants' reaction against employees who complain about discrimination. See Amended Complaint ¶ 119.

**D.   Defendants' Repeated Statements That They Would Remedy Disparities in Pay Precludes Them From Arguing That Plaintiff's Claims Are Time Barred**

Defendants repeatedly made representations to Plaintiff promising that disparities in pay would be remedied. Defendants' statements and false assurances prevented Plaintiff from pursing administrative remedies, because he relied on those statements.

> On August 2, 2001 Plaintiff brought his concerns about his promised pay increase to earl Keith Dukes, Supervisor in the General Accounting Office. Mr. Dukes directed Plaintiff to Mr. Earl Cabbell, who assured Plaintiff that he would be compensated at a rate commensurate with his experience and in line with his peers. Plaintiff relied to his detriment on Defendants' assurances that these pay inequities would be remedied. To date Plaintiff has not been brought up to that promised level of pay. See Plaintiff's Amended Complaint ¶ 15.

After Defendants' active conduct prevented Plaintiff from timely pursuing his administrative remedies, they may not now argue Plaintiff's claim is time-barred. "Equitable estoppel in a statute of limitations context prevents a Defendant from asserting untimeliness where the Defendant has taken active steps to prevent the plaintiff from litigating in time." Cristwell v.

Veneman, 224 F. Supp. 2d 54, 58 (D.D.C. 2002).

**E.    Plaintiff is Not Suing Mayor Fenty in His Individual Capacity, But Rather As Chief Executive of The District of Columbia.**

The District of Columbia is Plaintiff's employer. Mayor Fenty is the Chief Executive of the District of Columbia and Plaintiff has named him in that capacity solely.

WHEREFORE, Plaintiff Paul Johnson respectfully requests that this Court DENY Defendants' Motion to Dismiss Amended Complaint

Respectfully submitted:

By:_____\S_____
Rebecca N. Strandberg
D.C. Bar No. 368528
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405A
Silver Spring, MD 20910
Tel. 240-247-0675
Fax 301-565-9339
firm@strandberglaw.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 22nd day of October, 2007, that a copy of the foregoing Plaintiff Paul Johnson's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint was delivered by ECF, to:

Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
Counsel for Defendants

_____/S/_____
Rebecca N. Strandberg

UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Paul Johnson, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. **1:07-CV-01033 (JDB)** |
| ) | |
| District of Columbia, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

UPON CONSIDERATION of Defendants' Motion to Dismiss Plaintiff's Opposition thereto and Plaintiff's Amended Complaint and Request or Trial by Jury, it is by the Court this

___ day of _____ 2007, hereby

**ORDERED** that, Defendants' Motion to Dismiss Amended Complaint is DENIED.


**SO ORDERED**                                                     _____
                                                                                        **JUDGE**

With Copies to:
Michelle Davy, Esq.                                 Rebecca N. Strandberg
Office of the Attorney General              Rebecca N. Strandberg & Associates
for the District of Columbia                   8607 Second Avenue, Suite 405A
Sixth Floor South                                    Silver Spring, MD 20910
441 4th Street, N.W.
Washington, D.C. 20001