UNITED STATES DISTRICT  COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| _____ ) | |
| Paul Johnson, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. **1:07-CV-01033 (JDB)** |
| ) | |
| District of Columbia, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFFS' MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR
LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT**

Comes now Plaintiff Paul Johnson by and through Counsel Rebecca N. Strandberg and

Rebecca N. Strandberg and Associates, P.A. pursuant to Fed. R. Civ. P. 15 and hereby files the

following Motion and Memorandum of Points and Authorities for Leave to File Plaintiff's

Second Amended Complaint and states as reasons the following:

1.      Plaintiff filed his original complaint on June 12, 2007 and his Amended Complaint

September 6, 2007 in response to Defendants' Motion to Dismiss.  On October 9, 2007,

Defendants' filed their Motion to Dismiss Amended Complaint.

2.      One of the arguments in Defendant's Motion to Dismiss is that Plaintiff failed to exhaust

administrative remedies within the appropriate time of the discriminatory conduct.  While

Plaintiff believes that Defendant is equitably estopped from making that argument based

on their intentional conduct, Plaintiff has pointed out to his Counsel that discriminatory

occurred within the appropriate time frame of his filing an EEOC charge.  See for

example, Second Amended Complaint paragraphs 27-29.

3.      Justice requires leave to amend be granted in this instance, because the facts in this case demonstrate that at least some of the conduct in question occurred within the appropriate time frame of Plaintiff's filing his EEOC charge.

4.      Pursuant to LCvR 4.5, Counsel for Plaintiff contacted Counsel for Defendants on Wednesday November 7, 2007 and Thursday, November 14, 2007 to obtain consent. Defendants' counsel has not yet replied.

Respectfully submitted:

By:_____\S_____
Rebecca N. Strandberg
D.C. Bar No. 368528
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405A
Silver Spring, MD 20910
Tel. 240-247-0675
Fax 301-565-9339
firm@strandberglaw.net

### LCvR 7(m) CERTIFICATE

Pursuant to LCvR 7(m) Plaintiff's counsel attempted to contacted Defendants' Counsel via email and telephone, and have not heard back from her as of the time of filing this Motion.

_____/S/_____
Rebecca N. Strandberg

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 6th day of September, 2007, that a copy of the foregoing Plaintiff's Motion and Memorandum of Points and Authorities for Leave to File Plaintiff's Second Amended Complaint was delivered by first class mail postage prepaid or ECF, to:

Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia

Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
Counsel for Defendants

_____/S/_____
Rebecca N. Strandberg
Rebecca N. Strandberg & Associates, P.A.

**UNITED STATES DISTRICT  COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |  |
|---|---|---|
| Paul Johnson, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. **1:07-CV-01033 (JDB)** |
| | ) | |
| District of Columbia, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion for Leave to Amend and any Opposition thereto, it is by the Court this _____day of _____, it is this 2007, hereby

**ORDERED** that, pursuant to Fed R. Civ. P. 15, Plaintiff's Motion for Leave to Amend is GRANTED; and be it further

**ORDERED** that, pursuant to LcvR 15.1, Plaintiff's Second Amended is deemed to have been filed on _____.


**SO ORDERED**                                    _____
                                                                            **JUDGE**

With Copies to:

Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001

Rebecca N. Strandberg
Rebecca N. Strandberg & Associates

4

8607 Second Avenue, Suite 405A
Silver Spring, MD 20910

**UNITED STATES DISTRICT  COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

_____

Paul Johnson,                                          )
                                                                )
                    Plaintiff                              )
                                                                )
v.                                                             )          Civil Action No. **1:07-CV-01033 (JDB)**
                                                                )
District of Columbia, et al.,                     )
                                                                )
                    Defendants.                       )
_____)

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Paul Johnson, by and through the undersigned Counsel, pursuant to Fed. R. Civ.

P. 15(a) hereby files this Amended Complaint and Request for Trial by Jury.  Plaintiff

incorporates his original complaint by reference herein.  A comparison with the original

complaint is attached as Exhibit A to this Amended Complaint.


1.        The court has jurisdiction over this lawsuit under 28 U.S.C.A. §§ 1343(a), and because

          the action arises under 42 U.S.C. § 2000e, 42 U.S.C. 12101 et. seq. ,  29 U.S.C. § 621 et.

          seq.  29 U.S.C. §§ 791 and 794 and  DC ST § 2-1403.16.

2.        Plaintiff has exhausted administrative remedies. On or about July 11, 2005 Plaintiff filed

          a charge of discrimination against defendant with the U.S. Equal Employment

          Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue

          letter which was issued on March 14, 2007, which is within 90 days of filing this

          complaint.

1

3.      Plaintiff is a male accountant in the Finance Office of the University of the District of Columbia.

4.      Plaintiff has been working for the University of the District of Columbia for more than 17 years.

5.      Plaintiff is blind in one eye, and has insulin-dependent diabetes.  Plaintiff's condition often causes him to fall asleep with little to no notice.  Plaintiff often falls asleep at his desk and sometimes in meetings, because of his diabetes. Plaintiff is still able to do his work and has received the top score on evaluations in 2005.  Plaintiff's ability to drive is substantially limited by this fact as well.  Additionally, Plaintiff's vision is strained by his diabetes, which is substantially limited by his only having vision in one eye.  This causes him to work slowly sometimes.  Further, diabetes effects Plaintiff's metabolism, which is a major life activity.

6.      Plaintiff is the oldest accountant working in the Finance Office of the University of the District of Columbia.

7.      Plaintiff's section reports to the Controller, LaShahn Gaines,  who is female.

8.      Plaintiff has consistently received "exceeds expectation" evaluations for his work at the Finance Office of the University of the District of Columbia.

9.      Even though Plaintiff has been working as an accountant at the Finance Office of the University of the District of Columbia longer than any other accountant, he is the lowest paid accountant in the office.

10.     In December of 2000 Plaintiff was asked to move from his position in the  Cost Accounting area to his then newly created position as a Senior Accountant in the General

2

Accounting area by the former Comptroller, Mr. Cannon.

11.    Prior to transferring out of his prior position Plaintiff was earning $44,000.

12.    As an incentive to move into the new position Plaintiff was promised a salary increase to $58,000

13.    Plaintiff has never received the full  promised pay increase.

14.    The position Plaintiff vacated was immediately filled by a younger female, who was paid $66,000. Although the new employee received a significantly higher salary, there was no change in the duties and responsibilities associated with the position which had the same job description.  Upon information and belief, the new female replacement had equal or less skills and abilities than Plaintiff.  Upon information and belief, she did not have a degree, while Plaintiff had an Associates degree in accounting.

15.    On August 2, 2001 Plaintiff brought his concerns about his promised pay increase to earl Keith Dukes, Supervisor in the General Accounting Office. Mr. Dukes directed Plaintiff to Mr. Earl Cabbell, who assured Plaintiff that he would be compensated at a rate commensurate with his experience and in line with his peers. Plaintiff relied to his detriment on Defendants' assurances that these pay inequities would be remedied.   To date Plaintiff has not been brought up to that promised level of pay.

16.    On June 26, 2002, during a department-wide staff meeting close out assignments were given to all of the other accountants in the department, except Plaintiff.  Plaintiff's area of responsibility was assigned to a consultant. When Plaintiff asked what his assignment would be he was told he was out of order.

17.    On July 8, 2002 Plaintiff sent a memo titled  "Official Complaint of Unfair Employment

3

Practices and Hostile Work Environment" to Keith Dukes, Supervisor of General Accounting.

18. Plaintiff's duties were reduced, and some of the duties he retained are being done redundantly by a newly hired consultant who is making substantially more than Plaintiff.

19. Key software has been removed from Plaintiff's computer so that his ability to complete departmental tasks is limited. When Plaintiff complained he was told to stay late and to use someone else's computer.

20. Plaintiff's computer developed a hardware problem and needed to be replaced. All of the other computers in the Department were replaced, even though they were not broken, before Plaintiff's was replaced.

21. On October 2, 2002 Plaintiff's then attorney Mose Lewis III wrote a letter to Earl Cabbell, Vice President of Finance and Administration at the University of the District of Columbia advising Mr. Cabbell of the unfair pay practices. Mr. Cabbell never replied to that letter.

22. On October 1, 2003, nearly three years after Plaintiff's transfer, Ms. Gaines signed a form 52 giving Plaintiff a Step Increase from ADM-510 7/1 to ADM-510 7/02 retroactive to 9/1/00. The authorized salary increase was from $45,667 to $47,429.  On information and belief this is substantially lower than is paid to Plaintiff's female counterparts.  As far as Plaintiff is aware, these increases were for everyone and did not remedy the pay inequities.  Further, Defendants never told Plaintiff that this would remedy the pay inequities.  Plaintiff continued to rely upon Defendants' assertions that this inequity would be remedied.  Defendants are equitably estopped from any statute of limitations.

4

This step increase still did not bring Plaintiff to the $58,000 pay increase he was promised.

23.    On that same day another personal action Form 52 was signed authorizing a step increase from ADM-510 7/02 to 7/06 and a salary of $54,477. This was an across the board salary increase to everyone in the Department.  As far as Plaintiff is aware, these increases were for everyone and did not remedy the pay inequities.  Further, Defendants never told Plaintiff that this would remedy the pay inequities.  This step increase still did not bring Plaintiff to the $58,000 pay increase he was promised.

24.    On May 21, 2004 Plaintiff was informed by Ms. Gaines that on May 10, 2004 a desk audit was to be performed. On May 24, 2004 Plaintiff received forms that were to be completed prior to the desk audit. He completed and returned those forms before the June 1, 2004 deadline.

25.    On September 9, 2004, based on feedback he had received from the desk audit,  Plaintiff wrote to Keith Dukes stating "It has been suggested that I am being ignored and discriminated against because of my age (63) and because of my gender and sexual orientation (heterosexual male) all of which, I am told, are protected classes under Title VII and the EEOC laws of the District of Columbia.... Moreover, I have been told that I am protected under the Americans with Disabilities Act, ..."

26.    Plaintiff was told he would be promoted to senior accountant in September, 2004 and that the Form 1.  On or about October 25, 2004, Mr. Johnson asked Human Resources about the status of the Form 1, and was told that it was approved on September 16, 2004 and forwarded to Ms. Gaines for her signature but had not been signed by her yet. Mr.

Johnson spoke with his supervisor Keith Dukes to see if he had any idea why it was taking so long, for the monetary adjustment. Mr. Dukes advised Mr. Johnson that Ms. Gains she was standing firm that Mr. Johnson's questioning her decision to exclude him from close out duty assignments during an earlier staff mini closeout meeting. She stated that she did not want Mr. Johnson as a member of her team. Mr. Dukes and Mr. Brown cautioned me that they had been approached by Gaines to document my productivity.

27. In a November of 2004 mini closeout meeting, with no signed Form 1, Mr. Johnson asked Ms. Gaines when was she planning to address his pay and title situation. She told him that he was 'out of order' and that she was going to write him up for 'disrupting her meeting'. Subsequent to that incident, Mr. Johnson's supervisor and other co-workers cautioned me that Ms. Gaines didn't want me on the team and was hopeful that if she humiliated me enough I would just retire.

28. On February 22, 2005 the Human Resource Department forwarded (first class mail) a Form 1 Personnel Action to Mr. Johnson's residence. The form was pre-printed with an approval date of 9/16/04, but was not signed by the CFO until 12/27/04. Mr. Johnson was told on or about February 25th that Ms. Gaines refused to sign the Form 1, and CFO Miles Mutnick only signed the Form 1 to resolve a budget issue that was impacting year end closing. The Form 1, Mr. Johnson received does not change his pay, only his title.

29. Plaintiff has still not been fully  paid for the time he has worked in his current position and with his increased duties.

30. Ms. Gaines and the Defendants have failed to take the steps necessary to ensure that Plaintiff is granted the pay increase he was promised, and to ensure that Plaintiff is given

equal pay for work requiring equal skills and equal responsibilities.

31.    Ms. Gaines constantly ridiculed Plaintiff about sleeping at his desk and working slowly.

32.    On information and belief Ms. Gaines has made negative comments to Plaintiff's co-workers alleging among other things that Plaintiff sleeps at his desk and that he works slowly.

33.    Ms. Gaines had degraded Plaintiff. She has excluded Plaintiff from close out assignments, has given awards and acknowledgments to other members of Plaintiff's team but excluded Plaintiff, and on information and belief has asked colleagues to document Plaintiff's alleged lack of timeliness, productivity, and whether or not he sleeps at his desk.

34.    Ms. Gaines made Plaintiff work some nights which created more problems for Plaintiff's vision.  Often the motion sensor lights would go off forcing Plaintiff to get up from his desk to trigger them.

35.    At some point in 2005 prior to his filing an EEOC charge, when Plaintiff complained to Ms. Gaines about payment, she told him she could not do anything for him because he had a lawyer.

## COUNT I - DISCRIMINATION IN PAY UNDER TITLE VII

36.    Plaintiff incorporates paragraphs 1-35 as if restated verbatim herein.

37.    Plaintiff brings this action under 42 U.S.C. § 2000e-2.

38.    Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the Act, namely male. (42 U.S.C. § 2000e-2(a)(1).

39.    Defendant is an employer within the meaning of Title VII (42 U.S.C. § 2000e(b).

40.    Plaintiff is an accountant employed by the University of the District of Columbia.

41.    The skills and efforts required to perform the duties of Plaintiff's position, and the responsibilities of his position, are equal to those required by similarly placed female employees who are receiving significantly higher pay.

42.    Defendant intentionally discriminated against plaintiff because of his sex in violation of Title VII by paying Plaintiff less than similarly placed females performing work requiring the same level of skills, responsibilities and efforts.

43.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered loss of pay and (2) Plaintiff suffered emotional distress and mental anguish.

44.    Defendant's violation is willful and deliberate. This violation has not been corrected, even though Plaintiff brought it to his supervisor's attention.

45.    Defendant's violation is a continuing violation. Defendants are equitably estopped from raising any limitations issues.

46.    Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5.

47.    For these reasons, Plaintiff asks for judgment against Defendant for (1) back pay, (2) lost retirement benefits, (3) liquidated damages of two times back pay, (4) $300,000 in pain and suffering, (5) an award of attorney fees and costs, (6) punitive/liquidated damages and (7) all other relief the court deems appropriate.

## COUNT II - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

48.    Plaintiff incorporates paragraphs 1-47 as if restated verbatim herein.

8

49.     Plaintiff is blind in one eye, and has insulin-dependent diabetes.  Plaintiff's condition
        often causes him to fall asleep with little to no notice.  Plaintiff often falls asleep at his
        desk and sometimes in meetings, because of his diabetes. Plaintiff is still able to do his
        work and has received the top score on evaluations in 2005.  Plaintiff's ability to drive is
        substantially limited by this fact as well.  Additionally, Plaintiff's vision is strained by his
        diabetes, which is substantially limited by his only having vision in one eye.  This causes
        him to work slowly sometimes.  Further, diabetes effects Plaintiff's metabolism, which is
        a major life activity.

50.     Plaintiff is an employee within the meaning of the ADA. (42 U.S.C. § 12111(4))

51.     Defendants are aware of Plaintiff's disability.

52.     Defendant's have violated the ADA by intentionally discriminating against plaintiff
        because of his disability. Defendant's discriminatory acts include paying him less than
        similarly situated employees who are not disabled, and degrading and humiliating him in
        front of his peers.(42 U.S.C. § 12112)

53.     Plaintiff suffered the following injuries as a direct and proximate result of defendant's
        conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and
        mental anguish due to his concerns about losing his job and not being able to support his
        family and in terms of not having the funds required to meet his family's needs.

54.     Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 12205.

55.     Defendant's actions are intentional and willful.

56.     Defendant's violations are continuing.   Defendants are equitably estopped from raising
        any limitations issues.

9

57.    For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff

the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, (4) $300,000 in

pain and suffering, (5) an award of attorney fees and costs, (6) punitive or liquidated

damages  and (7) other relief the court deems appropriate

## COUNT III - DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

58.    Plaintiff incorporates paragraphs 1-57 as if restated verbatim herein.

59.    Plaintiff is 66 years old, and is the oldest accountant working in the Finance Office of the

University of the District of Columbia.

60.    Defendant is an Employer within the meaning of 29 U.S.C. § 630(b).

61.    The skills and efforts required to perform the duties of Plaintiff's position, and the

responsibilities of his position, are equal to those required by similarly placed younger

employees who are receiving significantly higher pay.

62.    That Plaintiff is fully qualified for his position is shown by his performance evaluations.

63.    Prior to transferring out of his prior position Plaintiff was earning $44,000.

64.    As an incentive to move into the new position Plaintiff was promised a salary increase to

$58,000.

65.    Plaintiff has never received the full promised pay increase.

66.    The position Plaintiff vacated was immediately filled by a younger female, who was paid

$66,000. Although the new employee received a significantly higher salary, there was no

change in the duties and responsibilities associated with the position wioth the same job

description.  Upon information and belief, the new female replacement had equal or less

skills and abilities than Plaintiff.  Upon information and belief, she did not have a degree, while Plaintiff had an associates degree in accounting.

67.     Plaintiff is being paid less than those similarly qualified and younger employees holding positions requiring similar skills, responsibilities and efforts.

68.     Defendant's action is a violation of 29 U.S.C. § 623.

69.     Defendant's violation is willful and deliberate. This violation has not been corrected, even though Plaintiff brought it to his supervisor's attention.

70.     Defendant's violation is a continuing violation.   Defendants are equitably estopped from raising any limitations issues.

71.     Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

72.     For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, $300,000 in pain and suffering, (4) an award of attorney fees and costs, (5) punitive or liquidated damages, and (6) other relief the court deems appropriate. 29 U.S.C. § 626(b).

**COUNT IV - DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT**

73.     Plaintiff incorporates paragraphs 1-72 as if restated verbatim herein.

74.     This action is brought pursuant to the Rehabilitation Act of 1973 as amended, 29 U.S.C. §§ 791 and 794, and 28 U.S.C. §§ 1343(a)

75.     Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff

11

filed a charge of discrimination against defendant with the U.S. Equal Employment

Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue

letter which was issued on March 14, 2007, which is within 90 days of filing this

complaint.

76.     Plaintiff works as an accountant for the University of the District of Columbia, which

under information and belief is partially funded by federal grants.

77.     Plaintiff is blind in one eye, and has insulin-dependent diabetes.  Plaintiff's condition

often causes him to fall asleep with little to no notice.  Plaintiff often falls asleep at his

desk and sometimes in meetings, because of his diabetes. Plaintiff is still able to do his

work and has received the top score on evaluations in 2005.  Plaintiff's ability to drive is

substantially limited by this fact as well.  Additionally, Plaintiff's vision is strained by his

diabetes, which is substantially limited by his only having vision in one eye.  This causes

him to work slowly sometimes.  Further, diabetes effects Plaintiff's metabolism, which is

a major life activity.

78.     On information and belief Defendants were aware of Plaintiff's disabilities.

79.     Plaintiff is still able to perform all essential functions of his accounting position at the

University of the District of Columbia.

80.     That Plaintiff is fully qualified for his position is shown by his performance evaluations.

81.     Plaintiff is being paid less than those similarly qualified and non-disabled employees

holding positions requiring similar skills, responsibilities and efforts.

82.     Defendant's violation is willful and deliberate. This violation has not been corrected,

even though Plaintiff brought it to his supervisor's attention.

83.    Defendant's violation is a continuing violation.  Defendants are equitably estopped from raising any limitations issues.

84.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

85.    Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C)  $300,000 in pain and suffering, (D) Attorney's fees and costs,(E)  punitive/liquidated damages  and (f) any other relief this Court deems appropriate.

## COUNT V   DISCRIMINATION IN VIOLATION   DC HUMAN RIGHTS ACT

86.    Plaintiff incorporates paragraphs 1-85 as if restated verbatim herein.

87.    This action is brought pursuant to the D. C. Human Rights Statute, DC ST § 2-1403.16.

88.    Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff filed a charge of discrimination against defendant with the D. C. Office of Human Rights and  U.S. Equal Employment Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue letter which was issued on March 14, 2007, which is within 90 days of filing this complaint.

89.    Plaintiff works as an accountant for the University of the District of Columbia, which under information and belief is partially funded by federal grants.

90.    Plaintiff has been discriminated against as alleged above because of his age, disability and sex.

91.    That Plaintiff is fully qualified for his position is shown by his performance evaluations.

92.    Plaintiff is being paid less than those similarly qualified and non-disabled younger and female employees holding positions requiring similar skills, responsibilities and efforts.

93.    Defendant's violation is willful and deliberate. This violation has not been corrected, even though Plaintiff brought it to his supervisor's attention.

94.    Defendant's violation is a continuing violation. Defendants are equitably estopped from raising any limitations issues.

95.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

96.    Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C) $300,000 in pain and suffering, (D) Attorney's fees and costs,(E) punitive damages  and (f) any other relief this Court deems appropriate.

### COUNT VI - IN THE ALTERNATIVE - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT BASED ON PERCEIVED DISABILITY

97.    Plaintiff incorporates paragraphs 1-96 as if restated verbatim herein.

98.    Defendants regarded Plaintiff as disabled.  Defendants knew Plaintiff was blind in one eye and was diabetic.  Defendants knew Plaintiff would sometimes fall asleep at his desk.

99.    Defendants believed that Plaintiff's actual, non-limiting impairment substantially limited several major life activities.  Defendants believed and demonstrated to Plaintiff that he

was significantly restricted in the ability to perform either a class of jobs.

100.    Plaintiff is an employee within the meaning of the ADA. (42 U.S.C. § 12111(4))

101.    Defendant's have violated the ADA by intentionally discriminating against plaintiff

because of his perceived disability. Defendant's discriminatory acts include paying him

less than similarly situated employees who they do not perceive as disabled, and

degrading and humiliating him in front of his peers.(42 U.S.C. § 12112)

102.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's

conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and

mental anguish due to his concerns about losing his job and not being able to support his

family and in terms of not having the funds required to meet his family's needs.

103.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 12205.

104.    Defendant's actions are intentional and willful.

105.    Defendant's violations are continuing.  Defendants are equitably estopped from raising

any limitations issues.

106.    For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff

the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, (4) $300,000 in

pain and suffering, (5) an award of attorney fees and costs, (6) punitive or liquidated

damages  and (7) other relief the court deems appropriate

## COUNT VII - IN THE ALTERNATIVE - DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT BASED ON PERCEIVED DISABILITY

107.    Plaintiff incorporates paragraphs 1-106 as if restated verbatim herein.

108.    This action is brought pursuant to the Rehabilitation Act of 1973 as amended, 29 U.S.C.

15

§§ 791 and 794, and 28 U.S.C. §§ 1343(a)

109.  Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff

filed a charge of discrimination against defendant with the U.S. Equal Employment

Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue

letter which was issued on March 14, 2007, which is within 90 days of filing this

complaint.

110.  Plaintiff works as an accountant for the University of the District of Columbia, which

under information and belief is partially funded by federal grants.

111.  Defendants regarded Plaintiff as disabled.  Defendants knew Plaintiff was blind in one

eye and was diabetic.  Defendants knew Plaintiff would sometimes fall asleep at his desk.

112.  Defendants believed that Plaintiff's actual, non-limiting impairment substantially limited

several major life activities.  Defendants believed and demonstrated to Plaintiff that he

was significantly restricted in the ability to perform either a class of jobs

113.  Plaintiff is still able to perform all essential functions of his accounting position at the

University of the District of Columbia.

114.  That Plaintiff is fully qualified for his position is shown by his performance evaluations.

115.  Plaintiff is being paid less than those similarly qualified and employees, whom

Defendants do not regard as disabled, holding positions requiring similar skills,

responsibilities and efforts.

116.  Defendant's violation is willful and deliberate. This violation has not been corrected,

even though Plaintiff brought it to his supervisor's attention.

117.  Defendant's violation is a continuing violation.  Defendants are equitably estopped from

16

raising any limitations issues.

118.  Plaintiff suffered the following injuries as a direct and proximate result of defendant's

conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and

mental anguish due to his concerns about losing his job and not being able to support his

family and in terms of not having the funds required to meet his family's needs.

119.  Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost

wages, (B) Lost retirement benefits, (C) $300,000 in pain and suffering, (D) Attorney's

fees and costs,(E) punitive/liquidated damages and (f) any other relief this Court deems

appropriate.

## COUNT VIII - RETALIATION

120.  Plaintiff incorporates paragraphs 1-120 as if restated verbatim herein.

121.  Plaintiff engaged in protected activity by complaining about his pay rate, the way he was

being treated and obtaining a lawyer.

122.  Defendants took an adverse action against him that "might well" dissuade a reasonable

worker from making or supporting a charge of discrimination.  At some point in 2005,

prior to Mr. Johnson's filing an EEOC charge, Ms. Gaines told Plaintiff she would not

help him because he got a lawyer.  Ms. Gaines would not provide Plaintiff with close out

assignments, Plaintiff did not receive a bonuses when other similarly situated employees

received bonuses.

123.  On July 8, 2002 Plaintiff sent a memo titled  "Official Complaint of Unfair Employment

Practices and Hostile Work Environment" to Keith Dukes, Supervisor of General

Accounting.

124. Plaintiff's duties were reduced, and some of the duties he retained are being done redundantly by a newly hired consultant who is making substantially more than Plaintiff.

125. A causal connection existed between Plaintiff's engaging in the protected activity and Defendants' adverse employment activity.

126. Defendants' violation is a continuing violation. Defendants are equitably estopped from raising any limitations issues.

127. Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

128. Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C) $300,000 in pain and suffering, (D) Attorney's fees and costs,(E) punitive/liquidated damages and (f) any other relief this Court deems appropriate.


## COUNT IX HOSTILE WORK ENVIRONMENT BASED ON PERCEIVED OR ACTUAL DISABILITY

129. Plaintiff incorporates paragraphs 1- 128 as if restated verbatim herein

130. Plaintiff has a qualified disability.

131. Plaintiff was subject to unwelcome harassment including but not limited to being ridiculed for being slow and sleeping at his desk, not being given important assignments, and being made to work nights

132. Defendants harassed Plaintiff because of his disability.

18

133.    The harassment affected a terms and conditions, conditions, or privilege of employment.

134.    Defendants knew or should have known of the harassment, but took no action to prevent it.

135.    Defendants' violation is a continuing violation.  Defendants are equitably estopped from raising any limitations issues.

136.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

137.    Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C)  $300,000 in pain and suffering, (D) Attorney's fees and costs,(E)  punitive/liquidated damages  and (f) any other relief this Court deems appropriate.

## COUNT X VIOLATION OF THE EQUAL PAY ACT

138.    Plaintiff incorporates paragraphs 1- 137 as if restated verbatim herein.

139.    Plaintiff brings this action pursuant to 29 U.S.C. § 206(b).  Defendants are considered employers under 29 U.S.C. §203.

140.    In December of 2000 Plaintiff was asked to move from his position in the  Cost Accounting area to his then newly created position as a Senior Accountant in the General Accounting area by the former Comptroller, Mr. Cannon.

141.    Defendant is an Employer within the meaning of 29 U.S.C. § 630(b)

142.    Prior to transferring out of his prior position Plaintiff was earning $44,000.

143.  As an incentive to move into the new position Plaintiff was promised a salary increase to $58,000.

144.  Plaintiff has never received the full promised pay increase.

145.  The position Plaintiff vacated was immediately filled by a younger female, who was paid $66,000. Although the new employee received a significantly higher salary, there was no change in the duties and responsibilities associated with the position wioth the same job description.  Upon information and belief, the new female replacement had equal or less skills and abilities than Plaintiff.  Upon information and belief, she did not have a degree, while Plaintiff had an associates degree in accounting.

146.  On August 2, 2001 Plaintiff brought his concerns about his promised pay increase to earl Keith Dukes, Supervisor in the General Accounting Office. Mr. Dukes directed Plaintiff to Mr. Earl Cabbell, who assured Plaintiff that he would be compensated at a rate commensurate with his experience and in line with his peers. Plaintiff relied to his detriment on Defendants' assurances that these pay inequities would be remedied.   To date Plaintiff has not been brought up to that promised level of pay.

147.  Defendants' conduct was willful or in the alternative unwillfully discriminate against the Plaintiff on the basis of his sex by paying the Plaintiff a lesser rate of pay than that paid to a female cost accountant performing the same or substantially similar job duties, which require equal skill, effort, and responsibility and under the same working conditions in the same establishment.

148.  Defendants pay disparity was based on sex and upon information and belief was not part of or occasioned by a seniority system, merit system based on quality or quantity of

production, or upon a factor other than sex.

149.    Defendants' violation is a continuing violation.  Defendants are equitably estopped from

raising any limitations issues.

150.    Plaintiff has suffered and continues to suffer irreparable harm with regard to the

following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff

suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to

his concerns about losing his job and not being able to support his family and in terms of

not having the funds required to meet his family's needs.

151.    Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost

wages, (B) Lost retirement benefits, (C)  $300,000 in pain and suffering, (D) Attorney's

fees and costs,(E)  punitive/liquidated damages  and (f) any other relief this Court deems

appropriate.


Respectfully submitted:


By:_____\S_____
Rebecca N. Strandberg
D.C. Bar No. 368528
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405A
Silver Spring, MD 20910
Tel. 240-247-0675
Fax 301-565-9339
firm@strandberglaw.net

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial for all matters related to this complaint.

By:_____\S_____
Rebecca N. Strandberg
D.C. Bar No. 368528
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405A
Silver Spring, MD 20910
Tel. 240-247-0675
firm@strandberglaw.net


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 6th day of September, 2007, that a copy of the foregoing Plaintiff Paul Johnson's Amended Complaint and Request for Trial by Jury was delivered by first class mail postage prepaid or ECF, to:

Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
Counsel for Defendants

_____/S/_____
Rebecca N. Strandberg
Rebecca N. Strandberg & Associates, P.A.

WordPerfect Document Compare Summary

Original document:  U:\Clients\H-k\Johnson, Paul\pleadings filed\Amended Complaint.wpd
Revised document:  @PFDesktop\:MyComputer\U:\Clients\H-k\Johnson, Paul\draft pleadings\secondamendedcomplaintclient draft(1).doc
Deletions are shown with the following attributes and color:
    ~~Strikeout~~, Blue  RGB(0,0,255).
    Deleted text is shown as full text.
Insertions are shown with the following attributes and color:
    <u>Double Underline</u>, Redline, Red  RGB(255,0,0).

The document was marked with 53 Deletions, 212 Insertions, 0 Moves.

**UNITED STATES DISTRICT- COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Paul Johnson,                                  )
                                               )
                    Plaintiff                  )
                                               )
v.                                             )    Civil Action No. **1:07-CV-01033** **(JDB)**
                                               )
District of Columbia, et al.,                  )
                                               )
                    Defendants.                )
                                               )

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Paul Johnson, by and through the undersigned Counsel, pursuant to Fed. R. Civ.

P. 15(a) hereby files this Amended Complaint and Request for Trial by Jury. Plaintiff

incorporates his original complaint by reference herein. A comparison with the original

complaint is attached as Exhibit A to this Amended Complaint.

1. _____The court has jurisdiction over this lawsuit under 28 U.S.C.A. §§ 1343(a), and because

the action arises under 42 U.S.C. § 2000e, 42 U.S.C. 12101 et. seq. , 29 U.S.C. § 621 et.

seq. 29 U.S.C. §§ 791 and 794 and DC ST § 2-1403.16.

2. _____Plaintiff has exhausted administrative remedies. On or about July 11, 2005 Plaintiff filed

a charge of discrimination against defendant with the U.S. Equal Employment

Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue

letter which was issued on March 14, 2007, which is within 90 days of filing this

complaint.

3. _____Plaintiff is a male accountant in the Finance Office of the University of the District of

Columbia.

4. Plaintiff has been working for the University of the District of Columbia for more than 17 years.

5. Plaintiff is blind in one eye, and has insulin-dependent diabetes, that often manifests with neuropathy. Plaintiff's condition often causes him to fall asleep with little to no notice. Plaintiff often falls asleep at his desk and sometimes in meetings, because of his diabetes. Plaintiff is still able to do his work and has received the top score on evaluations in 2005. Plaintiff's ability to drive is substantially limited by this fact as well. Additionally, Plaintiff's vision is strained by his diabetes, which is substantially limited by his only having vision in one eye. This causes him to work slowly sometimes. Further, diabetes effects Plaintiff's metabolism and nervous system function, which is a major life activity.

6.

6. Plaintiff is the oldest accountant working in the Finance Office of the University of the District of Columbia.

7. Plaintiff's section reports to the Controller, LaShahn Gaines, who is female.

8. Plaintiff has consistently received "exceeds expectation" evaluations for his work at the Finance Office of the University of the District of Columbia.

9. Even though Plaintiff has been working as an accountant at the Finance Office of the University of the District of Columbia longer than any other accountant, he is the lowest paid accountant in the office.

10. In December of 2000 Plaintiff was asked to move from his position in the Cost Accounting area to his a then newly created position as a Senior Accountant in the General Accounting area by the former Comptroller, Mr. Cannon.

11.____Prior to transferring out of his prior position Plaintiff was earning $44,000.

12.____As an incentive to move into the new position Plaintiff was promised a salary increase to $58,000.

13.____Plaintiff has never received the full promised pay increase.

14.____The position Plaintiff vacated was immediately filled by a younger female, who was paid $66,000. Although the new employee received a significantly higher salary, there was no change in the duties and responsibilities associated with the position which had the same job description.  Upon information and belief, the new female replacement had equal or less skills and abilities than Plaintiff.  Upon information and belief, she did not have a degree, while Plaintiff had an Associates degree in accounting.

15.____On August 2, 2001 Plaintiff brought his concerns about his promised pay increase to earl Keith Dukes, Supervisor in the General Accounting Office. Mr. Dukes directed Plaintiff to Mr. Earl Cabbell, who assured Plaintiff that he would be compensated at a rate commensurate with his experience and in line with his peers. Plaintiff relied to his detriment on Defendants' assurances that these pay inequities would be remedied.   To date Plaintiff has not been brought up to that promised level of pay.

16.____On June 26, 2002, during a department-wide staff meeting close out assignments were given to all of the other accountants in the department, except Plaintiff.  Plaintiff's area of responsibility was assigned to a consultant. When Plaintiff asked what his assignment would be he was told he was out of order.

17.____On July 8, 2002 Plaintiff sent a memo titled  "Official Complaint of Unfair Employment Practices and Hostile Work Environment" to Keith Dukes, Supervisor of General Accounting.

18.＿＿＿Plaintiff's duties were reduced, and some of the duties he retained are being done

　　　　redundantly by a newly hired consultant who is making substantially more than Plaintiff.

19.＿＿＿Key software has been removed from Plaintiff's computer so that his ability to complete

　　　　departmental tasks is limited. When Plaintiff complained he was told to stay late and to

　　　　use someone else's computer.

20.＿＿＿Plaintiff's computer developed a hardware problem and needed to be replaced. All of the

　　　　other computers in the Department were replaced, even though they were not broken,

　　　　before Plaintiff's was replaced. ＿

~~21.~~＿＿＿On October 2, 2002 Plaintiff's then attorney Mose Lewis III wrote a letter to Earl

　　　　Cabbell, Vice President of Finance and Administration at the University of the District of

　　　　Columbia advising Mr. Cabbell of the unfair pay practices. Mr. Cabbell never replied to

　　　　that letter.  However, on November, 27 2002 Mr. Jerry L. Malone, General Counsel for

　　　　the DC Office of the CFO, replied to Mr. Lewis advising that UDC financial positions

　　　　are not covered by 8 DCMR and stressing that Mr. Johnson's employment at UDC was

　　　　"at-will".

22.　　　＿＿＿＿＿

~~22.~~———On October 1, 2003, nearly three years after Plaintiff's transfer, Ms. Gaines signed a

　　　　form 52 giving Plaintiff a Step Increase from ADM-510 7/1 to ADM-510 7/02

　　　　retroactive to 9/1/00. The authorized salary increase was from $45,667 to $47,429.  On

　　　　information and belief this is substantially lower than is paid to Plaintiff's female

　　　　counterparts.  As far as Plaintiff is aware, these increases were for everyone and did not

　　　　remedy the pay inequities.  Further, Defendants never told Plaintiff that this would

　　　　remedy the pay inequities.  Plaintiff continued to rely upon Defendants' assertions that

this inequity would be remedied.  Defendants are equitably estopped from any statute of limitations.   This step increase still did not bring Plaintiff to the $58,000 pay increase he was promised.

23.____On that same day another personal action Form 52 was signed authorizing a step increase from ADM-510 7/02 to 7/06 and a salary of $54,477. This was an across the board salary increase to everyone in the Department.  As far as Plaintiff is aware, these increases were for everyone and did not remedy the pay inequities.  Further, Defendants never told Plaintiff that this would remedy the pay inequities.  This step increase still did not bring Plaintiff to the $58,000 pay increase he was promised.  ——

24.____On May 21, 2004 Plaintiff was ~~informed~~reminded by e-mail from Ms. Gaines ~~that~~of the conversation she had with Mr. Dukes and Mr. Johnson on May 10, 2004 advising that a desk audit was to be performed by Nelson Madison of Dr, Ghandi's office.  She also wrote that she was "informed that at this time no pay grade adjustments can be made for any UDC OCFO staff even if warranted because there is a pending PERB decision regarding which non-union positions will go into the collective bargaining unit".  However, upon information and belief, members of the Budget Department under the UDC CFO got pay grade adjustments."

25.____On May 24, 2004 Plaintiff received forms that were to be completed prior to the desk audit. He completed and returned those forms before the June 1, 2004 deadline.

26.____On September 9, 2004, based on feedback he had received from the desk audit,  Plaintiff wrote to Keith Dukes stating "It has been suggested that I am being ignored and discriminated against because of my age (63) and because of my gender and sexual orientation (heterosexual male) all of which, I am told, are protected classes under Title

VII and the EEOC laws of the District of Columbia.... Moreover, I have been told that I am protected under the Americans with Disabilities Act, ..."

27.    Plaintiff was told he would be promoted to senior accountant in September, 2004 and that the Form 1 would be forthcoming.  On or about October 25, 2004, Mr. Johnson asked Human Resources about the status of the Form 1, and was told that it was approved on September 16, 2004 and forwarded to Ms. Gaines for her signature but had not been signed by her yet. Mr. Johnson spoke with his supervisor Keith Dukes to see if he had any idea why it was taking so long, for the monetary adjustment.  Mr. Dukes advised Mr. Johnson that Ms. Gains she was standing firm that Mr. Johnson's questioning her decision to exclude him from close out duty assignments during an earlier staff mini closeout meeting was insubordinate.  She stated that she did not want Mr. Johnson as a member of her team.  Mr. Dukes and Mr. Brown cautioned Mr. Johnson that they had been approached by Gaines to closely monitor and document his productivity.

28.    In a November of 2004 mini closeout meeting, with no signed Form 1, Mr. Johnson asked Ms. Gaines when was she planning to address his pay and title situation. She told him that he was 'out of order' and that she was going to write him up for 'disrupting her meeting'. Subsequent to that incident, Mr. Johnson's supervisor and other co-workers cautioned me that Ms. Gaines didn't want me on the team and was hopeful that if she humiliated me enough I would just retire.

29.    On February 22, 2005 the Human Resource Department forwarded (first class mail) a Form 1 Personnel Action to Mr. Johnson's residence.  The form was pre-printed with an approval date of 9/16/04, but was not signed by the CFO until 12/27/04.  Mr. Johnson was told on or about February 25th that Ms. Gaines refused to sign the Form 1, and CFO

Miles Mutnick only signed the Form 1 to resolve a budget issue that was impacting year end closing.  The Form 1, Mr. Johnson received does not change his pay, only his title.

30.____Plaintiff has still not been fully- paid for the time he has worked in his current position and with his increased duties.

31.____Ms. Gaines and the Defendants have failed to take the steps necessary to ensure that Plaintiff is granted the pay increase he was promised, and to ensure that Plaintiff is given equal pay for work requiring equal skills and equal responsibilities.

32.____Ms. Gaines constantly ridiculed Plaintiff about sleeping at his desk and working slowly. (Plaintiff has diabetic neuropathy and often has shooting pains in his feet that require him to have to walk until the discomfort subsides).

33.____On information and belief Ms. Gaines has made negative comments to Plaintiff's co-workers alleging among other things that Plaintiff sleeps at his desk and that he works slowly.

34.____Ms. Gaines had degraded Plaintiff. She has excluded Plaintiff from close out assignments, has given awards and acknowledgments to other members of Plaintiff's team but excluded Plaintiff, and on information and belief has asked colleagues to document Plaintiff's alleged lack of timeliness, productivity, and whether or not he sleeps at his desk.

35.____Ms. Gaines made Plaintiff work some nights which created more problems for Plaintiff's vision.  Often the motion sensor lights would go off forcing Plaintiff to get up from his desk to trigger them.–

36.____At some point in 2005 prior to his filing an EEOC charge, when Plaintiff complained to Ms. Gaines about payment, she told him she could not do anything for him because he

had a lawyer.

**COUNT I - DISCRIMINATION IN PAY UNDER TITLE VII**

37. _____Plaintiff incorporates paragraphs 1-3~~2~~6 as if restated verbatim herein.

38. _____Plaintiff brings this action under 42 U.S.C. § 2000e-2.

39. _____Plaintiff is an employee within the meaning of Title VII and belongs to a class protected

under the Act, namely male. (42 U.S.C. § 2000e-2(a)(1).

40. _____Defendant is an employer within the meaning of Title VII (42 U.S.C. § 2000e(b).

41. _____Plaintiff is an accountant employed by the University of the District of Columbia.

42. _____The skills and efforts required to perform the duties of Plaintiff's position, and the

responsibilities of his position, are equal to those required by similarly placed -female

employees who are receiving significantly higher pay.

43. _____Defendant intentionally discriminated against plaintiff because of his sex in violation of

Title VII by paying Plaintiff less than similarly placed females performing work

requiring the same level of skills, responsibilities and efforts.

44. _____Plaintiff suffered the following injuries as a direct and proximate result of defendant's

conduct: (1) Plaintiff suffered loss of pay; (2) Plaintiff suffered loss of matching

contributions in TIAA/CREF retirement plan; and (~~2~~3) Plaintiff suffered emotional

distress and mental anguish.

45. _____Defendant's violation is willful and deliberate. This violation has not been corrected,

even though Plaintiff brought it to his supervisor's attention via a Title VII complaint and

sought remedy through the EEO officer at UDC.-

46. _____Defendant's violation is a continuing violation. Defendants are equitably estopped from

raising any limitations issues.

47.____Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §
2000e-5.

48.____For these reasons, Plaintiff asks for judgment against Defendant for (1)  back pay, (2) lost
retirement benefits, (3)  liquidated damages of two times back pay, (4) $300,000 in pain
and suffering, (5) an award of  attorney fees and costs, (6) punitive/liquidated damages
and (7) all other relief the court deems appropriate.

**____COUNT II - VIOLATION OF THE
AMERICANS WITH DISABILITIES ACT**

49.____Plaintiff incorporates paragraphs 1-44̶8 as if restated verbatim herein.

50.____Plaintiff is blind in one eye, and has insulin-dependent diabetes that manifests with
neuropathy.  Plaintiff's condition often causes him to fall asleep with little to no notice.
Plaintiff often falls asleep at his desk and sometimes in meetings, because of his diabetes.
Plaintiff also has to walk out of meetings because of the foot pain caused by his diabetic
neuropathy.  Plaintiff is still able to do his work and has received the top score on
evaluations in 2005.  Plaintiff's ability to drive is substantially limited by this fact as
well.  Additionally, Plaintiff's vision is strained by his diabetes, which is substantially
limited by his only having vision in one eye.  This causes him to work slowly sometimes.
Further, diabetes effects Plaintiff's metabolism and nervous system function, which is̶are
a major life activity̶activities.

51.____Plaintiff is an employee within the meaning of the ADA. (42 U.S.C. § 12111(4))

52.____Defendants are aware of Plaintiff's disability.

53.____Defendant's have violated the ADA by intentionally discriminating against plaintiff
because of his disability. Defendant's discriminatory acts include paying him less than

similarly situated employees who are not disabled, and degrading and humiliating him in front of his peers.(42 U.S.C. § 12112)

54. _____Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered <u>loss of retirement benefits; and (3) Plaintiff suffered</u> emotional distress and mental anguish due to his concerns about losing his job and not being able to <u>provide health insurance for his family, specifically his wife who was seriously ill, and</u> support his family and in terms of not having the funds required to meet his family's needs.

55. _____Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 12205.

56. _____Defendant's actions are intentional and willful.

57. _____Defendant's violations are continuing.   Defendants are equitably estopped from raising any limitations issues.

58. _____For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, (4) $300,000 in pain and suffering, (5) an award of attorney fees and costs, (6) punitive or liquidated damages  and (7) other relief the court deems appropriate

## <u>COUNT III - DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT</u>

59. _____Plaintiff incorporates paragraphs 1-5<s>4</s><u>8</u> as if restated verbatim herein.

60. _____Plaintiff is 66 years old, and is the oldest accountant working in the Finance Office of the University of the District of Columbia.

61. _____Defendant is an Employer within the meaning of 29 U.S.C. § 630(b).

62. _____The skills and efforts required to perform the duties of Plaintiff's position, and the responsibilities of his position, are equal to those required by similarly placed younger

employees who are receiving significantly higher pay.

63.____That Plaintiff is fully qualified for his position is shown by his performance evaluations.

64.____Prior to transferring out of his prior position Plaintiff was earning $44,000.

65.____As an incentive to move into the new position Plaintiff was promised a salary increase to $58,000.

66.____Plaintiff has never received the full promised pay increase.

67.____The position Plaintiff vacated was immediately filled by a younger female, who was paid $66,000. Although the new employee received a significantly higher salary, there was no change in the duties and responsibilities associated with the position with the same job description.  Upon information and belief, the new female replacement had equal or less skills and abilities than Plaintiff.  Upon information and belief, she did not have a degree, while Plaintiff had an associates degree in accounting.

68.____Plaintiff is being paid less than those similarly qualified and younger employees holding positions requiring similar skills, responsibilities and efforts.

69.____Defendant's action is a violation of 29 U.S.C. § 623.

70.____Defendant's violation is willful and deliberate. This violation has not been corrected, even though Plaintiff brought it to his supervisor's attention via a Title VII complaint and sought remedy through the EEO officer at UDC.

71.____Defendant's violation is a continuing violation.   Defendants are equitably estopped from raising any limitations issues.

72.____Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job, loosing his families health

insurance benefits, and not being able to support his family and in terms of not having the funds required to meet his family's needs.

73. ____For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, $300,000 in pain and suffering, (4) an award of attorney fees and costs, (5) punitive or liquidated damages, and (6) other relief the court deems appropriate. 29 U.S.C. § 626(b).

## COUNT IV - DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT

74. ____Plaintiff incorporates paragraphs 1-6973 as if restated verbatim herein.

75. ____This action is brought pursuant to the Rehabilitation Act of 1973 as amended, 29 U.S.C. §§ 791 and 794, and 28 U.S.C. §§ 1343(a)

76. ____Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff filed a charge of discrimination against defendant with the U.S. Equal Employment Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue letter which was issued on March 14, 2007, which is within 90 days of filing this complaint.

77. ____Plaintiff works as an accountant for the University of the District of Columbia, which under information and belief is partially funded by federal grants.

78. ____Plaintiff is blind in one eye, and has insulin-dependent diabetes that often manifests with neuropathy.  Plaintiff's condition often causes him to fall asleep with little to no notice. Plaintiff often falls asleep at his desk and sometimes in meetings, because of his diabetes. Plaintiff is still able to do his work and has received the top score on evaluations in 2005. Plaintiff's ability to drive is substantially limited by this fact as well.  Additionally, Plaintiff's vision is strained by his diabetes, which is substantially limited by his only

having vision in one eye.  This causes him to work slowly sometimes.  Further, diabetes

effects Plaintiff's metabolism and nervous system function, which is a major life activity.

79. ____ On information and belief Defendants were aware of Plaintiff's disabilities.

80. ____ Plaintiff is still able to perform all essential functions of his accounting position at the

University of the District of Columbia.

81. ____ That Plaintiff is fully qualified for his position is shown by his performance evaluations.

82. ____ Plaintiff is being paid less than those similarly qualified and non-disabled employees

holding positions requiring similar skills, responsibilities and efforts.

83. ____ Defendant's violation is willful and deliberate. This violation has not been corrected,

even though Plaintiff brought it to his supervisor's attention via a Title VII complaint

and sought remedy through the EEO officer at UDC

84. ____ Defendant's violation is a continuing violation.  Defendants are equitably estopped from

raising any limitations issues.

85. ____ Plaintiff suffered the following injuries as a direct and proximate result of defendant's

conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and

mental anguish due to his concerns about losing his job and not being able to support his

family and in terms of not having the funds required to meet his family's needs.

86. ____ Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost

wages, (B) Lost retirement benefits, (C)  $300,000 in pain and suffering, (D) Attorney's

fees and costs,(E)  punitive/liquidated damages  and (f) any other relief this Court deems

appropriate.

**COUNT V   DISCRIMINATION IN VIOLATION   DC HUMAN RIGHTS ACT**

87. ____ Plaintiff incorporates paragraphs 1-8~~2~~6 as if restated verbatim herein.

88. ____ This action is brought pursuant to the D. C. Human Rights Statute, DC ST § 2-1403.16.

89. ____ Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff

filed a charge of discrimination against defendant with the D. C. Office of Human Rights

and  U.S. Equal Employment Opportunity Commission (Charge No. 100-2005-01500)

and was granted a right to sue letter which was issued on March 14, 2007, which is

within 90 days of filing this complaint.

90. ____ Plaintiff works as an accountant for the University of the District of Columbia, which

under information and belief is partially funded by federal grants.

91. ____ Plaintiff has been discriminated against as alleged above because of his age, disability

and sex.

92. ____ That Plaintiff is fully qualified for his position is shown by his performance evaluations.

93. ____ Plaintiff is being paid less than those similarly qualified and non-disabled younger and

female employees holding positions requiring similar skills, responsibilities and efforts.

94. ____ Defendant's violation is willful and deliberate. This violation has not been corrected,

even though Plaintiff brought it to his supervisor's attention via a Title VII complaint and

sought remedy through the EEO officer at UDC.

95. ____ Defendant's violation is a continuing violation.  Defendants are equitably estopped from

raising any limitations issues.

96. ____ Plaintiff suffered the following injuries as a direct and proximate result of defendant's

conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered loss of retirement

benefits, (3) Plaintiff suffered emotional distress and mental anguish due to his concerns

about losing his job and not being able to provide health insurance benefits to his family

and critically ill wife, and not being able to support his family and in terms of not having the funds required to meet his family's needs.

97.____Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C) -$300,000 in pain and suffering, (D) Attorney's fees and costs, (E) punitive damages and (f) any other relief this Court deems appropriate.

## COUNT VI - IN THE ALTERNATIVE - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT BASED ON PERCEIVED DISABILITY

98.____Plaintiff incorporates paragraphs 1-937 as if restated verbatim herein.

99.____Defendants regarded Plaintiff as disabled. Defendants knew Plaintiff was blind in one eye and was diabetic. Defendants knew Plaintiff would sometimes fall asleep at his desk.

100.____Defendants believed that Plaintiff's actual, non-limiting impairment substantially limited several major life activities. Defendants believed and demonstrated to Plaintiff that he was significantly restricted in the ability to perform either a class of jobs.

101.____Plaintiff is an employee within the meaning of the ADA. (42 U.S.C. § 12111(4))

102.____Defendant's have violated the ADA by intentionally discriminating against plaintiff because of his perceived disability. Defendant's discriminatory acts include paying him less than similarly situated employees who they do not perceive as disabled, and degrading and humiliating him in front of his peers.(42 U.S.C. § 12112)

103.____Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered loss of retirement benefits, (3) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to provide health insurance benefits for his famioy and his critically ill wife, and not being able to support his family and in terms of not

having the funds required to meet his family's needs.

104. ___Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 12205.

105. ___Defendant's actions are intentional and willful.

106. ___Defendant's violations are continuing.  Defendants are equitably estopped from raising

any limitations issues.

107. ___For these reasons, Plaintiff asks for judgment against defendant for (1) granting Plaintiff

the full salary he is entitled to, (2) back pay, (3) lost retirement benefits, (4) $300,000 in

pain and suffering, (5) an award of attorney fees and costs, (6) punitive or liquidated

damages  and (7) other relief the court deems appropriate

## COUNT VII - IN THE ALTERNATIVE - DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT BASED ON PERCEIVED DISABILITY

108. ___Plaintiff incorporates paragraphs 1-103<u>7</u> as if restated verbatim herein.

109. ___This action is brought pursuant to the Rehabilitation Act of 1973 as amended, 29 U.S.C.

§§ 791 and 794, and 28 U.S.C. §§ 1343(a)

110. ___Plaintiff has exhausted all administrative remedies. On or about July 11, 2005 Plaintiff

filed a charge of discrimination against defendant with the U.S. Equal Employment

Opportunity Commission (Charge No. 100-2005-01500) and was granted a right to sue

letter which was issued on March 14, 2007, which is within 90 days of filing this

complaint.

111. ___Plaintiff works as an accountant for the University of the District of Columbia, which

under information and belief is partially funded by federal grants.

112. ___Defendants regarded Plaintiff as disabled.  Defendants knew Plaintiff was blind in one

eye and was diabetic.  Defendants knew Plaintiff would sometimes fall asleep at his desk

<u>or in meetings and would sometimes have to walk out of meetings because of the pain in</u>

his feet due to diabetic neuropathy.

113.___Defendants believed that Plaintiff's actual, non-limiting impairment substantially limited several major life activities.  Defendants believed and demonstrated to Plaintiff that he was significantly restricted in the ability to perform either a class of jobs

114.___Plaintiff is still able to perform all essential functions of his accounting position at the University of the District of Columbia.

115.___That Plaintiff is fully qualified for his position is shown by his performance evaluations.

116.___Plaintiff is being paid less than those similarly qualified and employees, whom Defendants do not regard as disabled, holding positions requiring similar skills, responsibilities and efforts.

117.___Defendant's violation is willful and deliberate. This violation has not been corrected, even though Plaintiff brought it to his supervisor's attention.

114.___attention, via a Title VII complaint and sought remedy through the EEOC officer at UDC

118.___Defendant's violation is a continuing violation.  Defendants are equitably estopped from raising any limitations issues.

119.___Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having the funds required to meet his family's needs.

120.___Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C) $300,000 in pain and suffering, (D) Attorney's fees and costs, (E) punitive/liquidated damages and (f) any other relief this Court deems appropriate.

**COUNT VIII - RETALIATION**

121.    Plaintiff incorporates paragraphs 1-11620 as if restated verbatim herein.

122.    Plaintiff engaged in protected activity by complaining about his pay rate, the way he was being treated and obtaining a lawyer.

123.    Defendants took an adverse action against him that "might well" dissuade a reasonable worker from making or supporting a charge of discrimination.  At some point in 2005, prior to Mr. Johnson's filing an EEOC charge, Ms. Gaines told Plaintiff she would not help him because he got a lawyer.  Ms. Gaines would not provide Plaintiff with close out assignments, Plaintiff did not receive a bonuses when other similarly situated employees received bonuses.

124.    On July 8, 2002 Plaintiff sent a memo titled  "Official Complaint of Unfair Employment Practices and Hostile Work Environment" to Keith Dukes, Supervisor of General Accounting.

125.    Plaintiff's duties were reduced, and some of the duties he retained are being done redundantly by a newly hired consultant who is making substantially more than Plaintiff.

126.    A causal connection existed between Plaintiff's engaging in the protected activity and Defendants' adverse employment activity.

127.    Defendants' violation is a continuing violation.  Defendants are equitably estopped from raising any limitations issues.

128.    Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered loss of retirement benefits, (3) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to provide health insurance to his children and his

critically ill wife; and, to support his family and in terms of not having the funds required to meet his family's needs.

129.____Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost wages, (B) Lost retirement benefits, (C)  $300,000 in pain and suffering, (D) Attorney's fees and costs,(E)  punitive/liquidated damages  and (f) any other relief this Court deems appropriate.

## COUNT IX HOSTILE WORK ENVIRONMENT BASED ON PERCEIVED OR ACTUAL DISABILITY

130.____Plaintiff incorporates paragraphs 1- 1259 as if restated verbatim herein

131.____Plaintiff has a qualified disability.

132.____Plaintiff was subject to unwelcome harassment including but not limited to being ridiculed for being slow and sleeping at his desk, not being given important assignments, and being made to work nights

133.____Defendants harassed Plaintiff because of his disability.

134.____The harassment affected a terms and conditions, conditions, or privilege of employment.

135.____Defendants knew or should have known of the harassment, but took no action to prevent it.

136.____Defendants' violation is a continuing violation.  Defendants are equitably estopped from raising any limitations issues.

137.____Plaintiff suffered the following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff suffered a loss of pay, (2) Plaintiff suffered loss of retirement benefits, (3) Plaintiff suffered emotional distress and mental anguish due to his concerns about losing his job and not being able to support his family and in terms of not having

the funds required to meet his family's needs.

138.___Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost

wages, (B) Lost retirement benefits, (C) $300,000 in pain and suffering, (D) Attorney's

fees and costs,(E) punitive/liquidated damages and (f) any other relief this Court deems

appropriate.

## ~~COUNT X VIOLATION OF~~ THE EQUAL PAY ACT

139.___Plaintiff incorporates paragraphs 1- 134~~4~~8 as if restated verbatim herein.

140.___Plaintiff brings this action pursuant to 29 U.S.C. § 206(b). Defendants are considered

employers under 29 U.S.C. §203.

141.___In December of 2000 Plaintiff was asked to move from his position in the Cost

Accounting area to his then newly created position as a Senior Accountant in the General

Accounting area by the former Comptroller, Mr. Cannon.

142.___Defendant is an Employer within the meaning of 29 U.S.C. § 630(b)

143.___Prior to transferring out of his prior position Plaintiff was earning $44,000.

144.___As an incentive to move into the new position Plaintiff was promised a salary increase to

$58,000.

145.___Plaintiff has never received the full promised pay increase.

146.___The position Plaintiff vacated was immediately filled by a younger female, who was paid

$66,000. Although the new employee received a significantly higher salary, there was no

change in the duties and responsibilities associated with the position with the same job

description. Upon information and belief, the new female replacement had equal or less

skills and abilities than Plaintiff. Upon information and belief, she did not have a degree,

while Plaintiff had an associates degree in accounting.

147.___On August 2, 2001 Plaintiff brought his concerns about his promised pay increase to earl

Keith Dukes, Supervisor in the General Accounting Office. Mr. Dukes directed Plaintiff

to Mr. Earl Cabbell, who assured Plaintiff that he would be compensated at a rate

commensurate with his experience and in line with his peers. Plaintiff relied to his

detriment on Defendants' assurances that these pay inequities would be remedied.   To

date Plaintiff has not been brought up to that promised level of pay.

148.___Defendants' conduct was willful or in the alternative unwillfully discriminate against the

Plaintiff on the basis of his sex by paying the Plaintiff a lesser rate of pay than that paid

to a female cost accountant performing the same or substantially similar job duties,

which require equal skill, effort, and responsibility and under the same working

conditions in the same establishment.

149.___Defendants pay disparity was based on sex and upon information and belief was not part

of or occasioned by a seniority system, merit system based on quality or quantity of

production, or upon a factor other than sex.

150.___Defendants' violation is a continuing violation.  Defendants are equitably estopped from

raising any limitations issues.

151.___Plaintiff has suffered and continues to suffer irreparable harm with regard to the

following injuries as a direct and proximate result of defendant's conduct: (1) Plaintiff

suffered a loss of pay, (2) Plaintiff suffered loss of retirement benefits; (3) Plaintiff

suffered emotional distress and mental anguish due to his concerns about losing his job

and not being able to support his family and in terms of not having the funds required to

meet his family's needs.

152.___Wherefore, Plaintiff demands judgment against Defendants for the following: (A) Lost

wages, (B) Lost retirement benefits, (C) $300,000 in pain and suffering, (D) Attorney's

fees and costs,(E)  punitive/liquidated damages  and (f) any other relief this Court deems

appropriate.


Respectfully submitted:


By:_____\S_____
Rebecca N. Strandberg
D.C. Bar No. 368528
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405A
Silver Spring, MD 20910
Tel. 240-247-0675
Fax 301-565-9339
firm@strandberglaw.net

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial for all matters related to this complaint.


By:_____\S_____
Rebecca N. Strandberg
D.C. Bar No. 368528
Rebecca N. Strandberg & Associates, P.A.
8607 Second Avenue, Suite 405A
Silver Spring, MD 20910
Tel. 240-247-0675
firm@strandberglaw.net


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 6th day of September, 2007, that a copy of the foregoing
Plaintiff Paul Johnson's Amended Complaint and Request for Trial by Jury was delivered by
first class mail postage prepaid or ECF, to:

Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
Counsel for Defendants

_____/S/_____
Rebecca N. Strandberg
Rebecca N. Strandberg & Associates, P.A.