UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**PAUL JOHNSON,**                   )
                                    )
       **Plaintiff,**       )
                                    )   Civil No. 1:07-cv-01033 (JDB)
       **v.**              )
                                    )
**DISTRICT OF COLUMBIA, et al.,**   )
                                    )
       **Defendants.**      )
_____ )

**DEFENDANTS DISTRICT OF COLUMBIA, MAYOR ADRIAN M. FENTY,
AND BOARD OF TRUSTEES, UNIVERSITY OF THE DISTRICT
OF COLUMBIA'S REPLY TO OPPOSITION TO
<u>MOTION TO DISMISS SECOND AMENDED COMPLAINT</u>**

Defendants District of Columbia, Mayor Adrian M. Fenty, and the Board of Trustees, University of the District of Columbia, by and through the undersigned counsel, hereby reply to plaintiff's February 4, 2008 Opposition to defendants' Motion to Dismiss plaintiff's Second Amended Complaint herein.  Defendants incorporate by reference herein their Motion to Dismiss.

Defendants' Motion to Dismiss is completely meritorious and should prevail.  Plaintiff's complaint is without merit as a matter of law and should be promptly dismissed.

<u>**ARGUMENT**</u>

**A.  Plaintiff's Claims are Absolutely Time-Barred
<u>and this Court Does Not Have Jurisdiction.</u>**

The key issue at bar—from which plaintiff seeks to distract this Court's attention—is that each claim of this plaintiff is time-barred.  The Court does not, therefore, have jurisdiction of this complaint pursuant to Fed. R. Civ. P. 12 (b)(1).  The case must, therefore, be dismissed.

There is no basis for plaintiff to invoke the doctrine of equitable estoppel to excuse his failure for <u>five years</u> to exhaust his administrative remedies. "Equitable estoppel in the statute of limitations context prevents a defendant from asserting untimeliness where the defendant has taken active steps to prevent the plaintiff from litigating in time…." *Cristwell v. Veneman*, 224 F. Supp. 2d 54, 58 (D.D.C. 2002).

Indeed, plaintiff sets forth no facts alleging defendants' "<u>affirmative misconduct or misleading information regarding the filing deadline</u> (*id.*)(emphasis added)," and evidently cannot do so despite three successive amendments of his complaint. Plaintiff's failure to timely act, without excuse, was fatal and his claims are barred. "Dismissal results when a plaintiff fails to exhaust administrative remedies." *Thrash v. Library of Cong.*, 2006 U.S. Dist. LEXIS 9988 (D.D.C. 2006). Dismissal should be the result here.

In *Cristwell, supra*, the plaintiff did not allege any facts to show any wrongdoing by the agency and the Court did not find that equitable estoppel applied. In *Cristwell*, unlike the instant matter, plaintiff had contacted an EEO counselor, engaged in EEO counseling, and had been notified of his right to file a formal charge of discrimination and the deadline for doing so. Plaintiff failed to file his formal charge by the deadline, but did file his charge 10 days later. The Agency's final decision dismissing the administrative complaint issued and plaintiff Cristwell was given a deadline by which he could appeal the decision. He failed to appeal by the deadline, but did appeal 30 days later. *Id*. at 56. \

*Cristwell* does not support plaintiff in this case. Here, plaintiff failed to file an EEO charge until July 2005 although his difficulties began in 2000, when he began complaining to his employer that he was not being paid commensurately for his new position. And even though he had his own attorney, this plaintiff never sought EEO counseling, or engaged in the EEO process

2

at all until July 2005.  Plaintiff made oral complaints, submitted written complaints, and hired a lawyer.  As the plaintiff in *Creswell's* attempt to invoke equitable tolling doctrines failed, where he had delayed filing his claims only 10 and 30 days respectively, surely the arguments of this plaintiff, who <u>failed for nearly five years</u> to make any attempt to preserve his anti-discrimination rights, or to file any charge, must fail.

In *Cristwell, supra*, where the facts were far less egregious than those at bar—and plaintiff filed his claims a mere 10 and 30 days past the deadline—not <u>five years</u> later as the plaintiff did here—the court refused to apply equitable tolling or estoppel principles to relieve plaintiff from the harsh consequences of having missed the applicable deadlines.

Plaintiff now asks this Court for leniency and seeks to have the uncontrovertible facts of his failure to exhaust administrative remedies disregarded.  Even if defendants had told plaintiff they would rectify his concerns, which they did not, that is <u>not</u> the same thing as defendants committing "affirmative misconduct or misleading information regarding the filing deadline" as required for equitable tolling principles to apply.  *Cristwell, supra*.  These charges are out of time and not viable.  Accordingly, this case must be dismissed.

### B. <u>Plaintiff Has Failed to File a § 12-309 Notice with the Mayor as Required</u>.

In addition, plaintiff has indisputably failed to comply with the strict mandates of D.C. Code § 12-309, as required.

Plaintiff's purported June 6, 2007 § 12-309 notice had to be filed with the Mayor of the District of Columbia, and not with "defendants."  D.C. Code § 12-309.  The undersigned counsel has made a diligent search and cannot locate any such notice.  Plaintiff has not produced a copy of his proper notice and evidently cannot do so.  The required notice pursuant to § 12-309 has not been filed.

3

Plaintiff's notice was due "within six months after the injury or damage was sustained." *Id*. Plaintiff seems to concede that he did not timely file the notice, by asserting that the same equitable tolling principles under *Cristwell, supra*, should apply to his obligation to timely file his § 12-309 notice. Plaintiff's Opp. at 15. For the reasons stated above, equitable tolling principles do not apply in this case. The mandates of § 12-309 are strict and plaintiff did not comply as required. There is, therefore, no jurisdiction for plaintiff's claims under the District of Columbia Human Rights Act ("DCHRA"), and the complaint must be dismissed as to these claims.

### C. Plaintiff Fails to State a Claim as Required Under R. 12 (b)(6) and *Bell v. Twombly*.

Notwithstanding the above points, plaintiff patently fails to state a claim as required under Fed. R. Civ. P. 12 (b)(6), and the recent United States Supreme Court decision that defendants have relied on and which controls, *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007).

In *Twombly, supra*, just a few short months ago, the high Court clarified precisely what showing had to be made in this complaint. Plaintiff evidently cannot state a claim as *Twombly* requires. This is the apparent reason that plaintiff has, on three occasions, attempted to confound the Court's authority by successively amending his complaint in efforts to avoid the proper adjudication of his complaint, which is dismissal.

Contrary to his repeated assertions, plaintiff is, indeed, required by *Twombly*, to at least allege all elements of his discrimination claims. In other words, he must at least articulate his *prima facie* case:

"[I]n practice, a complaint…must contain either direct or inferential allegations respecting <u>all the material elements necessary to sustain recovery</u> under some viable legal theory (citations omitted) (emphasis added)." *Id*. at 1969.

4

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court (citations omitted).'" *Id*. at 1966.

Factual allegations must be enough to raise a right to relief above the speculative level…. "[t]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legal cognizable right of action (citations omitted)…." *Id*. at 1964.

Plaintiff has failed to make the necessary showing in three complaints, evidently because he is unable to do so. Plaintiff must allege facts that are "enough to raise a right to relief above the speculative level." Even assuming all of the allegations in the instant complaint are true, the facts alleged are insufficient as a matter of law to "raise a claims of entitlement to relief," and this Court should dismiss the complaint.

As stated in defendants' Motion, plaintiff has not alleged facts to show that one or more major life activity is substantially limited as required under the ADA to sufficiently allege disability discrimination pursuant to *Twombly, supra*. Since his impairments may not be seen with the naked eye, plaintiff fails to credibly allege that he was perceived to have a physical impairment. As also detailed in the Motion, plaintiff similarly fails to allege his claims of gender discrimination, age discrimination, and claim pursuant to the Equal Protection Act.

Plaintiff similarly fails to sufficiently allege retaliation by pleading the necessary elements. This very Court held, just months ago in both *Vance v. Chao*, 496 F. Supp. 2d 182 (D.D.C. 2007), and *Murfree-Fleming v. Billington*, 2007 U.S. Dist. LEXIS 51273 (D.D.C. 2007), that an indispensable element in a retaliation claim is the showing that plaintiff has suffered an "adverse personnel action." This requirement is axiomatic, and it is clearly immaterial whether the issue is being considered at the pre-answer dispositive motion stage, as here, or at the post

5

discovery dispositive motion stage as happened to be the stage that the issue came up in *Vance, supra*, and *Murfree-Fleming, supra*.

These cases precisely define, for this Court and the parties herein, the meaning of the term "adverse personnel action," and that definition governs here. "[A]n adverse action requires "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." "Absent a reduction in pay or benefits, only those actions creating "materially adverse consequences affecting the terms, conditions, or privileges of her employment opportunities" amount to adverse actions." *Murfree-Fleming, supra*.

Plaintiff has absolutely failed anywhere in the complaint to demonstrate that he has suffered any such action taken against him, because he apparently cannot do so. Plaintiff has complained that he has not been paid commensurate with a promise to pay him more when he took a new position, not a "significant change in employment status" or "reduction in pay or benefits" as required. He was hired for a new position, and is not alleging that he was fired or failed to be promoted. He was not reassigned; he accepted a new position. That position did not have significantly different responsibilities than he had before (Complaint, para 18), only "some" of his duties changed. There was no significant change in benefits. Thus, plaintiff's retaliation claims do not show the elements required and may not be maintained as a matter of law.

### D. **Mayor Fenty is Entitled to Dismissal in His Official Capacity**.

Finally, Mayor Fenty is entitled to dismissal from this action as a matter of law. There is no basis for any suit against an individual defendant in this case, as plaintiff concedes. A suit against Mayor Fenty in his official capacity is a suit against the District of Columbia. The Mayor is not a proper party in this lawsuit, and as to him, the complaint must be dismissed.

A suit against an employee of the District of Columbia in his official capacity must be treated as a suit against the District of Columbia.  Specifically, "…suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Will v. Michigan Dept . of State Police*, 491 U.S. 58, 71 (1989) (*citing Brandon v. Holt*, 468 U.S. 464 (1985)); *see e.g. Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (§ 1983 action against government official in official capacity is simply "another way of pleading an action against an entity of which an officer is an agent.").

Thus, this suit against Mayor Fenty in his official capacity must be treated as if it were a suit against the District of Columbia itself.  *Kentucky v. Graham, supra*; *see also Atchinson v. District of Columbia*, 315 U.S. App. D.C. 318, 73 F.3d 418, 424 (D.C. Cir. 1996).  *Johnson v. Williams*, 2006 U.S. Dist. LEXIS 68966, 2-3 (D.D.C. 2006).  Plaintiff cannot recover against Mayor Fenty in his official capacity as a matter of law, and in that regard the complaint must be dismissed.

In sum, the issues in this case are purely legal and should be decided currently.  Although plaintiff strives mightily, as a matter of law none of his claims are viable.  The subject complaint should be dismissed.

WHEREFORE, defendants request that judgment be entered in their favor and the subject complaint be dismissed with prejudice.

Date:  February 14, 2008            Respectfully submitted,

                                    PETER NICKLES
                                    Interim Attorney General for the District of Columbia

                                    GEORGE C. VALENTINE
                                    Deputy Attorney General
                                    Civil Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON, #435163
Chief, General Litigation Sec. I

/s/Michelle Davy
MICHELLE DAVY, #454524
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608; (202) 727-3625 (fax)
E-Mail: michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 14th day of February, 2008, that a copy of the foregoing defendants District of Columbia, Mayor Adrian M. Fenty, and Board of Trustees, University of the District of Columbia's Reply to Opposition to Motion to Dismiss Second Amended Complaint was delivered by first class mail postage prepaid or ECF, to:

Rebecca N. Strandberg
8607 Second Avenue, Suite 405A
Silver Spring, MD  20910

/s/Michelle Davy
Michelle Davy
Assistant Attorney General