# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PAUL JOHNSON,

      Plaintiff,

      v.                           Civil Action No.  07-1033 (JDB)

DISTRICT OF COLUMBIA, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

In this discrimination action brought pursuant to federal anti-discrimination laws, defendants initially moved to dismiss several claims on the ground that plaintiff had failed to timely exhaust his administrative remedies.  The Court agreed, relying in part on  Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618 (2007), and hence dismissed those claims as to which plaintiff had failed to meet the timely exhaustion requirement.  See Johnson v. District of Columbia, 572 F. Supp. 2d 94, 102-04 (D.D.C. 2008).  Plaintiff has moved for reconsideration of that decision following enactment of the Lilly Ledbetter Fair Pay Act of 2009 ("Fair Pay Act"), Pub. L. No. 111-2, 123 Stat. 5 (Jan. 29, 2009), requesting reinstatement of his Title VII gender discrimination claim (Count One) and the dismissed portions of his disability discrimination and retaliation claims (Counts Two, Four, Six, Seven, and Eight).[1]

Through the Fair Pay Act, Congress intended to reverse the effect of the Supreme Court's decision in Ledbetter, which Congress found to "undermine[] those statutory protections [against discrimination] by unduly restricting the time period in which victims of discrimination can

---

[1] Plaintiff does not seek reconsideration of the dismissal of Count Three (age discrimination), Count Five (D.C. Human Rights Act), or Count Nine (hostile work environment).  See Pl.'s Mem. at 4.  Plaintiff's filing is ambiguous as to Count Eight concerning retaliation.  His motion and proposed order do not refer to reinstatement of Count Eight, but his memorandum identifies it as encompassed by his request for reconsideration.  Id.

challenge and recover for discriminatory compensation decisions or other practices, contrary to

the intent of Congress."  Fair Pay Act § 2(1).  The operative provision of the Fair Pay Act is

section 3, which addresses the <u>Ledbetter</u> time restriction on discriminatory compensation claims

under Title VII by deeming each payment resulting from a discriminatory compensation decision

to be an "unlawful employment practice" and by allowing an aggrieved person to recover back

pay for up to two years preceding the filing of the charge.  In relevant part, section 3 amends 42

U.S.C. § 2000e-5(e) to provide that:

> (3)(A) For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this title, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or *when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.*

> (B) . . . [L]iability may accrue, and an aggrieved person may obtain relief . . . , including recovery of back pay for up to two years preceding the filing of the charge, where the unlawful employment practices that have occurred during the charge filing period are similar or related to unlawful employment practices with regard to discrimination in compensation that occurred outside the time for filing a charge.

<u>Id.</u> § 3 (emphasis added).  In other words, each paycheck resulting from the original

"discriminatory compensation decision or other practice" triggers a new filing period, in effect

reviving a claim that otherwise would have been time-barred because of a failure to exhaust

administrative remedies within 180 days of the original discriminatory compensation decision or

practice.  See <u>Reed v. Kucera</u>, No. 4:08CV3132, 2009 WL 1451568, at *2 (D. Neb. May 20,

2009) ("the [Fair Pay] Act effectively nullified the <u>Ledbetter</u> decision, in which the Supreme

Court had held that 'a new Title VII violation does not occur and a new charging period is not

triggered when an employer issues paychecks pursuant to a system that is facially

nondiscriminatory and neutrally applied'") (citations omitted).

Congress further provided that the section 3 amendment applies to claims of "discrimination in compensation" brought under title I and section 503 of the Americans with Disabilities Act of 1990 ("ADA") and sections 501 and 504 of the Rehabilitation Act.  See Fair Pay Act § 5.  The amendments are retroactive to May 28, 2007 and "apply to all claims of discrimination in compensation under title VII . . . , title I and section 503 of the [ADA], and sections 501 and 504 of the Rehabilitation Act of 1973, that are pending on or after that date." Fair Pay Act § 6.

Here, the second amended complaint clearly alleges that defendants have violated Title VII, the ADA, and the Rehabilitation Act by paying him less than similarly situated females and similarly situated non-disabled employees -- that is, a "discriminatory compensation . . . practice" within the meaning of the Fair Pay Act.  Hence, there can be no dispute that, under the Fair Pay Act, plaintiff may seek relief under those federal laws notwithstanding the fact that, by his own account, the alleged discriminatory pay practice began years before he filed a charge of discrimination with the EEOC on July 11, 2005.  Defendants attempt to avoid the impact of the Fair Pay Act by characterizing the alleged discriminatory compensation practices that occurred during the charge-filing period as unrelated to the pre-2005 events. See Defs.' Opp'n at 3-4. However, a fair reading of the complaint -- summarized in the Court's earlier decision -- shows that the allegations of discriminatory compensation in 2005 are related to plaintiff's earlier claims of discriminatory compensation.  See 572 F. Supp. 2d at 99-101; Second Am. Compl. ¶¶ 14-15, 21-28 (alleging plaintiff raised the issue of discriminatory pay inequity in relation to his qualifications and seniority in August 2001, October 2002, September 2004, and November 2004, and also received a form effectively denying a pay raise on February 22, 2005).  Hence, plaintiff is entitled to pursue his discriminatory compensation claims under Title VII (Count One)

and the ADA and Rehabilitation Act (Counts Two, Four, Six, and Seven), subject to the limitations on relief set forth in section 3 of the Fair Pay Act.[2]   Recognizing the two-year limitation on back pay for these claims, plaintiff acknowledges that he will be allowed to seek back pay only as far back as July 11, 2003, related to the unlawful acts alleged in ¶¶ 23-27 of the Second Amended Complaint.  See Pl.'s Mem. at 8 & Proposed Order.

Plaintiff also seeks reinstatement of the dismissed portion of his retaliation claim (Count VIII).  See Pl.'s Mem. at 4.  However, section 3, on its face, does not address retaliation actions; it is expressly limited to a "discriminatory compensation decision or other practice."  Fair Pay Act § 3.  This is reiterated in section 5, which makes section 3 applicable only to "claims of discrimination in compensation" under the ADA and Rehabilitation Act.  Therefore, the Court will deny plaintiff's request to reinstate Count Eight.

To avoid any confusion, the Court sets forth this summary of the claims that plaintiff may pursue after this ruling:

-- Count One: discriminatory compensation claim based on gender under Title VII, for back pay dating back to July 11, 2003;

-- Counts Two, Four, Six and Seven: discriminatory compensation claims based on actual or perceived disability under the ADA and Rehabilitation Act, for back pay dating back to July 11, 2003;

-- Count Eight: retaliation claims concerning Gaines' refusal to provide assistance to Johnson in 2005; and

---

[2]  Counts Two and Six refer to defendants' alleged actions "degrading and humiliating him in front of his peers" as separate violations of law, distinct from discriminatory compensation.  See, e.g., Second Am. Compl. ¶¶ 52, 101.  Those claims remain dismissed because "degrading and humiliating" actions are plainly not a "compensation" practice covered by section 3 of the Fair Pay Act.

-- Count Ten: discriminatory compensation claim based on gender under the

Equal Pay Act.

Accordingly, it is hereby **ORDERED** that plaintiff's motion for reconsideration is

**GRANTED IN PART AND DENIED IN PART**; it is further

**ORDERED** that Counts One, Two, Four, Six, and Seven of the Second Amended

Complaint are reinstated against defendants as described in this Order; it is further

**ORDERED** that the resolution of the other claims in the August 21, 2008 Memorandum

Opinion and Order remains unchanged (see 572 F. Supp. 2d at 104-12); it is further

**ORDERED** that defendants shall file an amended answer responding to the reinstated

claims by not later than July 23, 2009; and it is further

**ORDERED** that the status hearing scheduled for July 24, 2009, at 9:00 a.m. will remain

on the Court's calendar.

**SO ORDERED**.

_____/s/_____
JOHN D. BATES
United States District Judge

Date:   July 14, 2009